FILED

2012 DEC -5  P 3: 58

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1 | MORGAN, LEWIS & BOCKIUS LLP
GEORGE A. STOHNER, State Bar No. 214508
2 | gstohner@morganlewis.com
JOHN S. BATTENFELD, State Bar No. 119513
3 | jbattenfeld@morganlewis.com
300 South Grand Avenue
4 | Twenty-Second Floor
Los Angeles, CA  90071-3132
5 | Tel:  213.612.2500
Fax:  213.612.2501
6 |
MORGAN, LEWIS & BOCKIUS, LLP
7 | REBECCA EISEN, SBN 96129
reisen@morganlewis.com
8 | THERESA MAK, SBN 211435
tmak@morganlewis.com
9 | One Market, Spear Street Tower
San Francisco, CA 94105-1126
10 | Tel:  415.442.1000
Fax:  415.442.1001
11 |
Attorneys for Defendants
12 | AT&T CORP., AT&T SERVICES, INC., AT&T
MANAGEMENT SERVICES, LP, AT&T
13 | OPERATIONS, INC., YELLOWPAGES.COM, AT&T
MOBILITY SERVICES LLC

14 |

15 |                    UNITED STATES DISTRICT COURT    **DMR**

16 |                    NORTHERN DISTRICT OF CALIFORNIA

17 | CATHY BIRDSONG, individually and on        Case No. **C 12      6175**
behalf of all others similarly situated,
18 |                                             **NOTICE OF REMOVAL OF ACTION**
                     Plaintiff,
19 |                                             **(DIVERSITY OF CITIZENSHIP)**
                         vs.
20 |                                             **[28 U.S.C. §§ 1332, 1441, 1446, & 1453]**
AT&T CORP., AT&T SERVICES, INC.
21 | (formerly SBC Services, Inc.), AT&T
MANAGEMENT SERVICES, LP, AT&T
22 | OPERATIONS, INC., YELLOWPAGES.COM,
AT&T MOBILITY SERVICES, LLC (formerly
23 | doing business as Cingular Wireless, LLC) and
DOES 1-25, inclusive,
24 |
                     Defendants.
25 |

26 | **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

27 |     **PLEASE TAKE NOTICE** that Defendants AT&T Services, Inc., AT&T Corp., AT&T

28 | Management Services, LP, AT&T Operations, Inc., Yellowpages.com, AT&T Mobility Services

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23703880.3                                1         NOTICE OF REMOVAL OF ACTION
                                                         CASE NO.

**ORIGINAL**

FAXED

1   LLC (collectively "Defendants"), by and through their counsel, hereby remove the above-entitled

2   action from the Superior Court of the State of California for the County of Alameda, to the United

3   States District Court for the Northern District of California pursuant to 28 U.S.C. Sections 1332,

4   1441, 1446, and 1453, and states that this Court has jurisdiction over the action pursuant to the

5   Class Action Fairness Act of 2005.

6   **I.      PROCEDURAL BACKGROUND**

7         1.      On October 1, 2012, Plaintiff Cathy Birdsong ("Plaintiff") filed a civil action in

8   the Superior Court of the State of California for the County of Alameda, entitled *Cathy Birdsong,*

9   *individually and on behalf of all others similarly situated vs. AT&T Corp., AT&T Services, Inc.*

10  *(formerly SBC Services, Inc.), AT&T Management Services, LP, AT&T Operations, Inc.,*

11  *Yellowpages.com, AT&T Mobility Services, LLC (formerly doing business a Cingular Wireless,*

12  *LLC) and Does 1-25, inclusive*, Case Number RG 12654472 ("Complaint").  The Complaint

13  alleges three claims: (1) failure to pay overtime wages pursuant to California Labor Code

14  Sections 218, 510, 1194 and 1198 and request for waiting time penalties pursuant to Labor Code

15  Section 203; (2) failure to provide meal/rest breaks pursuant to Labor Code Section 226.7; and

16  (3) unfair business practices pursuant to California Business and Professions Code Sections

17  17200 *et seq*.  Plaintiff also requests unspecified penalties.

18        2.      The Summons, Civil Case Cover Sheet and Complaint were served upon

19  Defendant AT&T Corp. on November 5, 2012 and upon the remaining Defendants on November

20  6, 2012 by process server.  True and correct copies of the Summons, Civil Case Cover Sheet and

21  Complaint are attached hereto as **Exhibit 1**.

22  **II.     THE REMOVAL IS TIMELY**

23        3.      Defendants have timely removed this action within thirty (30) days of service.

24  Because this Notice of Removal is filed within 30 days of service of the Complaint on

25  Defendants, it is timely under 28 U.S.C. §§ 1446(b) and 1453.  *See Murphy Bros., Inc. v.*

26  *Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).  No previous Notice of Removal has

27  been filed or made with this Court for the relief sought herein.

28  ///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

NOTICE OF REMOVAL OF ACTION
CASE NO. _____

III.    **REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT**

4.    This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of class actions. *See* 28 U.S.C. § 1453.

5.    This action was brought by a putative representative person on behalf of a proposed class of individuals. *See* Complaint (Exh. 1), ¶¶ 16-23. As such, this matter is a purported class action as that term is defined pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. Section 1332(d)(1)(B) and 28 U.S.C. Section 1453.

6.    The Complaint could have been filed in this Court under 28 U.S.C. Section 1332(d) because this matter is brought as a class action and minimal diversity exists among the parties because one or more members of the putative class is a citizen of a State different from any defendant; and the amount in controversy exceeds, in the aggregate, $5,000,000, exclusive of interest and costs. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007); *Corsino v. Perkins & Marie Callenders', Inc.*, 2010 WL 317418 *2 (C.D. Cal. Jan. 2010). Removal is therefore proper pursuant to 28 U.S.C. Sections 1446 and 1453.

A.    **Diversity of Citizenship Exists.**

7.    In order to satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, that one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

1.    **Plaintiff is a Citizen of California.**

8.    "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (*citing Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (*citing Lew v. Moss*,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23703880.3

3

NOTICE OF REMOVAL OF ACTION
CASE NO. _____

797 F.2d 747, 750 (9th Cir. 1986)).  Evidence of continuing residence creates a presumption of domicile.  *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).  Once the removing party produces evidence supporting that presumption, the burden shifts to the other party to come forward with contrary evidence, if any, in order to dispute domicile.  *Id.*

9.   Plaintiff avers that she was employed by "Defendant" in California.  Complaint (Exh. 1), ¶ 8.  Furthermore, Plaintiff alleges that the putative class members she purports to represent are or were employees of "AT&T" in California.  *Id.* at ¶¶ 1, 4, 8.  The payroll and personnel records from October 1, 2008 until Plaintiff's employment with Defendant AT&T Services, Inc. terminated on or about June 26, 2012, show Plaintiff's home address during that time period as being in Vallejo, California.  Declaration of Susan Koons ("Koons Decl.") ¶ 2.  Plaintiff does not allege any alternative state of residence.  Thus, Plaintiff was domiciled in the State of California, and is therefore a citizen of California for purposes of diversity jurisdiction in this matter.

### 2.   Defendant AT&T Services, Inc. is a Citizen of Delaware and Texas, Not California.

10.   For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and the State where it has its principal place of business."  28 U.S.C. ¶ 1332(c)(1).

11.   Defendant AT&T Services, Inc. is now, and prior to and after the commencement of this action on October 1, 2012, has been a corporation organized and existing under and by virtue of the laws of the State of Delaware.  Declaration of Steven Threlkeld ("Threlkeld Decl."), ¶ 2.  Currently and prior to and since the commencement of this action, AT&T Services, Inc. has had its corporate headquarters and principal place of business in Dallas, Texas.  *Id.*  The Texas headquarters is and has been the place where the majority of its corporate books and records are located.  In addition, the majority of its executive and administrative functions (including but not limited to operations, finance, accounting, human resources, payroll, marketing, legal, and information systems) are and have been performed in Texas and other states outside of California.  *Id.*  AT&T Services, Inc.'s senior corporate officers (including but not limited to its President and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23703880.3

4

NOTICE OF REMOVAL OF ACTION
CASE NO. _____

1    Chief Executive Officer) work and have worked out of the Texas headquarters, and AT&T

2    Services, Inc.'s corporate activities have been directed, controlled, and coordinated from there.

3    *Id.*, ¶ 3; *see generally Hertz v. Friend*, 130 S.Ct. 1181, 1192 (Feb. 23, 2010) ("We conclude that

4    'principal place of business' is best read as referring to the place where a corporation's officers

5    direct, control, and coordinate the corporation's activities" and, "in practice[,] it should normally

6    be the place where the corporation maintains its headquarters–provided that the headquarters is

7    the actual center of direction, control, and coordination, i.e., the 'nerve center'").

8         12.    Currently and prior to and since the commencement of this action, Defendant

9    AT&T Services, Inc. has not been incorporated in California and has not had its headquarters,

10   executive offices, or officers based in California.  Threlkeld Decl., ¶ 4.

11        13.    Thus, AT&T Services, Inc. is not now, and was not at the time of the filing of the

12   Complaint, a citizen of California within the meaning of the Acts of Congress relating to the

13   removal of causes.  AT&T Services, Inc. is now and, ever since this action commenced on

14   October 1, 2012, has been a citizen of Delaware and Texas for diversity purposes.  28 U.S.C. §

15   1332(c)(1).

16        14.    Based on the Complaint, therefore, at least one member of the putative class is a

17   citizen of a state different from that of Defendant AT&T Services, Inc. as Plaintiff is a citizen of

18   California and AT&T Services, Inc. is a citizen of Delaware and Texas.  *See* 28 U.S.C. §

19   1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of

20   plaintiffs is a citizen of a State different from any defendant").

21        **B.    The Amount in Controversy is Satisfied.**

22        15.    Pursuant to CAFA, the claims of the individual members in a class action are

23   aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000,

24   exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(6).  In addition, Congress intended for

25   federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds

26   $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and

27   regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)."

28   Senate Judiciary Report, S. REP. 109-14, at 42.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23703880.3

5

NOTICE OF REMOVAL OF ACTION
CASE NO. _____

16.     Plaintiff's attempt to limit the aggregate amount in controversy in this case to $5,000,000 or less is invalid. *See Back Doctors Ltd. v. Metropolitan Prop. and Casualty Ins. Co.*, 637 F.3d 827, 830-31 (7th Cir. 2011) ("[Plaintiff] Back Doctors has a fiduciary duty to its fellow class members. A representative can't throw away what could be a major component of the class's recovery. Either a state or a federal judge might insist that some other person, more willing to seek punitive damages, take over as representative. *What [Plaintiff] is willing to accept thus does not bind the class and therefore does not ensure that the stakes fall under $5 million.*") (emphasis added). In attempting to limit the aggregate amount recoverable on behalf of absent class members, Plaintiff and her counsel violate their fiduciary obligations to the absent class members.

17.     In determining the amount in controversy, the Court may consider not only the facts alleged in the complaint, which are to be taken as true for purposes of calculating the amount in controversy, but also "summary judgment type evidence relevant to the amount in controversy at the time of removal." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir.2004). "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir.2010). In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 Fed.Appx. 646, 648-49 (9th Cir. Mar.8, 2012,) 2012 WL 746276 (*citing Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D.Cal.2002)). In *Vitran*, the court held that a defendant in a putative wage and hour class action may establish to a legal certainty the amount in controversy requirement for purposes of CAFA by assuming a minimum number of Labor Code violations per class member per pay period. *Vitran*, 471 Fed. App. at 648. Noting that the plaintiffs alleged that their claims were "typical" of the other 156 putative class members, the Court also found it proper to multiply the plaintiff's alleged damages by the number of putative class members in order to meet the amount in controversy requirement. *Id.* at 649.

18.     The Complaint alleges on behalf of the putative class members the following

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23703880.3

6

NOTICE OF REMOVAL OF ACTION
CASE NO. _____

1   claims: (1) failure to pay overtime wages pursuant to California Labor Code Sections 218, 510,

2   1194 and 1198 and waiting time penalties pursuant to Labor Code Section 203 (*see* Complaint

3   (Exh. 1), ¶¶27-36); (2) failure to provide meal/rest breaks pursuant to Labor Code Section 226.7

4   (*see id.* ¶¶37-40); and (3) unfair business practices pursuant to California Business and

5   Professions Code Sections 17200 *et seq.* (*see id.* ¶¶41-48). The Complaint also seeks unspecified

6   penalties, as well as attorneys' fees (*see id.* at ¶36).

7        19.     Plaintiff Cathy Birdsong ("Plaintiff") was employed by Defendant AT&T

8   Services, Inc. in the position of Business Manager IT during the period between October 1, 2008

9   until June 30, 2011, and was classified as exempt from overtime. From July 1, 2011 until her

10  termination on June 26, 2012, Plaintiff was employed in the position of Professional – IT Service

11  Management by Defendant AT&T Services, Inc., and was classified as non-exempt from

12  overtime. Koons Decl., ¶2. By her Complaint, Plaintiff seeks to represent all California

13  employees who were reclassified from exempt to non-exempt regardless of their job titles or their

14  employers: "[a]ll employees of AT&T in its Business unit: 'INFORMATION TECHNOLOGY'

15  who were informed that they were being changed from exempt to non-exempt status, and were

16  not paid for the previous four years unpaid wages...." Complaint (Exh. 1), ¶1.

17       20.     Although Defendants expressly deny Plaintiff's allegations and specifically deny

18  that any of them failed to pay Plaintiff's overtime wages, failed to provide required meal breaks,

19  failed to authorize and permit required rest breaks, or willfully failed to pay her any wages, in

20  determining whether the jurisdictional minimum is met, the Court must consider the allegations

21  of the Complaint and all recoverable damages including statutory penalties and attorneys' fees.

22  *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347-48 (1977); *Gibson v.*

23  *Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *see Korn v. Polo Ralph Lauren Corp.*, 536 F.

24  Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In measuring the amount in controversy, a court must

25  assume that the allegations of the complaint are true and that a jury will return a verdict for the

26  plaintiff on all claims made in the complaint. The ultimate inquiry is what amount is put 'in

27  controversy' by the plaintiff's complaint, not what a defendant will actually owe.").

28       21.     Between October 1, 2008 (four years prior to the filing of the Complaint) to the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23703880.3

7

NOTICE OF REMOVAL OF ACTION
CASE NO. _____

1   present, Defendant AT&T Services, Inc., as well as Defendants AT&T Operations, Inc. and

2   AT&T Mobility Services, LLC, reclassified approximately 373 employees in various positions in

3   Information Technology Business Units in California from exempt to non-exempt status

4   ("putative class members"). These 373 employees worked approximately 30,530 work weeks

5   from October 1, 2008 to the date of their reclassification. Koons Decl., ¶3.

> **1.   Plaintiff's First Claim for Failure to Pay Overtime Wages and for Waiting Time Penalties.**

8   22.   In the First Claim, Plaintiff alleges that Defendants failed to pay her overtime prior

9   to her reclassification from exempt to non-exempt status in February 2012. Complaint (Exh 1)

10  ¶¶27-36. (According to Defendant AT&T Services, Inc.'s records, Plaintiff's position was

11  reclassified on or about July 1, 2011. Koons Decl., ¶2) Plaintiff claims that she and members of

12  the alleged class "routinely" and "regularly worked more than eight (8) hours a day and/or forty

13  (40) hours per week without receiving overtime compensation." *Id.* at ¶¶9, 34. Plaintiff also

14  avers that her "claims are typical of the claims of the proposed class…." *Id.* at ¶17.

15  23.   At the time she was re-classified as non-exempt on July 1, 2011, her annual salary

16  was $78,300. At the time of her termination on or about June 30, 2012, Plaintiff's annual salary

17  was $78,800. Koons Decl., ¶2. Therefore, Plaintiff's regular rate of pay was approximately

18  $37.50 per hour ($78,000 salary/2080 hours) and her overtime rate of pay would have been

19  approximately $56.25 per hour ($37.50 regular rate x 1.5).

20  24.   Assuming that Plaintiff's claims are typical and Plaintiff's hourly rate is typical,

21  and based on the conservative assumption that each putative class member worked an average of

22  only one (1) hour of overtime per week, the total amount in controversy for Plaintiff's claim for

23  overtime wages would be **$1,717,312.50** ($56.25 x 1 hour of overtime per week x 30,530 work

24  weeks).

25  25.   Assuming that each putative class member worked an average of three (3) hours of

26  overtime per week consistent with Plaintiff's allegations that she and putative class members

27  "routinely" and "regularly worked more than eight (8) hours a day and/or forty (40) hours per

28  week without receiving overtime compensation" (*Id.* at ¶¶ 9, 34), the total amount in controversy

1    for Plaintiff's claim for overtime wages alone would be **$5,151,937.50** ($56.25 x 3 hours of

2    overtime per week x 30,530 work weeks).

3        26.    Plaintiff also seeks statutory waiting-time penalties against Defendants for failing

4    to pay overtime wages allegedly due upon termination pursuant to California Labor Code Section

5    203.  Complaint (Exh. 1) at ¶ 36.  Section 203 provides for a penalty of up to 30 days of daily

6    wages at the same rate for each injured employee.  The statute of limitations for "waiting time"

7    penalties under Section 203 is three years.

8        27.    Assuming Plaintiff's claims are typical and Plaintiff's daily rate is typical, the

9    daily wage (assuming 8 hours worked) for putative class members is $300 (8 hours x $37.50/hr).

10   Between October 1, 2009 and the present, 61 putative class members terminated their

11   employment with Defendants.  Koons Decl., ¶ 4.  Thus, under Plaintiff's theory of the case, the

12   total amount in controversy for Plaintiff's claim for waiting time penalties is: **$549,000** ($300

13   average daily wage x 30 days x 61 terminated putative class members).

14               **2.    Plaintiff's Meal Break and Rest Period Claims.**

15       28.    Plaintiff alleges that "[t]hroughout the class period, class members were not

16   provided meal periods and were not authorized and permitted to take rest breaks pursuant to the

17   requirements of California law."  Complaint (Exh. 1), ¶13.  Plaintiff alleges that off duty meal

18   and rest periods were not provided as required by law "[d]ue to scheduling and work

19   demands...."  *Id.* at ¶26.  Plaintiff alleges that she "and the class members are entitled to one (1)

20   hour of wages for every missed meal period and/or rest break, including interest, fees and costs,

21   in an amount to be proved at trial."  *Id.* at ¶40.

22       29.    Assuming that Plaintiff's claims are typical and Plaintiff's hourly rate is typical,

23   and based on the conservative assumption that each putative class member was not provided with

24   a meal period only once per week during the relevant period, the amount in controversy for

25   Plaintiff's meal break claim would be **$1,144,875** (1 missed meal period x $37.50 an hour x

26   30,530 work weeks).

27       30.    Assuming that each putative class member was not provided with an average of

28   three (3) meal periods per week during the relevant period, the total amount in controversy for

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23703880.3

9

NOTICE OF REMOVAL OF ACTION
CASE NO. _____

1   Plaintiff's meal break claim would be **$3,434,625** (3 missed meal periods x 37.50 an hour x

2   30,530 work weeks).

3          31.    Assuming that Plaintiff's claims are typical and Plaintiff's hourly rate is typical,

4   and based on the conservative assumption that Defendants failed to authorize and permit only one

5   (1) off-duty rest break per week for each putative class member during the relevant period, the

6   amount in controversy for Plaintiff's rest break claim would be **$1,144,875** (1 missed rest period

7   x $37.50 an hour x 30,530 work weeks).

8          32.    Assuming that each putative class members was not authorized and permitted an

9   average of three (3) off-duty rest breaks per week, the amount in controversy for Plaintiff's rest

10   break claim would be **$3,434,625** (3 missed rest periods x $37.50 an hour x 30,530 work weeks).

11          **3.    Plaintiff's Complaint Also Seeks Recovery of Attorneys' Fees.**

12          33.    In her Complaint, Plaintiff seeks reasonable attorneys' fees. Complaint (Exh. 1),

13   Prayer for Relief, ¶ 7. Attorneys' fees are properly included in determining the amount in

14   controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Assuming

15   Plaintiff can recover on her claims, she would likely assert entitlement to attorneys' fees of

16   approximately 25% of the total recovery, which would be **$1,152,515.60** [25% x ($1,717,312.50

17   + $603,000+$1,144,875 + $1,144,875)] to **$3,156,046.70** [25% x ($5,151,937.50 + $603,000 +

18   $3,434,625 + $3,434,625)] based on the estimates discussed above. *In re Quintus Securities*

19   *Litigation*, 148 F.Supp.2d 967, 973 (N.D.Cal. 2001) (noting in the class action settlement context

20   that the benchmark for setting attorneys' fees is 25 percent of the common fund).

21          **4.    Summary of Amount in Controversy.**

22          34.    Thus, although Defendant denies Plaintiff's factual allegations or that she or the

23   putative class she purports to represent are entitled to the relief for which she has prayed, based

24   on Plaintiff's allegations and prayer for relief, the amount in controversy clearly exceeds the

25   $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2).

26          35.    Based on the assumptions and calculations outlined above, the total amount in

27   controversy exceeds $5,000,000.00 as follows:

28          a.    Overtime wages:  $1,717,312.50 to $5,151,937.50

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23703880.3                10               NOTICE OF REMOVAL OF ACTION
CASE NO. _____

1    b.    Waiting-time penalties:  $549,000

2    c.    Meal break premiums:  $1,144,875 to $3,434,625

3    d.    Rest period premiums:  $1,144,875 to $3,434,625

4    Subtotal:  $4,556,062.50 to $12,570,187

5    e.    Attorneys' fees (based on 25%):  $1,139,015.60 to $3,142,546.70

6    **Total Amount in Controversy:  $5,695,078.10 to $15,712,733**

7    **IV.    REMOVAL IS ALSO PROPER PURSUANT TO 28 U.S.C. SECTION 1332.**

8    36.    This action could have been originally filed in this Court pursuant to 28 U.S.C.

9    Section 1332 because complete diversity of citizenship exists between Plaintiff and Defendant

10   AT&T Services, Inc., and the amount in controversy as alleged by Plaintiff's individual claims

11   exceeds $75,000, exclusive of interest and costs.

12       **A.    Diversity of Citizenship Exists.**

13       37.    As discussed above, Plaintiff is, and was at the institution of this civil action, a

14   citizen and resident of the State of California.  Complaint (Exh. 1), ¶ 8; Koons Decl., ¶ 2.  At all

15   relevant times, Plaintiff was employed by Defendant AT&T Services, Inc.  Koons Decl., ¶ 2.

16   Defendant AT&T Services, Inc. is a citizen of Delaware and Texas.  Threlkeld Decl., ¶¶ 2-4.

17       38.    The presence of Defendants AT&T Corp., AT&T Management Services, LP,

18   AT&T Operations, Inc., Yellowpages.com, and AT&T Mobility Services LLC cannot destroy

19   diversity regardless of their citizenship because their joinder as defendants is fraudulent (*i.e.*, they

20   are "sham defendants").  *See McCabe v. General Foods Corp.*, 811 F. 2d 1336, 1339 (9th Cir.

21   1987).

22       39.    A defendant is a sham defendant when the plaintiff fails to state a cause of action

23   against the defendant and "the failure is obvious according to the settled rules of the state...."  *Id.*

24   at 1339.  In this case, Plaintiff's Complaint fails to state a claim against Defendants AT&T Corp.,

25   AT&T Management Services, LP, AT&T Operations, Inc., Yellowpages.com, and AT&T

26   Mobility Services LLC because they were not Plaintiff's employer during the relevant period.

27   *See* Koons Decl., ¶ 2; Labor Code §§ 203(a) ("If an *employer* willfully fails to pay....");  226.7

28   ("(a) No *employer* shall require any employee to work during any meal or rest period.... (b) If an

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23703880.3                11                NOTICE OF REMOVAL OF ACTION
                                                 CASE NO. _____

1  *employer* fails to provide an employee a meal period or rest period….") (emphasis added);

2  *Violante v. Communities Southwest Dev. & Constr. Co.*, 138 Cal. App. 4th 972, 980 (2006)

3  (recognizing that in the absence of a valid claim for violation of a wage law, a plaintiff cannot

4  successfully allege unfair business practices or unfair competition under the Business and

5  Professions Code).

6    40.    Accordingly, Plaintiff is a citizen of a state different from that of the only proper

7  defendant.  Complete diversity therefore exists between the parties.

8    **B.    The Amount in Controversy Requirement for Plaintiff's Individual Claims is
9    Satisfied.**

10    41.    Pursuant to 28 U.S.C. § 1332(a), the amount in controversy must exceed the

11  amount or value of $75,000, exclusive of interest or costs.

12    42.    In determining whether the jurisdictional minimum is met, courts consider all

13  recoverable damages, including statutory penalties, and attorneys' fees.  *Hunt v. Washington State*

14  *Apple Advertising Comm'n,* 432 U.S. 333, 347-48 (1977); *Gibson v. Chrysler Corp.*, 261 F.3d

15  927, 945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia*, 142 F.3d at 1155-56.

16    43.    As discussed above, Plaintiff alleges the following claims on behalf of herself: (1)

17  failure to pay overtime wages pursuant to California Labor Code Sections 218, 510, 1194 and

18  1198 and waiting time penalties pursuant to Labor Code Section 203 (*see* Complaint (Exh. 1),

19  ¶¶27-36); (2) failure to provide meal/rest breaks pursuant to Labor Code Section 226.7 (*see id.* ¶¶

20  37-40); and (3) unfair business practices pursuant to California Business and Professions Code

21  Sections 17200 *et seq.* (*see id.* ¶¶ 41-48).

22    44.    Plaintiff's Individual Overtime Claim: Assuming that Plaintiff worked an average

23  of three (3) hours of overtime per week consistent with her allegation that she "routinely" and

24  "regularly worked more than eight (8) hours a day and/or forty (40) hours per week without

25  receiving overtime compensation" (*Id.* at ¶¶ 9, 34), the total amount in controversy for Plaintiff's

26  individual claim for overtime wages alone would be **$24,131.25** ($56.25 x 3 hours of overtime

27  per week x 143 work weeks from October 1, 2008 through June 30, 2011).

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23703880.3

12

45.     <u>Plaintiff's Individual Waiting Time Penalties Claim</u>: Plaintiff's daily wage (assuming 8 hours worked) was $300 (8 hours x $37.50/hr). Thus, the total amount in controversy for Plaintiff's individual claim for waiting time penalties is: **$9,000** ($300 average daily wage x 30 days).

46.     <u>Plaintiff's Individual Meal Period Claim</u>: Assuming that Plaintiff was not provided with an average of three (3) meal periods per week during the relevant period consistent with Plaintiff's allegation that "[d]uring the class period, Defendants failed to provide [her] with off-duty thirty (30) minute meal periods," (Complaint, ¶ 37) the total amount in controversy for Plaintiff's individual meal break claim would be **$16,087.50** (3 missed meal periods x 37.50 an hour x 143 work weeks).

47.     <u>Plaintiff's Individual Rest Break Claim</u>: Assuming that Plaintiff was not authorized and permitted an average of three (3) off-duty rest breaks per week during the relevant period consistent with Plaintiff's allegation that "[d]uring the class period, Defendants failed to... authorize and permit off-duty ten (10) minute rest breaks as required," (Complaint, ¶ 37) the amount in controversy for Plaintiff's individual rest break claim would be **$16,087.50** (3 missed rest periods x $37.50 an hour x 143 work weeks).

48.     <u>Attorneys' Fees</u>: Plaintiff also seeks to recover attorney fees. Complaint (Exh. 1), Prayer for Relief, ¶7. Assuming Plaintiff can recover on her individual claims, she would likely assert entitlement to attorney's fees of approximately 25% of the total recovery, which would be **$16,326.56** [25% x ($24,131.25 + $9,000+$16,087.50 + $16,087.50)] based on the estimates discussed above.

49.     Although Defendant denies Plaintiff's allegations and denies that she is entitled to any of the relief for which she has prayed, based on Plaintiff's allegations and prayer for relief and the above-described conservative assumptions, the total amount in controversy associated with Plaintiff's individual claims, if proven, would exceed $75,000, exclusive of interest and costs:

    a.     Overtime wages:     $24,131.25

    b.     Waiting-time penalties:     $9,000

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23703880.3

13

NOTICE OF REMOVAL OF ACTION
CASE NO. _____

| | | | |
|---|---|---|---|
| | c. | Meal break premiums: | $16,087.50 |
| | d. | Rest period premiums: | $16,087.50 |
| | Subtotal: | | $65,306.25 |
| | e. | Attorneys' fees (25%): | $16,326.56 |
| | **Total Amount in Controversy**: | | **$81,632.78** |

## V.     THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.

50.     Because this Notice of Removal is filed within thirty days of service of the Complaint upon Defendants, it is timely under 28 U.S.C. Section 1446(b).

51.     As Plaintiff filed this action in the Superior Court of the State of California, County of Alameda, removal to the United States District Court, Northern District of California, is proper under 28 U.S.C. Section 1441(a).

52.     The prerequisites for removal under 28 U.S.C. §§ 1332 and 1441 have been met.

53.     As required by 28 U.S.C. Section 1446(d), Defendants will provide notice of this removal to Plaintiff through her attorneys of record.

54.     As required by 28 U.S.C. Section 1446(d), a copy of this Notice will be filed with the Superior Court of the State of California, County of Alameda.

55.     Defendants have sought no similar relief.

56.     If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to present a brief in support of their position that this case is removable.

///
///
///
///
///
///
///
///
///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23703880.3

14

NOTICE OF REMOVAL OF ACTION
CASE NO. _____

1    WHEREFORE, Defendants, desiring to remove this case to the United States District

2  Court for the Northern District of California, pray that the filing of this Notice of Removal shall

3  effect the removal of this action to this Court.

4  Dated: December 5, 2012                         MORGAN, LEWIS & BOCKIUS LLP
                                                    THERESA MAK
5

6

7                                            By _____
                                                REBECCA EISEN
8                                                THERESA MAK
                                                 Attorneys for Defendants
9                                                AT&T CORP., AT&T SERVICES, INC.,
                                                 AT&T MANAGEMENT SERVICES, LP,
10                                               AT&T OPERATIONS, INC.,
                                                 YELLOWPAGES.COM, AT&T
11                                               MOBILITY SERVICES LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
 BOCKIUS LLP
 ATTORNEYS AT LAW
 SAN FRANCISCO

DB2/ 23703880.3

15                          NOTICE OF REMOVAL OF ACTION
                            CASE NO. _____

EXHIBIT 1

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Matthew Righetti {121012} John Glugoski {191551} Michael Righetti {258541}
RIGHETTI GLUGOSKI P.C.
456 Montgomery Street, Suite 1400, San Francisco, CA 94104
TELEPHONE NO.: 415.983.0900     FAX NO.: 415.397.9005
ATTORNEY FOR *(Name):* Cathy Birdsong

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Alameda Superior Court

CASE NAME: CATHY BIRDSONG V. AT&T CORP

FOR COURT USE ONLY

ENDORSED
FILED
ALAMEDA COUNTY
NOV 1 2012
CLERK OF THE SUPERIOR COURT
By CHERYL CLARK
Deputy

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: RG 12654472 |
|---|---|---|

CIVIL CASE COVER SHEET
[✓] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000 or less)

Complex Case Designation
[ ] Counter   [ ] Joinder
Filed with first appearance by defendant
(Cal. Rules of Court, rule 3.402)

CASE NUMBER: RG 12654472
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 31, 2012

John Glugoski
(TYPE OR PRINT NAME)                                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
* Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
* File this cover sheet in addition to any cover sheet required by local court rule.
* If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
* Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 (Rev. July 1, 2007)

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

www.accesslaw.com

RIGHETTI GLUGOSKI, P.C.
MATTHEW RIGHETTI, SBN 121012
JOHN GLUGOSKI, SBN 191551
456 Montgomery Street, Suite 1400
San Francisco, CA 94104
Telephone:    (415) 983-0900
Facsimile:    (415) 397-9005

LAW OFFICES OF THOMAS W. FALVEY
THOMAS W. FALVEY, SBN 65744
J.D. HENDERSON, SBN 235767
301 North Lake Avenue, Suite 800
Pasadena, California 91101
Telephone: (626) 795-0205

Attorneys for Plaintiff

FILED
ALAMEDA COUNTY

OCT - 1 2012

CLERK OF THE SUPERIOR COURT
By _Cheryl Clark_
                                Deputy

## SUPERIOR COURT OF CALIFORNIA

### COUNTY OF ALAMEDA

CATHY BIRDSONG, individually and
on behalf of all others similarly situated,

Plaintiff,

vs.

AT&T CORP., AT&T SERVICES,
INC.(formerly SBC Services, Inc.),
AT&T MANAGEMENT SERVICES,
LP, AT&T OPERATIONS, INC.,
YELLOWPAGES.COM, AT&T
MOBILITY SERVICES, LLC
(formerly doing business as Cingular
Wireless, LLC) and DOES 1-25,
inclusive,

Defendants.

Case No.: RG 12 65 447 2

CLASS ACTION COMPLAINT FOR:

(1) Violation of California Labor
    Code;

(2) Failure to Provide Meal Periods
    and Rest Breaks;

(3) Violation of Business &
    Professions Code §§17200
    and 17203

1

CLASS ACTION COMPLAINT

## INTRODUCTION

This case arises out of DEFENDANTS' failure to pay overtime compensation and failure to provide rest and meal periods to certain California Business Manager employees of DEFENDANTS. These Business Manager employees primarily performed non-exempt functions for the DEFENDANTS, were misclassified as "exempt" from California's minimum working condition laws and as a consequence are owed overtime compensation and other benefits earned during the Class Period, which is defined as four years prior to the date of the filing of this complaint, through the date of trial. CATHY BIRDSONG ("Plaintiff"), individually and on behalf of all others similarly situated, complains and alleges on information and belief the following against AT&T CORP., AT&T SERVICES, INC.(formerly SBC Services, Inc.), AT&T MANAGEMENT SERVICES, LP, AT&T OPERATIONS, INC, YELLOWPAGES.COM, AT&T MOBILITY SERVICES, LLC (formerly doing business as Cingular Wireless, LLC) and DOES 1-25, inclusive, (collectively "DEFENDANTS").

1.    This is a class action brought on behalf of the following class:

> All employees of AT&T in its Business Unit: "INFORMATION TECHNOLOGY"
> who were informed that they were being changed from exempt to non-exempt
> status, and were not paid for the previous four years unpaid wages (hereafter
> "class").

The above class of employees did not receive overtime compensation and was neither provided, nor authorized and permitted to take, statutorily mandated meal breaks and/or rest breaks respectively and is similarly situated under California Code of Civil Procedure §382. Plaintiff seeks to recover unpaid overtime compensation, missed meal and rest break wages equivalent to one hour's worth of pay for each missed break, waiting time wages, penalties authorized by LC § 2698, interest, attorney's fees and costs for herself and all other present and former employees similarly situated. To the extent that the improper conduct alleged herein

violates California Business and Professions Code §§17200, 17203 this action is also brought by the Plaintiff on behalf of the public.

## I.

## JURISDICTION AND VENUE

2.     This class action is brought pursuant to §382 of the California Code of Civil Procedure. Plaintiff is informed and believes and based on such information and belief alleges that venue is proper in the Alameda County Superior Court because Plaintiff performed work for DEFENDANTS in said County and because the DEFENDANTS regularly do business in Alameda County and own and operate numerous facilities -- and employ numerous putative class members -- in Alameda County.   The DEFENDANTS' liability to the Plaintiff arose in part within Alameda County and some of the wrongful acts complained of occurred in Alameda County.

## II.

## NO FEDERAL JURISDICTION EXISTS

3.     This class action is brought pursuant to §382 of the California Code of Civil Procedure. The claims of individual class members, including Plaintiff, are under the $75,000 jurisdictional threshold for federal court. For example, a class member who was or has been employed for a relatively brief period could never reasonably be expected to receive a recovery of $75,000 or more. The total amount recoverable in this case will not exceed $5,000,000.00. In addition, there is no federal question at issue, as all the issues related to payment wages alleged herein are based solely on California law and statutes, including the Labor Code, Civil Code, Code of Civil Procedure, and Business and Professions Code.

## III.

## PARTIES

4.    DEFENDANTS are doing business in the State of California. Throughout the class period, DEFENDANTS employed hundreds of employees in California within the class definition set forth herein.  Through a network of related parents, subsidiaries and affiliates, DEFENDANTS provide wireline and wireless telecommunications services and equipment, directory advertising, and other products and services to the general public.

5.    At all times relevant to this Complaint, the wage and hour and all related employee compensation policies of DEFENDANTS' locations in California are and were dictated by, controlled by, and ratified by DEFENDANTS.

6.    The true names and capacities of DEFENDANTS named herein as DOES 1 through 25 inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff who therefore sue such Defendants under fictitious names pursuant to California Code of Civil Procedure §474. Plaintiff is informed and believes, and thereon alleges, that these Defendants, DOES 1 through 25, are in some manner or capacity, and to some degree, legally responsible and liable for the wrongs of which Plaintiff complains.  Plaintiff will amend her Complaint to allege the true names and capacities of these DOE Defendants once they are ascertained.   On information and belief, Plaintiff makes all allegations contained in this complaint against all DEFENDANTS, including DOES 1 through 25, inclusive.

7.    At all times herein mentioned, each DEFENDANTS was an agent, servant, employee, successor in interest, joint employer, and/or joint venturer of each of the remaining DEFENDANTS, and was at all times acting within the course and scope of such agency, service, employment, and/or joint venture, and each DEFENDANTS has ratified, approved, and

authorized the acts of each of the remaining DEFENDANTS with full knowledge of said acts.

8.      Plaintiff CATHY BIRDSONG has been employed by Defendant within four years from the filing of this Complaint. Prior to February 2012, DEFENDANTS misclassified Plaintiff and the class as exempt from overtime. On or about February 2012, Plaintiff and the class were reclassified from exempt to non-exempt status yet for all relevant times wherein in they were misclassified, Plaintiff and the class worked and were not paid overtime. Plaintiff's job duties consisted primarily of work that did not trigger exempt status under California law.  Plaintiff performed all obligations and expectations as required during her employment.  Plaintiff was suffered and permitted to perform work for DEFENDANTS in California and are members of the defined class. Plaintiff has not been paid overtime for all hours worked during the period when Plaintiff was misclassified as exempt.

9.      The named Plaintiff and members of the alleged class are/were routinely required to work in excess of eight (8) hours a day and/or forty (40) hours per week without receiving overtime compensation.

10.     Plaintiff brings this action on her own behalf and on behalf of all other such current and former employees similarly situated, as well as on behalf of the California public.

IV.

## FACTUAL ALLEGATIONS

11.     Pursuant to DEFENDANTS uniform employment policies, class members are and were classified as "exempt" and paid a set wage (either salary or hourly) for all hours worked. During the class period, such employees typically worked well over eight hours per day and over forty hours per week.

12.     Throughout the class period, DEFENDANTS have refused to pay overtime wages

5

to the class despite the fact that they worked overtime but were misclassified as exempt from overtime. Throughout the class period, class members were not provided meal periods and were not authorized and permitted to take rest breaks pursuant to the requirements of California law.

13. The duties of the class members are set forth by uniform written company-wide policies and procedures. California law states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week or 8 per day. Members of the alleged class are not exempt and DEFENDANTS cannot meet their burden of showing the applicability of any exemption under California law.

14. Labor Code §1174(d) and the IWC Order applicable to DEFENDANTS' industry provide that every employer shall keep accurate information with respect to *each employee* including time records showing both when the employee begins and ends each work period and meal periods. When an employer fails to keep such time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. Hernandez v. Mendoza (1988) 199 Cal.App.3d 721.

15. While Plaintiff is unable to state at this time the exact amount owing to the class, Plaintiff proposes to obtain such information by appropriate and focused discovery proceedings to be taken promptly in this action, and request that damages or restitution be awarded according to proof thus obtained and presented to the Court.

V.

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action individually and as a class action on behalf of the class set forth in paragraph 1 herein.

17. Plaintiff's claims are typical of the claims of the proposed class because Plaintiff

and all the class members were treated in a similar fashion and suffered similar harm as a consequence of DEFENDANTS' conduct, as alleged, and the wage hour payroll policies and practices with respect to exempt status and overtime entitlement for overtime hours worked are and were uniform between class members throughout California.

18. Plaintiff is a representative party who will fully and adequately protect the interests of the class members. Plaintiff has retained counsel competent in both class action and employment litigation. Plaintiff has no interests that are contrary to or in conflict with those of the class she seeks to represent.

19. The members of the class are so numerous that joinder of all members would be unfeasible and not practicable. The number of class members is unknown to Plaintiff at this time; however, it is estimated that the entire class is greater than 100 individuals. The identity of individuals qualifying for class membership is readily ascertainable via inspection of the personnel records and other documents maintained by DEFENDANTS (as are the days worked and the regular rate of pay for each class member).

20. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Individual employees such as Plaintiff have a difficult time prosecuting an individual action against large corporate employers such as DEFENDANTS. Even if any class member could afford individual litigation against multi-national corporations like DEFENDANTS, it would be unduly burdensome to the court system. Individual litigation of hundreds of similar claims in scores of counties magnifies the delay and expense to all parties and the court system. By contrast, a class action presents far fewer management difficulties and affords the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum will promote judicial economy and

parity among the claims of individual class members and judicial consistency in rulings. Notice of the pendency and any resolution of this action can be efficiently provided to class members by mail, print, broadcast, internet, and/or multimedia publication. Requiring each class member to both establish individual liability and pursue an individual remedy would discourage the assertion of lawful claims by employees who would be disinclined to pursue an action against their present and/or former employer for fear of retaliation and permanent damage to their careers at present and/or subsequent employment. Proof of a common business practice or factual pattern, of which the named Plaintiff experienced, is representative of the alleged class and will establish the right of each of the members of the alleged class to recovery on the claims alleged herein.

21. The prosecution of separate actions by individual class members, even if possible, would create: (a) a substantial risk of inconvenient or varying verdicts or adjudications with respect to the individual class members against the DEFENDANTS herein; and/or (b) legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the other class members not parties to the adjudications or which would substantially impair or impede the ability of class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto. Plaintiff is also unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

22. This type of case is uniquely well-suited for class treatment since the employer's practices were uniform and the burden is on the employer to prove any alleged exemption.

23. Many issues of law or fact are common and they predominate over any individual

questions. These common issues include:

    a.    Whether those in the alleged class were uniformly classified as exempt, in violation of California Labor Code and applicable IWC wage orders;

    b.    Whether DEFENDANTS failed to pay Plaintiff and class members all overtime compensation due to them by virtue of their uniform designation of employees as exempt in violation of California Labor Code and applicable IWC wage order;

    c.    Whether Plaintiff and class members were expected to and/or mandated to regularly work overtime;

    d.    Whether the class met the requirements for any exemption pled by DEFENDANTS;

    e.    Whether DEFENDANTS failed to either provide meal periods or pay Plaintiff and class members meal break wages per California Labor Code §226.7;

    f.    The correct statute of limitations for Plaintiff and class members' claims;

    g.    The correct method of calculating back overtime pay;

    h.    Whether DEFENDANTS, or any of them, are joint employers of Plaintiff and the class members;

    i.    Whether DEFENDANTS, or any of them, are successors in interest to any of the other DEFENDANTS;

    j.    Whether DEFENDANTS' conduct constitutes unfair competition within the meaning of California Business & Professions Code §§17200 and 17203;

    k.    Whether DEFENDANTS conduct constitutes unfair business practices within the meaning of California Business & Professions Code §§17200 and 17203;

    l.    Whether Plaintiff and class members are entitled to injunctive relief, including restitution;

    m.    Whether DEFENDANTS are liable for pre-judgment interest;

    n.    Whether DEFENDANTS are liable for attorney's fees and costs; and

    o.    Whether DEFENDANTS failure to pay all wages due upon termination of employment was willful and whether Plaintiff and class members are entitled to waiting time wages under California law.

    p.    whether DEFENDANTS upon reclassifying Plaintiff and the class as non-exempt were required to pay overtime for all overtime hours worked within four years of the filing of this Complaint.

**VI.**

9

**GENERAL ALLEGATIONS**

**AS TO CLASS REPRESENTATIVE**

24.     During the class period, Plaintiff and members of the class were suffered and permitted to work for DEFENDANTS in California and classified by DEFENDANTS as "exempt." Plaintiff regularly worked more than 8 hours per day and in excess of 40 hours a week without receiving payment of overtime wages.

25.     During her employment with DEFENDANTS, Plaintiff and the members of the alleged class were not exempt because, *inter alia*, they did not meet the criteria for exempt status under California law. In approximately February 2012, Defendant reclassified Plaintiff and the class as non-exempt because Plaintiff and class failed to meet the requirements for overtime exemption during the period covered by this Complaint yet following reclassification to non-exempt status, Defendant failed to pay Plaintiff and the class all wages owed to them for the entire class period covered by this Complaint when they were misclassified as exempt.

26.     Due to scheduling and work demands, DEFENDANTS neither provided Plaintiff or the class members with thirty (30) minutes of off duty time for required meal periods, nor authorized and permitted the class to take 10 minute off-duty rest periods, as required by law DEFENDANTS never paid Plaintiff or the class one hour of wages as compensation for missed meal breaks and/or rest breaks.

**VII.**

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**

Violation of California Labor Code §§ 203, 218, 510, 1194 and 1198

(As Against All DEFENDANTS)

27. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of the Complaint.

28. California Labor Code §510 defines a day's work as 8 hours and states that any work in excess of 8 hours in one workday and any work in excess of 40 hours in any one workweek must be compensated at the rate of no less than one and one-half times the regular rate of pay.

29. Pursuant to California Labor Code §§ 218 and 1194(a), a Plaintiff may bring a civil action for overtime wages directly against the employer without first filing a claim with the Division of Labor Standards Enforcement (hereinafter "DLSE") and may recover such wages, together with interest thereon, attorney's fees and costs.

30. Pursuant to California Labor Code §1198, it is unlawful to employ persons for longer than the hours set by the IWC or under conditions prohibited by the applicable IWC Wage Orders. The wage order applicable to DEFENDANTS' industry provides for payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked in excess of 8 hours in a day or 40 hours in a work week or, in certain circumstances, two times an employee's regular rate of pay.

31. At all times relevant hereto, DEFENDANTS treated Plaintiff and others similarly situated class members as exempt from the protections of the California Labor Code and applicable wage order.

32. In California, all employees are presumed to be non-exempt and all exemptions are *narrowly* construed against the employer. Ramirez v. Yosemite Water Co., Inc. (1999) 20 Cal.4th 785; Nordquist v. McGraw-Hill Broadcasting Co. (1995) 32 Cal.App.4th 555.

33. DEFENDANTS improperly misclassified Plaintiff and members of the class as

11

exempt from California's overtime laws. DEFENDANTS did so despite the fact that these class members did not meet the exemption criteria under any of the exemptions set forth by California law.

34. Plaintiff and members of the class regularly worked more than forty (40) hours per week to meet DEFENDANTS job expectations.

35. As a uniform practice, DEFENDANTS failed to keep records of hours worked by its employees as required by California's wage orders and the Labor Code. However, records of the rates of pay for Plaintiff and the class members are in the possession or within the custody and control of DEFENDANTS.

36. DEFENDANTS owe Plaintiff and the class overtime wages according to proof at the time of trial. Plaintiff is informed and believes, and thereon alleges, that DEFENDANTS knew or should have known that Plaintiff and the class did not qualify as exempt employees and purposely and willfully elected not to pay them all wages earned. Plaintiff, individually and on behalf of all employees similarly situated, requests recovery of overtime compensation according to proof, waiting time wages, interest, penalties, attorney's fees and costs pursuant to Labor Code §§203 and 1194(a), including waiting time wages, against DEFENDANTS in a sum as provided by the Labor Code and/or other statutes.

VIII.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL/REST BREAKS

### (As Against All DEFENDANTS)

### Violation of California Labor Code §226.7

37. Plaintiff hereby re-alleges and incorporates by reference the allegations contained

in the preceding paragraphs of the Complaint.

38.     California Labor Code § 226.7 requires an employer to pay an additional hour's worth of pay for each period in which an off-duty meal and/or rest period is not provided. Pursuant to the wage order applicable to DEFENDANTS industry, employees are entitled to an off-duty meal period of at least thirty (30) minutes in duration during each shift in excess of five (5) hours in duration.  Pursuant to the wage order applicable to DEFENDANTS industry, employees are entitled to an off-duty rest break of at least ten (10) minutes in duration for every four (4) hours worked.

39.     During the class period, DEFENDANTS failed to provide Plaintiff and the class members with off-duty thirty (30) minute meal periods and/or authorize and permit off-duty ten (10) minute rest breaks as required under the wage order and Labor Code §226.7.   Nor did DEFENDANTS pay the required one hour of wages due each violation.  DEFENDANTS also failed to maintain records of meal periods provided as required by California law.

40.     Pursuant to Labor Code §226.7, Plaintiff and the class members are entitled to one (1) hour of wages for every missed meal period and/or rest break, including interest, fees and costs, in an amount to be proved at trial.

. Wherefore, Plaintiff prays for relief as hereinafter set forth.

IX.

**THIRD CAUSE OF ACTION**

**VIOLATION OF BUSINESS & PROFESSIONS CODE §§17200 and 17203**

**(As Against All DEFENDANTS)**

41.     Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of the Complaint.

CLASS ACTION COMPLAINT

42. Within the four years preceding the filing of this action, DEFENDANTS have engaged and continues to engage in unfair and/or unlawful business acts and practices in violation of California Business & Professions Code §§17200 and 17203. These acts and practices constitute a continuing and ongoing unfair and/or unlawful business activity defined by Business & Professions Code §17200, and justify the issuance of an injunction, restitution, and other equitable relief pursuant to Business & Professions Code §17203.

43. DEFENDANTS have unlawfully designated Plaintiff and the proposed class as "exempt" employees to avoid the payment of overtime wages and other benefits in violation of Labor Code §200 et seq., Labor Code §500 et seq., Labor Code §1100 et seq., the California Code of Regulations, and the guidelines set forth by the IWC and California Division of Labor Standards Enforcement.

44. The conduct of DEFENDANTS is inimical to the public welfare since it transgresses remedial civil statutes of this state designed to protect workers from exploitation.

45. DEFENDANTS conduct in misclassifying Plaintiff and other members of the class and failing to pay overtime was unfair within the meaning of §17200 because it was against established public policy and has been pursued to attain an unjustified monetary advantage for DEFENDANTS by creating personal disadvantage and hardship to its employees. As such, DEFENDANTS' business practices and acts have been immoral, unethical, oppressive and unscrupulous.

46. By and through its unfair and/or unlawful business practices and acts described herein, DEFENDANTS have obtained valuable services from Plaintiff and all persons similarly situated and have deprived Plaintiff and all persons similarly situated of valuable rights and benefits guaranteed by law, all to their detriment.

47. Plaintiff, and all persons similarly situated, and all persons in interest, are entitled to and do seek such relief as may be necessary to restore to them the money and property which DEFENDANTS have acquired, or of which Plaintiff and class members have been deprived by means of the herein described unfair and/or unlawful business practices.

48. Plaintiff, and all persons similarly situated, and all persons in interest, are further entitled to and do seek a declaration that the above described business practices are unfair and unlawful, and injunctive relief restraining DEFENDANTS from engaging in any of the herein described unfair and/or unlawful business practices at all times in the future.

WHEREFORE, Plaintiff, on her own behalf and on behalf of the members of the class, prays for judgment as follows:

1. For an order certifying the proposed class;

2. Upon the First Cause of Action, for damages according to proof as set forth in California Labor Code § 1194, *et seq.* (and the applicable wage order) related to unpaid wages due and owing;

3. Upon the First Cause of Action, for waiting time wages according to proof pursuant to California Labor Code § 203 for all formerly employed members of the class;

4. Upon the Second Cause of Action, for a recovery of wages pursuant to Labor Code § 226.7 and the wage order;

5. Upon the First, Second and Third Causes of Action, for appropriate injunctive relief, including restitution;

6. For pre-judgment interest as allowed by California law;

7. For reasonable attorneys fees, expenses and costs as provided by California law; and

CLASS ACTION COMPLAINT

1

2     8.     For such other and further relief the Court may deem just and proper.

3                                      LAW OFFICES OF THOMAS W. FALVEY

4    Dated: October 31, 2012               RIGHETTI GLUGOSKI, P.C.

5

6                                  By:

7                                  John Glugoski
                                    Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

 CT Corporation

**Service of Process Transmittal**
11/13/2012
CT Log Number 521605580

TO: Jill M Calafiore, Rm 3A233G
AT&T Corp.
One AT&T Way-
Bedminster, NJ 07921-

RE: **Process Served in California**

FOR: AT&T Corp. (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Birdsong, Pltf./Petitioner vs. AT&T Corp., Dft./Respondent |
| **DOCUMENT(S) SERVED:** | Proof(s) of Service, |
| **COURT/AGENCY:** | Alameda County - Superior Court - Oakland, CA<br>Case # RG12654472 |
| **NATURE OF ACTION:** | Employee Litigation - Proof of service of summons in the above-referenced matter |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 11/13/2012 postmarked on 11/08/2012 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | John Glugoski<br>Reghitte Law Firm<br>456 Montgomery St.<br>#1400<br>San Francisco, CA 94104<br>415-983-0900 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/14/2012, Expected Purge Date: 11/24/2012<br>Image SOP<br>Email Notification, Jill M Calafiore jcalafiore@att.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.


CT Corporation

**Service of Process Transmittal**
11/13/2012
CT Log Number 521605580

TO: Jill M Calafiore, Rm 3A233G
AT&T Corp.
One AT&T Way-
Bedminster, NJ 07921-

RE: **Process Served in California**

FOR: AT&T Corp. (Domestic State: NY)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Notice of Hearing | By Regular Mail on 11/09/2012 postmarked on 11/07/2012 | Jill M Calafiore, Rm 3A233G AT&T Corp. | 521585757 |
| Summons, Addendum, Complaint, Cover Sheet | By Process Server on 11/05/2012 at 17:14 | Jill M Calafiore, Rm 3A233G AT&T Corp. | 521546475 |

Page 2 of 2 / MS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| John Glugoski, 191551 <br> RIGHETTI LAW FIRM <br> 456 Montgomery St. Suite 1400 <br> San Francisco, CA 94104 <br> TELEPHONE NO.: (415) 983-0900 <br> ATTORNEY FOR *(Name):* Plaintiff | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| Superior Court of California, Alameda County <br> 1225 Fallon Street, #209 <br> Oakland, CA 94612-4293 |

| PLAINTIFF/PETITIONER: Cathy Birdsong | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: AT&T Corp | RG12654472 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: <br> Birdsong v. AT&T |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:  Summons; Complaint; Civil Case Cover Sheet

**BY FAX**

3. a. Party served: AT&T Corp.

   b. Person Served: Margaret Wilson, CT Corporation System - Person authorized to accept service of process
4. Address where the party was served: 818 West Seventh Street 2nd Floor
   Los Angeles, CA 90017
5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 11/5/2012        (2) at  (time): 2:50 PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   c. on behalf of:


   AT&T Corp.


   under:      CCP 416.10 (corporation)
7. Person who served papers
   a. Name:          Jimmy Lizama
   b. Address:       One Legal - 194-Marin
                     504 Redwood Blvd #223
                     Novato, CA 94947

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 35.95
   e I am:
      (3) registered California process server.
          (i) Employee or independent contractor.
          (ii) Registration No.: 4553
          (iii) County: LOS ANGELES
8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 11/7/2012

Jimmy Lizama
(NAME OF PERSON WHO SERVED PAPERS)                            (SIGNATURE)

Form Adapted for Mandatory Use <br> Judicial Council of California POS-010 <br> [Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 6794496

**PROOF OF SERVICE**

STATE OF CALIFORNIA

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the action. My business address is Righetti Glugoski, P.C., 456 Montgomery Street, Suite 1400, San Francisco, California, 94104.

On Thursday, November 08, 2012 I served the foregoing document described as:

- **PROOF OF SERVICE OF SUMMONS (AT&T Corp.)**

on the interested parties by administering a true copy either by facsimile or in sealed envelopes addressed as follows:

**Agent for Process of Service**
**AT&T Corp.**
**CT Corporation**
818 West Seventh Street 2nd Floor
Los Angeles, CA 90017

( X )   **VIA U.S. MAIL:**
I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such envelopes would be deposited with the U.S. postal service on Thursday, November 08, 2012 with postage thereon fully prepaid, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and was executed on Thursday, November 08, 2012, at San Francisco, California.

Maryn Craig

RIGHETTI • GLUGOSKI, P. C.

ATTORNEYS AT LAW

456 MONTGOMERY STREET • SUITE 1400
SAN FRANCISCO • CALIFORNIA 94104

UNITED STATES POSTAGE
PITNEY BOWES

$ 000.650

02 1P        0004494396   NOV 08  2012
MAILED FROM ZIP CODE 94104

**Agent for Process of Service**

**AT&T Corp.**

**CT Corporation**

818 West Seventh Street 2nd Floor

Los Angeles, CA 90017

 CT Corporation

**Service of Process
Transmittal**
11/09/2012
CT Log Number 521585757

TO: Jill M Calafiore, Rm 3A233G
AT&T Corp.
One AT&T Way-
Bedminster, NJ 07921-

RE: **Process Served in California**

FOR: AT&T Corp. (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Birdsong, Pltf./Petitioner vs. AT&T Corp., Dft./Respondent |
| **DOCUMENT(S) SERVED:** | Notice of Hearing |
| **COURT/AGENCY:** | Alameda County - Superior Court - Oakland, CA<br>Case # RG12654472 |
| **NATURE OF ACTION:** | Employee Litigation - Notice is hereby giving that the above-entitled action has been set for Complex Determination Hearing and Case Management Conference |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 11/09/2012 postmarked on 11/07/2012 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | 12/10/2012 at 3:00 p.m. - Complex Determining Hearing // 01/15/2013 at 3:00 p.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | John Glugoski<br>Reghitte Glugoski, P.C.<br>456 Montgomery St.<br>#1400<br>San Francisco, CA 94104 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/10/2012, Expected Purge Date: 11/20/2012<br>Image SOP<br>Email Notification, Jill M Calafiore jcalafiore@att.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of 2 / SS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
11/09/2012
CT Log Number 521585757

**TO:** Jill M Calafiore, Rm 3A233G
AT&T Corp.
One AT&T Way-
Bedminster, NJ 07921-

**RE:** **Process Served in California**

**FOR:** AT&T Corp. (Domestic State: NY)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Summons, Addendum, Complaint, Cover Sheet | By Process Server on 11/05/2012 at 17:14 | Jill M Calafiore, Rm 3A233G AT&T Corp. | 521546475 |

Page 2 of 2 / SS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Righetti Glugoski, P.C.
Attn: Glugoski, John
456 Montgomery Street
Ste. 1400
San Francisco, CA   94104____

AT&T Corp.

## Superior Court of California, County of Alameda
### Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Birdsong<br><br>          Plaintiff/Petitioner(s)<br>VS.<br><br>AT&T Corp.<br>         Defendant/Respondent(s)<br>(Abbreviated Title) | No. RG12654472<br><br><br>NOTICE OF HEARING |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 12/10/2012   TIME: 03:00 PM   DEPARTMENT: 17
LOCATION: Administration Building, Third Floor
        1221 Oak Street, Oakland

Case Management Conference:
DATE: 01/15/2013   TIME: 03:00 PM   DEPARTMENT: 17
LOCATION: Administration Building, Third Floor
        1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 17 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6933. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 17.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions. Case Management Statements may be filed by E-Delivery, by emailing them to the following address:
EDelivery@alameda.courts.ca.gov. No fee is charged for this service. For further information,

go to **Direct Calendar Departments** at **http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 17.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 17 by e-mail at Dept.17@alameda.courts.ca.gov or by phone at (510) 267-6933.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 11/05/2012

Executive Officer / Clerk of the Superior Court

By _Cheryl Clark_

Digital

_____
Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 11/05/2012.

By _Cheryl Clark_

Digital

_____
Deputy Clerk

**PROOF OF SERVICE**

STATE OF CALIFORNIA

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the action. My business address is Righetti Glugoski, P.C., 456 Montgomery Street, Suite 1400, San Francisco, California, 94104.

On Wednesday, November 07, 2012 I served the foregoing document described as:

- **NOTICE OF HEARING**

on the interested parties by administering a true copy either by facsimile or in sealed envelopes addressed as follows:

**Agent for Process of Service**
**AT&T Corp., AT&T Services, Inc., AT&T Management Services, LP, AT&T Operations, Inc., Yellowpages.com, AT&T Mobility Services, LLC**
**CT Corporation**
818 West Seventh Street 2nd Floor
Los Angeles, CA 90017

( X )   **VIA U.S. MAIL:**
I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such envelopes would be deposited with the U.S. postal service on Wednesday, November 07, 2012 with postage thereon fully prepaid, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and was executed on Wednesday, November 07, 2012, at San Francisco, California.

Maryn Craig

PROOF OF SERVICE



# RIGHETTI · GLUGOSKI, P. C.

### ATTORNEYS AT LAW

456 MONTGOMERY STREET · SUITE 1400
SAN FRANCISCO · CALIFORNIA 94104

PITNEY BOWES
$ 000.450
02 1P 0004494396 NOV 07 2012
MAILED FROM ZIP CODE 94104

**Agent for Process of Service**

**AT&T Corp.**

**CT Corporation**

**818 West Seventh Street 2nd Floor**

**Los Angeles, CA 90017**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| John Glugoski, 191551<br>RIGHETTI LAW FIRM<br>456 Montgomery St. Suite 1400<br>San Francisco, CA  94104<br>TELEPHONE NO.:  (415) 983-0900<br>ATTORNEY FOR *(Name):*  Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, Alameda County
1225 Fallon Street,  #209
Oakland, CA  94612-4293

| PLAINTIFF/PETITIONER: Birdsong | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: AT&T Corp., et al. | RG12654472 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>Birdsong v. AT&T |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:   Complaint, Civil Case Cover Sheet, Summons, Summons Addendum

**BY FAX**

3. a. Party served: Yellowpages.com

   · b. Person Served: CT Corporation - Margaret Wilson - Person authorized to accept service of process

4. Address where the party was served:  818 West Seventh Street 2nd Floor
   Los Angeles, CA  90017

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on  (date): 11/6/2012            (2) at  (time): 3:05 PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   c. on behalf of:


      Yellowpages.com

      under:  Other: Limited Liability Company
7. **Person who served papers**
   a. Name:         Jimmy Lizama
   b. Address:      One Legal - 194-Marin
                    504 Redwood Blvd #223
                    Novato, CA  94947

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 35.95
   e I am:
      (3)  registered California process server.
         (i)  Employee or independent contractor.
         (ii) Registration No.: 4553
         (iii) County: LOS ANGELES
8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
   Date:  11/7/2012

   Jimmy Lizama                                                (SIGNATURE)
   (NAME OF PERSON WHO SERVED PAPERS)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | PROOF OF SERVICE OF SUMMONS | Code of Civil Procedure, § 417.10 |
|---|---|---|

OL# 6794500

## **PROOF OF SERVICE**

### STATE OF CALIFORNIA

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the action. My business address is Righetti Glugoski, P.C., 456 Montgomery Street, Suite 1400, San Francisco, California, 94104.

On Thursday, November 08, 2012 I served the foregoing document described as:

- **PROOF OF SERVICE OF SUMMONS (Yellowpages.com)**

on the interested parties by administering a true copy either by facsimile or in sealed envelopes addressed as follows:

**Agent for Process of Service**
**Yellowpages.com**
**CT Corporation**
818 West Seventh Street 2nd Floor
Los Angeles, CA 90017

( X )   **VIA U.S. MAIL:**
I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such envelopes would be deposited with the U.S. postal service on Thursday, November 08, 2012 with postage thereon fully prepaid, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and was executed on Thursday, November 08, 2012, at San Francisco, California.

Maryn Craig

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| John Glugoski, 191551<br>RIGHETTI LAW FIRM<br>456 Montgomery St. Suite 1400<br>San Francisco, CA 94104<br>TELEPHONE NO.: (415) 983-0900<br>ATTORNEY FOR *(Name):* Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

Superior Court of California, Alameda County
1225 Fallon Street, #209
Oakland, CA 94612-4293

| PLAINTIFF/PETITIONER: Birdsong | CASE NUMBER:<br>RG12654472 |
|---|---|
| DEFENDANT/RESPONDENT: AT&T Corp, et al. | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Birdsong v. AT&T |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of: Complaint, Civil Case Cover Sheet, Summons, Summons Addendum

# BY FAX

3. a. Party served: AT&T Operations, Inc.

   b. Person Served: CT Corporation - Margaret Wilson - Person authorized to accept service of process
4. Address where the party was served: 818 West Seventh Street 2nd Floor
   Los Angeles, CA 90017
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
   receive service of process for the party (1) on (date): 11/6/2012        (2) at  (time): 3:05 PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   c. on behalf of:


   AT&T Operations, Inc.

   under:        CCP 416.10 (corporation)
7. **Person who served papers**
   a. Name:        Jimmy Lizama
   b. Address:     One Legal - 194-Marin
                   504 Redwood Blvd #223
                   Novato, CA 94947

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 35.95
   e I am:
      (3) registered California process server.
         (i) Employee or independent contractor.
         (ii) Registration No.: 4553
         (iii) County: LOS ANGELES
8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 11/7/2012

Jimmy Lizama
(NAME OF PERSON WHO SERVED PAPERS)                    (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

OL# 6794499

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PROOF OF SERVICE**

### STATE OF CALIFORNIA

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the action. My business address is Righetti Glugoski, P.C., 456 Montgomery Street, Suite 1400, San Francisco, California, 94104.

On Thursday, November 08, 2012 I served the foregoing document described as:

- **PROOF OF SERVICE OF SUMMONS (AT&T Operations, Inc.)**

on the interested parties by administering a true copy either by facsimile or in sealed envelopes addressed as follows:

**Agent for Process of Service**
**AT&T Operations, Inc.**
**CT Corporation**
818 West Seventh Street 2nd Floor
Los Angeles, CA 90017

( X )   **VIA U.S. MAIL:**
I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such envelopes would be deposited with the U.S. postal service on Thursday, November 08, 2012 with postage thereon fully prepaid, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and was executed on Thursday, November 08, 2012, at San Francisco, California.

Maryn Craig

PROOF OF SERVICE

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| John Glugoski, 191551<br>RIGHETTI LAW FIRM<br>456 Montgomery St. Suite 1400<br>San Francisco, CA 94104<br>TELEPHONE NO.: (415) 983-0900<br>ATTORNEY FOR (Name): Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, Alameda County
1225 Fallon Street, #209
Oakland, CA 94612-4293

| PLAINTIFF/PETITIONER: Birdsong | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: AT&T Corp., et al. | RG12654472 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>Birdsong v. AT&T |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:   Complaint, Civil Case Cover Sheet, Summons, Summons Addendum

BY FAX

3. a. Party served: AT&T Mobility Services, LLC (Formerly doing business as Cingular Wireless, LLC)

   b. Person Served: CT Corporation - Margaret Wilson - Person authorized to accept service of process
4. Address where the party was served:   818 West Seventh Street 2nd Floor
   Los Angeles, CA  90017
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 11/6/2012          (2) at  (time): 3:05 PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   c. on behalf of:


   AT&T Mobility Services, LLC (Formerly doing business as Cingular Wireless, LLC)


   under:        Other: Limited Liability Company
7. **Person who served papers**
   a. Name:        Jimmy Lizama
   b. Address:     One Legal - 194-Marin
                   504 Redwood Blvd #223
                   Novato, CA  94947

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 35.95
   e I am:
      (3) registered California process server.
         (i)   Employee or independent contractor.
         (ii)  Registration No.: 4553
         (iii) County: LOS ANGELES
8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 11/7/2012

Jimmy Lizama
(NAME OF PERSON WHO SERVED PAPERS)                              (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

OL# 6794503

**PROOF OF SERVICE**

STATE OF CALIFORNIA

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the action. My business address is Righetti Glugoski, P.C., 456 Montgomery Street, Suite 1400, San Francisco, California, 94104.

On Thursday, November 08, 2012 I served the foregoing document described as:

- **PROOF OF SERVICE OF SUMMONS (AT&T Mobility Services LLC)**

on the interested parties by administering a true copy either by facsimile or in sealed envelopes addressed as follows:

**Agent for Process of Service**
**AT&T Mobility Services, LLC**
**CT Corporation**
818 West Seventh Street 2nd Floor
Los Angeles, CA 90017

( X )   **VIA U.S. MAIL:**
I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such envelopes would be deposited with the U.S. postal service on Thursday, November 08, 2012 with postage thereon fully prepaid, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and was executed on Thursday, November 08, 2012, at San Francisco, California.

Maryn Craig

PROOF OF SERVICE