1   MORGAN, LEWIS & BOCKIUS LLP
    GEORGE A. STOHNER, State Bar No. 214508
2   gstohner@morganlewis.com
    JOHN S. BATTENFELD, State Bar No. 119513
3   jbattenfeld@morganlewis.com
    300 South Grand Avenue
4   Twenty-Second Floor
    Los Angeles, CA  90071-3132
5   Tel:  213.612.2500
    Fax:  213.612.2501
6
    MORGAN, LEWIS & BOCKIUS, LLP
7   REBECCA EISEN, SBN 96129
    reisen@morganlewis.com
8   THERESA MAK, SBN 211435
    tmak@morganlewis.com
9   One Market, Spear Street Tower
    San Francisco, CA 94105-1126
10  Tel:  415.442.1000
    Fax:  415.442.1001
11
    Attorneys for Defendants
12  AT&T CORP., AT&T SERVICES, INC., AT&T
    MANAGEMENT SERVICES, LP, AT&T
13  OPERATIONS, INC., and AT&T MOBILITY
    SERVICES, LLC
14
                    UNITED STATES DISTRICT COURT
15
                    NORTHERN DISTRICT OF CALIFORNIA
16

17  CATHY BIRDSONG, individually and on         Case No. 4:12-cv-06175-TEH
    behalf of all others similarly situated,
18                                              **DEFENDANTS' NOTICE OF MOTION
                    Plaintiff,                  AND MOTION  TO DISMISS FIRST
19                                              AMENDED COMPLAINT PURSUANT
          vs.                                   TO FRCP 12(B)(6); MEMORANDUM OF
20                                              POINTS AND AUTHORITIES**
    AT&T CORP., AT&T SERVICES, INC.
21  (formerly SBC Services, Inc.), AT&T         **[FRCP 12(b)(6)]**
    MANAGEMENT SERVICES, LP, AT&T
22  OPERATIONS, INC., YELLOWPAGES.COM,
    AT&T MOBILITY SERVICES, LLC (formerly
23  doing business as Cingular Wireless, LLC) and   Date:      February 25, 2013
    DOES 1-25, inclusive,                           Time:      10:00 A.M.
24                                                  Courtroom: 12
                    Defendants.                     Judge:     Thelton E. Henderson
25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23792905.4

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on February 25, 2013 at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Thelton E. Henderson, in Courtroom 12 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendants AT&T Services, Inc., AT&T Corp., AT&T Management Services, LP, AT&T Operations, Inc., AT&T Mobility Services LLC (collectively "the AT&T Defendants") will and hereby do move this Court for an Order dismissing this action in its entirety with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").[1]

This Motion is made on the grounds that: (1) each claim and the class and collective allegations set forth in the First Amended Complaint ("FAC") fail to meet the pleadings standards enunciated by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009); and (2) with the exception of her own individual FLSA claim, Plaintiff released and waived her right to bring all the claims alleged in the FAC and such claims are barred.  As set forth in the accompanying memorandum, the Court should dismiss Plaintiff's FAC in its entirety with prejudice.

Defendants' Motion is based upon this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the Declaration of Denise Crawford, all matters on which this Court may take judicial notice, oral argument of counsel at the hearing, the files and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] On January 16, 2012, the AT&T Defendants filed an Administrative Motion with the Honorable Saundra B. Armstrong to consider whether the *Birdsong* case is related to an earlier case entitled *Herman Lu, an individual, on behalf of himself and all others similarly situated, vs. AT&T Services, Inc.; AT&T Mobility Services, LLC; Southwestern Bell Yellow Pages, Inc.; AT&T Operations, Inc.; Yellowpages.com; and Does 1 through 10, inclusive*, Case No. CV-10-5954-SBA.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23792905.4

1

Case No. 4:12-cv-06175-TEH
AT&T DEFS' MOTION TO DISMISS FAC

1   records in this action, and on such other and further argument and evidence as may be presented

2   at or before the hearing on this matter.

3   Dated: January 17, 2013                    MORGAN, LEWIS & BOCKIUS LLP

4

5                                              By   /s/ Theresa Mak

6                                                   REBECCA EISEN
                                                    THERESA MAK
7                                                   Attorneys for Defendants
                                                    AT&T CORP., AT&T SERVICES, INC., AT&T
8                                                   MANAGEMENT SERVICES, LP, AT&T
                                                    OPERATIONS, INC., and AT&T MOBILITY
9                                                   SERVICES, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23792905.4                                    2                    Case No. 4:12-cv-06175-TEH
                                                                  AT&T DEFS' MOTION TO DISMISS FAC

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................................................. 1

II.   FACTUAL BACKGROUND ................................................................................. 2

      A.   Plaintiff's Employment. ............................................................................ 2

      B.   Plaintiff's Separation Agreement and Release.......................................... 3

III.  PROCEDURAL HISTORY ................................................................................... 4

IV.   LEGAL ARGUMENT ........................................................................................... 5

      A.   The FAC Fails to Meet Federal Pleading Standards Under *Twombly* and
           *Iqbal*. ....................................................................................................... 5

           1.   Plaintiff's First and Second Claims For Unpaid Overtime Under the
                FLSA and California Labor Code Fail To Comply With FRCP 8
                Pleading Standards. ............................................................................. 7

           2.   Plaintiff's Third Claim For Meal and Rest Period Premiums Fails
                To Comply With FRCP 8 Pleading Standards. .................................. 9

           3.   Plaintiff's Fourth Claim For Failure to Pay All Wages Upon
                Termination Fails To Comply With FRCP 8 Pleading Standards. ..... 9

           4.   Plaintiff's Fifth, Sixth and Seventh Claims Are Derivative of Her
                Other Claims and Fail to Comply with FRCP 8 Pleading Standards........ 10

           5.   Plaintiff Fails to Allege Sufficient Facts Establishing FRCP 23
                Requirements..................................................................................... 12

                a.   The FAC Fails to Plead an Ascertainable Class........................... 13

                b.   The FAC Does Not Plausibly Suggest Compliance With
                     The Commonality or Typicality Requirements Of Rule 23.......... 13

           6.   The FAC Does Not Plausibly Suggest That The Proposed
                Collective Action Members Are Similarly Situated Under The
                FLSA. ................................................................................................ 15

      B.   Plaintiff's Release Agreement Bars All of Her Claims Except Her
           Individual FLSA Claim........................................................................... 16

           1.   California Law Strongly Favors the Enforcement of Releases.................. 16

**TABLE OF CONTENTS**
(continued)

| | | | Page |
|---|---|---|---|

2. The Broad Release Provisions Encompass Plaintiff's Individual State Wage Claims. .................................................................................. 17

3. Labor Code Section 206.5 Does Not Prohibit Plaintiff's Release of Her Claim Over Disputed Overtime Wages............................................. 19

C. Plaintiff has Waived Her Ability to Proceed with a Class Action. ....................... 21

D. Plaintiff has Waived Her Ability to Proceed with a Collective Action. .............. 22

1. Plaintiff's Collective Action Waiver Does Not Deprive Plaintiff of Any Substantive Rights under the FLSA. ................................................. 23

V. CONCLUSION ............................................................................................... 25

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

Case No. 4:12-cv-06175-TEH
AT&T DEFS' MOTION TO DISMISS FAC

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Amaral v. Cintas Corp. No. 2*
(2008) 163 Cal. App. 4th 1157 ........................................................................... 11

*Anderson v. Blockbuster, Inc.*,
CA No. 10-158, 2010 U.S. Dist. LEXIS 53854 (E.D. Cal. May 4, 2010) ......................... 10, 9

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) .................................................................. 1, 5, 6, 9, 12, 13

*Bailey v. Ameriquest Mortg. Co.*,
346 F.3d 821 (8th Cir. 2003) ............................................................................... 24

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .......................................................................... 1, 5, 6, 12, 13

*Black v. Comdial Corp.*,
No. 92 Civ. 81, 1995 U.S. Dist. LEXIS 2457 (W.D. Va. Feb. 15, 1994) ............................... 8

*Bradley v. Chiron Corp.*,
136 F.3d 1317 (9th Cir. 1998) .............................................................................. 16

*Brooklyn Savings Bank v. O'Neil*,
324 U.S. 697 (1945) ........................................................................................... 23

*Brown v. Sears Holding Mgt. Corp.*,
No. 09 C 2203, 2009 WL 2514173 (N.D. Ill. Aug. 17, 2009) ............................................ 24

*Carter v. Countrywide Credit Indus.*,
362 F.3d 294 (5th Cir. 2004) ................................................................................ 24

*Cathcart v. Sara Lee Corp.*,
No. 09-5748, 2010 WL 1486452 (N.D. Cal. Apr. 13, 2010) ............................................... 7

*Chindarah v. Pick Up Stix, Inc.*,
171 Cal. App. 4th 796 (2009) ............................................................................... 20

*Christakis v. Mark Burnett Prods.*,
2009 WL 1248947 (C.D. Cal. Apr. 27, 2009) .............................................................. 17

*Clarke v. JP Morgan Chase Bank, N.A.*,
No. 08 Civ. 2400(CM)(DCF), 2010 WL 1379778 (S.D.N.Y.) (Mar. 26, 2010) ...................... 8

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Clegg v. Cult Awareness Network*,
   18 F.3d 752 (9th Cir. 1994)..................................................................................... 6

*Colson v. Avnet, Inc.*,
   687 F. Supp. 2d 914 (D. Ariz. 2010)...................................................................... 15

*Cortez v. Purolator Air Filtration Prods. Co.*,
   23 Cal. 4th 163 (2000) ........................................................................................... 12

*Cox v. Allstate Ins., Co.*,
   No. 07-1449, 2009 WL 2591673 (W.D. Okla. Aug. 19, 2009) ............................. 14

*DeLeon v. Time Warner Cable, LLC*,
   No. 09-2438, 2009 U.S. Dist. LEXIS 74345 (C.D. Cal. July 17, 2009) ....... 7, 9, 10

*Denbicare U.S.A. Inc. v. Toys "R" US, Inc.*,
   84 F.3d 1143 (9th Cir. 1996).................................................................................. 12

*Doe v. Wal-Mart Stores, Inc.*,
   572 F.3d 677 (9th Cir. 2009)............................................................................. 6, 12

*Earnest v. Gen. Motors Corp.*,
   923 F. Supp. 1469 (N.D. Ala. 1996) ..................................................................... 13

*Flores v. EI Maintenance Co.*,
   No. 09-3613, 2010 WL 1010013 (N.D. Cal. Mar. 18, 2010)................................... 7

*Gilmer v. Interstate/Johnson Lane Corp.*,
   500 U.S. 20 (1991) ........................................................................................... 23, 24

*Gopal v. Yoshikawa*,
   147 Cal. App. 3d 128 (1983).................................................................................. 16

*Gutierrez v. Aaron's Inc.*,
   Case No. 2:10-cv-02417, 2010 U.S. Dist. LEXIS 126828 (E.D. Cal. Nov. 30, 2010) ............. 9

*Harding v. Time Warner, Inc.*,
   No. 09-1212, 2009 U.S. Dist. LEXIS 72851 (S.D. Cal. Aug. 18, 2009) ............... 10

*Herman Lu v. AT&T Services, Inc., AT&T Management Services LP, AT&T Mobility*
   *Services LLC, Southwestern Bell Yellow Pages, Inc., AT&T Operations, Inc., and*
   *Yellowpages.com LLC*,
   No. CV 10-5954 LB ................................................................................................. 2

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Horenstein v. Mortgage Market, Inc.*,
   9 Fed. Appx. 618 (9th Cir. 2001) ...................................................................................... 24

*Hudson v. Lancaster State Prison*,
   2009 WL 4730872 (C.D. Cal. Dec. 4, 2009) ...................................................................... 17

*In re Marriage of Hasso*,
   229 Cal. App.3d 1174 (1991) ............................................................................................ 16

*In re Moffett*,
   19 Cal. App. 2d 7 (1937) .................................................................................................... 11

*Jefferson v. Cal. Dep't of Youth Auth.*,
   28 Cal. 4th 299 (2002) ................................................................................................. 16, 18

*Jeske v. Maxim Healthcare Serv., Inc.*,
   2012 WL 78242 (E.D. Cal. Jan. 10, 2012) ........................................................................ 11

*Jimenez v. JP Morgan Chase & Co.*,
   2008 WL 2036896 (S.D. Cal. May 8, 2008) ................................................... 17, 20, 22, 24

*Johnson v. Hewlett-Packard Co.*,
   809 F. Supp. 2d 1114 (N.D. Cal. 2011) ............................................................................. 11

*Kelley v. SBC, Inc.*,
   No. 97-2729, 1998 WL 1794379 (N.D. Cal. Nov. 18, 1998) ............................................ 14

*Kelly v. City & County of San Francisco*,
   No. C 05-1287 SI, 2008 WL 2662017 (N.D. Cal. June 30, 2008) ................................ 20, 24

*Kirby v. Immoos*,
   53 Cal. 4th 1244 (2012) ..................................................................................................... 12

*Kline v. United Parcel Serv., Inc.*,
   No. C 09-00742 SI, 2010 WL 1461626 (N.D. Cal. Apr. 7, 2010) ..................................... 20

*Liger v. New Orleans Hornets NBA Ltd. P'ship*,
   No. 05 Civ. 1969, 2008 U.S. Dist. LEXIS 9098 (E.D. La. Feb. 6, 2008) ........................... 8

*Lu v. AT&T Services, Inc.*,
   2011 WL 2470268 ............................................................................................. 2, 17, 24, 25

*Marder v. Lopez*,
   450 F.3d 445 (9th Cir. 2006) ............................................................................................. 17

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

v

Case No. 4:12-cv-06175-TEH
AT&T DEFS' MOTION TO DISMISS FAC

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Mike v. Safeco Ins. Co. of Am.*,
    274 F. Supp. 2d 216 (D. Conn. 2003) ................................................................. 8

*N. Star Int'l v. Ariz. Corp. Comm'n*,
    720 F.2d 578 (9th Cir. 1983) ............................................................................... 5

*O'Shea v. Littleton*,
    414 U.S. 488 (1974) ........................................................................................... 22

*Pellett v. Sonotone Corp.*,
    26 Cal. 2d 705 (1945) ........................................................................................ 16

*Pineda v. Bank of America*,
    50 Cal. 4th 1389 (2010) ............................................................................... 12, 21

*Price v. Starbucks Corp.*,
    192 Cal. App. 4th 1136 (2011) .......................................................................... 12

*Ramirez v. Yosemite Water Co.*,
    20 Cal. 4th 785 (1999) ......................................................................................... 7

*Reber v. AIMCO / Bethesda Holdings, Inc.*,
    2008 WL 4384147 (C.D. Cal. 2008) .................................................................. 10

*Reid v. Overland Machined Products*,
    55 Cal. 2d 203 (1961) ........................................................................................ 20

*Reynov v. ADP Claims Services Group, Inc.*,
    2007 WL 5307977 (N.D. Cal. Apr. 30, 2007) ........................................ 18, 19, 21

*Rubin v. Wal-Mart Stores, Inc.*,
    599 F. Supp. 2d 1176 (N.D. Cal. 2009) ............................................................. 12

*Sanders v. Apple Inc.*,
    672 F. Supp. 2d 978 (N.D. Cal. 2009) ............................................................... 12

*Sanders v. Brown*,
    504 F.3d 903 (9th Cir. 2007) ............................................................................... 6

*Schneider v. Space Systems/Loral, Inc.*,
    2011 U.S. Dist. LEXIS 104414 (N.D. Cal. Sept. 15, 2011) ................................. 9

*See's Candy Shops, Inc. v. Superior Court*,
    210 Cal. App. 4th 889 (2012) ............................................................................ 11

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

vi

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Shearson/American Express, Inc. v. McMahon,*
    482 U.S. 220 (1987) ................................................................................................... 23

*Simon v. E. Ky. Welfare Rights Org.,*
    426 U.S. 26 (1976) ..................................................................................................... 22

*Singer v. Becton, Dickinson and Co.,*
    No. 08cv821 IEG (BLM), 2008 WL 2899825 (S.D. Cal. July 25, 2008) ................... 11

*Skrbina v. Fleming Companies, Inc.,*
    45 Cal. App. 4th 1353 (1996) .................................................................................... 16

*Smith v. Rae-Venter Law Group,*
    29 Cal. 4th 345 and 4 (2002) ..................................................................................... 10

*Stroman v. West Coast Grocery Co.,*
    884 F.2d 458 (9th Cir. 1989), *cert denied,* 498 U.S. 854 (1990) .............................. 18

*Sullivan v. Del Conte Masonry Co.,*
    238 Cal. App. 2d 630 (1965) ..................................................................................... 19

*Trinh v. J.P. Morgan Chase & Co.,*
    No. 07-CV-1666, 2008 WL 1860161 (S.D. Cal. Apr. 22, 2008) ............................... 15

*U.S. v. Mezzanatto,*
    513 U.S. 196 (1995) ................................................................................................... 23

*Vinole v. Countrywide Home Loans, Inc.,*
    571 F.3d 935 (9th Cir. 2009) ....................................................................................... 7

*Wal-Mart Stores, Inc. v. Dukes,*
    131 S. Ct. 2541 (2011) ............................................................................................... 14

*Wallace v. Countrywide Home Loans, Inc.,*
    SACV 08-1463 AG MLGX, 2009 WL 4349534 (C.D. Cal. Nov. 23, 2009) ............... 8

*Waller v. Truck Ins. Exch.,*
    11 Cal. 4th 1 (1995) ................................................................................................... 18

*Wass v. Npc Int'l,*
    No. 09-2254-JWL, 2010 U.S. Dist. LEXIS 143474 (D. Kan. June 24, 2010) ........... 13

*Watkins v. Wachovia Corp.,*
    172 Cal. App. 4th 1576 (2009) .................................................................................. 22

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

vii

Case No. 4:12-cv-06175-TEH
AT&T DEFS' MOTION TO DISMISS FAC

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Weigele v. FedEx Ground Package Sys.,*
    No. 06-CV-1330 JLS (POR), 2010 U.S. Dist. LEXIS 120475 (S.D. Cal. Nov. 15,
    2010) ................................................................................................................ 9, 12

*Winet v. Price,*
    4 Cal. App. 4th 1159 (1992).............................................................................. 16

*Young v. ABM Sec. Serv.,*
    905 F.2d 1541, 1990 WL 89347 (9th Cir. 1990) ................................................ 11

**STATUTES**

28 U.S.C.
    § 1332 .................................................................................................................... 4
    § 1441 .................................................................................................................... 4
    § 1446 .................................................................................................................... 5
    § 1453 .................................................................................................................... 5

29 U.S.C. § 216(c) ...................................................................................................... 23

Age Discrimination in Employment Act ("ADEA") ............................................ 23, 24

Cal. Bus. & Prof. Code
    § 17200 ............................................................................................................. 2, 12
    §§ 17200 *et seq.* .................................................................................................... 4

Cal. Civ. Code
    § 1541 .................................................................................................................. 16
    § 1542 ............................................................................................................. 18, 19
    § 1636 .................................................................................................................. 17
    § 1638 .................................................................................................................. 18

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 4:12-cv-06175-TEH
AT&T DEFS' MOTION TO DISMISS FAC

# TABLE OF AUTHORITIES
(continued)

Page(s)

Cal. Lab. Code
§ 201 ........................................................................................................... 10
§ 202 ........................................................................................................... 10
§ 203 ....................................................................................... 2, 4, 9, 10, 12, 21
§ 204 ......................................................................................... 1, 5, 10, 11, 12
§ 206 ........................................................................................................ 19, 20
§ 206.5 .................................................................................................. 19, 20, 21
§ 206.5(a) .............................................................................................. 19, 20
§ 206(a) ................................................................................................. 19, 20
§ 210 ........................................................................................................... 11
§ 210(b) ...................................................................................................... 11
§ 218 ............................................................................................................. 4
§ 226.7 ...................................................................................................... 4, 9
§ 510 .......................................................................................................... 2, 4
§ 512 ............................................................................................................. 9
§ 1194 ........................................................................................................... 4
§ 1198 ........................................................................................................... 4

Class Action Fairness Act of 2005 ................................................................ 5

Fair Labor Standards Act ("FLSA") ....................... 1, 2, 5, 7, 8, 15, 16, 17, 22, 23, 24, 25

FLSA § 216(b) ..................................................................................... 22, 23

**OTHER AUTHORITIES**

Fed. R. Civ. P.
8 ........................................................................ 1, 5, 6, 7, 9, 10, 13
12(b)(6) ............................................................... 1, 2, 3, 4, 5, 17
15(a)(3) ........................................................................................ 5
23 .................................................................................. 8, 12, 13, 14
23(a)(2) ................................................................................. 13, 14
23(a)(3) ....................................................................................... 13

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ix

Case No. 4:12-cv-06175-TEH
AT&T DEFS' MOTION TO DISMISS FAC

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiff Cathy Birdsong ("Plaintiff") brings this purported collective and class action against her former employer, Defendant AT&T Services, Inc, and other AT&T companies, alleging claims which she fully released by executing a General Release and Waiver ("Release") at the time her employment ended on or about June 26, 2012.[2]  Plaintiff brought the current lawsuit by ignoring the enforceable contract she signed.  The Court should dismiss Plaintiff's FAC because: (1) it fails to meet the minimum federal pleading standards required to state a right to relief under Federal Rules of Civil Procedure ("FRCP") Rule 8; and (2) Plaintiff released and waived all claims contained in the FAC except for her *individual* claim under the Fair Labor Standards Act ("FLSA").

At the initial pleading stage, a plaintiff must do more than make conclusory and unsupported allegations to withstand a motion to dismiss.  The mere recitation of legal elements of a cause of action is insufficient to state a claim.  Fed. R. Civ. P. 8; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 570 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). Plaintiff brings seven claims on her own and on behalf of other employees for (1) failure to pay wages in violation of the FLSA, (2) failure to pay wages, including unpaid overtime, (3) meal and/or rest period premiums, (4) waiting time penalties, (5) failure to provide accurate itemized statements, (6) violation of labor code section 204, and (7) unfair competition, but alleges virtually **no** facts to support her allegations or these claims.  Moreover, when, as here, a complaint is brought on behalf of an unrepresented class, absent a plausible theory of class-wide relief supported by factual allegations, the Court should dismiss the class claims as well pursuant to Rule 12(b)(6) .

In addition, the Court should dismiss all of Plaintiff's claims with the exception of her

---

[2] Plaintiff was employed by AT&T Services, Inc.  Declaration of Susan Koons in Support of Notice of Removal, Dkt No. 2, ¶¶1-2.  Plaintiff, however, names four other AT&T entities and affiliates in her lawsuit, including: AT&T Corp., AT&T Management Services LP, AT&T Operations, Inc. and AT&T Mobility Services, LLC.  Throughout this motion, these entities will be collectively referred to as "the AT&T Defendants."

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23792905.4

1

Case No. 4:12-cv-06175-DMR
MPA ISO AT&T DEFS' MOTION TO
DISMISS FAC

1   individual FLSA claim because she signed a release that clearly bars each claim.  Plaintiff's

2   purported collective and class claims are barred by an express representative action waiver and, in

3   any event, Plaintiff cannot represent a putative or collective class when her own individual claims

4   are barred by the Release.  Importantly, a district judge of this Court has already determined that

5   the same release at issue in this action is valid, enforceable and bars an individual's state wage

6   and hour claims as well as collective and class claims as a matter of law.  Specifically, in an

7   action entitled *Herman Lu v. AT&T Services, Inc., AT&T Management Services LP, AT&T*

8   *Mobility Services LLC, Southwestern Bell Yellow Pages, Inc., AT&T Operations, Inc., and*

9   *Yellowpages.com LLC*, No. CV 10-5954 LB, Judge Saundra Brown Armstrong held, just last

10  year, that plaintiff Herman Lu (represented by the same attorney who represents Plaintiff

11  Birdsong) had signed a general release upon termination of his employment with AT&T Services,

12  Inc. and that as a consequence, he had released all claims alleged in his complaint, including

13  claims identical to those made here – a collective action claim under the FLSA, and claims for

14  overtime wages under Labor Code sections 510 and 1194, waiting time penalties under Labor

15  Code section 203, inaccurate wage statements, and unfair competition under Business and

16  Professions Code section 17200.  *Lu v. AT&T Services, Inc*., No. C 10-05954 SBA, 2011 WL

17  2470268, *1 (N.D. Cal. June 21, 2011).  For the same reasons articulated in Judge Armstrong's

18  opinion in *Lu*, the Court should grant the AT&T Defendants' Rule 12(b)(6) motion and dismiss

19  all of Plaintiff's barred claims, with prejudice.

20  **II.      FACTUAL BACKGROUND**

21          **A.      Plaintiff's Employment.**

22          During the relevant period from October 1, 2008 until her termination on or about June

23  26, 2012, Plaintiff was employed by Defendant AT&T Services, Inc. in its Information

24  Technology ("IT") business unit.  FAC, ¶¶5, 6, 16.  From October 1, 2008, Plaintiff was

25  employed in the IT unit and was classified as exempt from overtime.  *Id*.  Plaintiff alleges that she

26  was "reclassified" on or about February 2012 and thereafter was employed in the IT Department

27  as non-exempt from overtime.  *Id*.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23792905.4

2

Case No. 4:12-cv-06175-DMR
MPA ISO AT&T DEFS' MOTION TO
DISMISS FAC

**B.**     **Plaintiff's Separation Agreement and Release.**

On or about June 26, 2012, Plaintiff signed a Release regarding her employment

separation from Defendant AT&T Services, Inc.  Declaration of Denise Crawford In Support of

Motion to Dismiss ("Crawford Decl."), Exh. A.  The Release specifically provides that Plaintiff

would receive a "severance allowance" in consideration of her execution of the Release.[3]  *Id*. at

pp. 1-6, §§ I and III.  In exchange for the severance allowance, Plaintiff released any and all

claims she might have had against the AT&T Defendants.  *Id*. at p. 7.  Specifically, the Release

provided in a separate section entitled, in bold and all capital letters, "GENERAL RELEASE

AND WAIVER OF CLAIMS":

> In exchange for the Plan benefits described under Section III of this
> General Release and Waiver, I ***hereby release*** the Plan, AT&T Inc.
> and the Participating Company and their current and former
> parents, subsidiaries, affiliates, successors or assigns (the
> "Companies"), and the Companies' current and former officers,
> directors, employee benefit plans, employees and related parties
> (Released Parties) from ***any claims, liabilities, demands or causes
> of action, whether for discrimination, breach of contract, or any
> other claim*** … that I may have or claim to have had as of or prior to
> the date of this General Release and Waiver ….

*Id*., p. 7, §IV (emphasis added).  With respect to the payment of wages, Plaintiff expressly agreed:

> [A]ny wages and overtime payments owed me have been paid
> (except for any amounts I claim are due and owing which I have
> listed at the end of this General Release and Waiver), and that the
> benefits extended to me in exchange for this General Release and
> Waiver are in addition to all such amounts.

*Id*.  Plaintiff further waived her right to participate in or initiate any class or collective action

against AT&T.  Specifically, the Release provided:

> Without limiting the generality of the foregoing, ***I agree that I will
> not bring or participate in any class action or collective action***
> against the Company which asserts, in whole or in part, any claim
> (s) which arose prior to the date I sign this Agreement, whether or
> not such claims are covered by the Release.

*Id*. (emphasis added).  Plaintiff did not list any amounts as due or owing.  *Id*. at 7.

At the beginning of the document, the Release provided explicit directions to Plaintiff,

---

[3] The Release was entered into between Plaintiff and AT&T Services, Inc. (the "Participating Company"), but expressly extends to all parents, subsidiaries, affiliates, and related parties of AT&T, Inc. and the Participating Company and thus includes all of the AT&T Defendants.  *Id*. at pp. 1, 7.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23792905.4

3

Case No. 4:12-cv-06175-DMR
MPA ISO AT&T DEFS' MOTION TO
DISMISS FAC

explaining its importance in bold:

> **This General Release and Waiver is an important document, which you should examine carefully before signing. You are encouraged to see the advice of anyone you need to in order to make an informed decision, including your financial advisor. You should consult with an attorney before signing this General Release and Waiver.**

*Id.* at p. 1, §I (emphasis in original).

At the end of the document immediately above her signature, Plaintiff again acknowledged that:

> By signing below, I acknowledge that my election to accept the benefits of the Plan, and to release any claims described above, is knowing, free and voluntary and will become irrevocable seven calendar days after I sign this General Release and Waiver.
>
> **I hereby acknowledge by my signature that I have carefully read and fully understand all of the provisions of this document. I have been encouraged to consider this document carefully and to seek legal and financial advice before signing it.**

*Id.*, p. 7. (Emphasis in original).

## III.   PROCEDURAL HISTORY

On October 1, 2012, Plaintiff filed a civil action in the Superior Court of the State of California for the County of Alameda, entitled *Cathy Birdsong, individually and on behalf of all others similarly situated vs. AT&T Corp., AT&T Services, Inc. (formerly SBC Services, Inc.), AT&T Management Services, LP, AT&T Operations, Inc., Yellowpages.com, AT&T Mobility Services, LLC (formerly doing business a Cingular Wireless, LLC) and Does 1-25, inclusive,* Case Number RG 12654472 ("Complaint").  The Complaint alleged three claims: (1) failure to pay overtime wages pursuant to California Labor Code Sections 218, 510, 1194 and 1198 and request for waiting time penalties pursuant to Labor Code Section 203; (2) failure to provide meal/rest breaks pursuant to Labor Code Section 226.7; and (3) unfair business practices pursuant to California Business and Professions Code Sections 17200 *et seq.*  Complaint, ¶¶27-48.  No federal claim was asserted.

On December 5, 2012, the AT&T Defendants removed this action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. Sections 1332, 1441,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23792905.4

4

Case No. 4:12-cv-06175-DMR
MPA ISO AT&T DEFS' MOTION TO
DISMISS FAC

1    1446, and 1453 and the Class Action Fairness Act of 2005.

2    On December 12, 2012, Defendants filed a Motion to Dismiss Plaintiff's Complaint on the

3    grounds that each cause of action failed to meet the minimum pleading standards required to state

4    a right to relief and that Plaintiff released and waived all claims contained in the Original

5    Complaint.  Dkt. #7.  Rather than file an Opposition to that Motion to Dismiss, Plaintiff filed the

6    FAC on January 4, 2013.  Dkt. #20.  The FAC adds in a federal claim, thus mooting the question

7    of federal jurisdiction.  However, the FAC neither cures the pleading defects addressed in the

8    original Motion to Dismiss, nor contests the validity of the Release which bars Plaintiff's claims

9    or even mentions the Release.  Instead, the FAC *adds* (1) individual and collective action claims

10   under the FLSA, (2) claims for failure to provide accurate wage statements, and (3) claims for

11   violation of Labor Code section 204.  By this motion, the AT&T Defendants move to dismiss all

12   claims in the FAC.  First, the FAC should be dismissed because Plaintiff fails to satisfy the

13   requisite pleading standard for the claims asserted in the FAC.  Second, with the exception of

14   Plaintiff's individual FLSA claim, all of her claims, including those asserted on behalf of a

15   putative or collective class, are barred by the Release.

16   **IV.   LEGAL ARGUMENT**

17   A defendant may move to dismiss a claim for failure to state a claim upon which relief can

18   be granted to test the complaint's sufficiency.  Fed. R. Civ. P. 12(b)(6); *N. Star Int'l v. Ariz. Corp.*

19   *Comm'n,* 720 F.2d 578, 581 (9th Cir. 1983).  Defendants can file a motion to dismiss an amended

20   pleading within the time remaining to respond to the original pleading or within 14 days after

21   service of the amended pleading, whichever is later.  Fed. R. Civ. P. 15(a)(3).

22   **A.    The FAC Fails to Meet Federal Pleading Standards Under *Twombly* and *Iqbal*.**

23   
24   Federal Rule of Civil Procedure ("Rule") 8(a)(2) requires a plaintiff to set forth "a short

25   and plain statement of the claim showing that the pleader is entitled to relief."  Pursuant to Rule 8,

26   a complaint must allege "***enough facts*** to state a claim for relief that is plausible on its face."

27   *Twombly*, 550 U.S. at 570 (emphasis added).  If the allegations do not move the "claims across

28   the line from conceivable to plausible, [the] complaint must be dismissed."  *Id*.  The Supreme

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23792905.4

5

Case No. 4:12-cv-06175-DMR
MPA ISO AT&T DEFS' MOTION TO
DISMISS FAC

1   Court made clear that it is not proper to assume a plaintiff can prove facts not alleged or that

2   defendants violated laws in ways not alleged.  *Id.* at 563, n. 8.  A plaintiff must include factual

3   allegations sufficient to "raise a right to relief above the speculative level."  *Id.* at 555.  Factual

4   allegations must "possess enough heft to show that the pleader is entitled to relief."  *Id.* at 545.

5         It is axiomatic that a plaintiff cannot meet Rule 8's threshold requirement simply by

6   reciting legal language or by stating legal conclusions unsupported by factual allegations.  *See*

7   *Iqbal*, 129 S. Ct. at 1949-50 (2009) ("Threadbare recitals of the elements of a cause of action,

8   supported by mere conclusory statements, do not suffice."); *see also Sanders v. Brown*, 504 F.3d

9   903, 910 (9th Cir. 2007) (conclusory legal allegations not adequate to defeat a motion to dismiss);

10  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (courts are "not required

11  to accept legal conclusions cast in the form of factual allegations").   Legal conclusions must be

12  supported by factual allegations.  *Iqbal*, 129 S. Ct. at 1950 (2009).  Where the facts pled do not

13  permit the court to infer more than the mere possibility of misconduct, the complaint has failed to

14  demonstrate that the pleader is entitled to relief.  *Iqbal,* 129 S.Ct. 1937, 1949-50.

15        The reason for enforcing the *Twombly*/*Iqbal* pleading requirement, particularly in class

16  actions, is clear: without the courts acting as gatekeepers, any employee could simply allege, in

17  conclusory fashion, that plaintiff and a class of people were subjected to violations of some law

18  without any factual underpinning to those allegations.   In doing so, plaintiffs could needlessly

19  subject a defendant to the expense and burden of litigating a class action.  Rule 8 and the pleading

20  standards articulated in *Twombly* and *Iqbal* are designed to prevent precisely such abuses.

21  *Twombly*, 550 U.S. at 559, 560 n.6 (dismissal of claims failing to meet the pleading standards is

22  especially vital for cases in which the threat of "sprawling, costly, and hugely time-consuming"

23  discovery "will push cost-conscious defendants to settle even anemic cases.").  Courts have

24  routinely applied the *Twombly* and *Iqbal* standard to dismiss wage and hour allegations asserted

25  on behalf of a putative class where those allegations are based on insufficient facts.  *See, e.g., Doe*

26  *v. Wal-Mart Stores, Inc.,* 572 F.3d 677, 683 (9th Cir. 2009) (affirming dismissal of class action

27  where the factual allegations in plaintiff's complaint were conclusory and lacked specificity);

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23792905.4

6

Case No. 4:12-cv-06175-DMR
MPA ISO AT&T DEFS' MOTION TO
DISMISS FAC

*Cathcart v. Sara Lee Corp.,* No. 09-5748, 2010 WL 1486452, at *1 (N.D. Cal. Apr. 13, 2010) (dismissing overtime and meal and rest break claims because plaintiffs failed to meet *Iqbal's* pleading standards); *Flores v. EI Maintenance Co.*, No. 09-3613, 2010 WL 1010013, at *2-3 (N.D. Cal. Mar. 18, 2010) (applying *Twombly/Iqbal* pleading standard to dismiss wage and hour allegations); *DeLeon v. Time Warner Cable, LLC,* No. 09-2438, 2009 U.S. Dist. LEXIS 74345 (C.D. Cal. July 17, 2009) (granting motion to dismiss under *Twombly/Iqbal*, and holding that parroting statutory language and asserting conclusory statements of liability fails to state a claim for violations of the California Labor Code).

1. **Plaintiff's First and Second Claims For Unpaid Overtime Under the FLSA and California Labor Code Fail To Comply With FRCP 8 Pleading Standards.**

In her first and second cause of action for failure to pay overtime, premised on violations of the FLSA and California Labor Code, Plaintiff alleges that she and putative class members are all entitled to overtime wages; but the sole factual allegation supporting this claim is that they were allegedly reclassified from exempt to non-exempt in about February 2012.  FAC, ¶¶ 6, 16. Plaintiff fails to allege even a single fact to support a conclusion that she or others were misclassified prior to the reclassification.  But the unremarkable fact that Plaintiff and others were reclassified in 2012 or any other point during the proposed class period does not mean that they were previously <u>mis</u>classified and does not establish liability for the period prior to the reclassification.  This is so because an employee's status as exempt or non-exempt depends upon an analysis of the employee's compensation, job duties and the amount of time the employee spent on those duties, which, if circumstances should change, may warrant a reclassification for a variety of reasons.  *Ramirez v. Yosemite Water Co*., 20 Cal. 4th 785, 802 (1999); *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 945 (9th Cir. 2009) (in order to determine whether an employee is exempt under California law, a court "must conduct an individualized analysis of the way each employee actually spends his or her time…..").

Indeed, as the courts have held, an employer's decision to reclassify employees does not even suggest, let alone establish, that the classification prior to a reclassification was improper.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

DB2/ 23792905.4

7

Case No. 4:12-cv-06175-DMR
MPA ISO AT&T DEFS' MOTION TO
DISMISS FAC

1   *See Wallace v. Countrywide Home Loans, Inc.*, SACV 08-1463 AG MLGX, 2009 WL 4349534

2   (C.D. Cal. Nov. 23, 2009) (holding that reclassification does not constitute concession of

3   misclassification and does not preclude the existence of genuine dispute of material facts

4   regarding whether plaintiffs and putative class members were previously entitled to overtime

5   compensation under the FLSA and California Labor Code); *Clarke v. JP Morgan Chase Bank,*

6   *N.A.,* No. 08 Civ. 2400(CM)(DCF), 2010 WL 1379778 (S.D.N.Y.) (March 26, 2010) (holding

7   that "the mere fact that an employee was reclassified cannot establish an employer's liability

8   [under the FLSA] for the period prior to the reclassification."); *Liger v. New Orleans Hornets*

9   *NBA Ltd. P'ship*, No. 05 Civ. 1969, 2008 U.S. Dist. LEXIS 9098, at * 7 (E.D. La. Feb. 6, 2008)

10  (finding that "evidence of [defendant's] post-lawsuit compliance with the FLSA is not relevant to

11  determining whether the [defendant] can claim the exemption during the period of time before the

12  lawsuit was filed"); *Mike v. Safeco Ins. Co. of Am.*, 274 F.Supp.2d 216, 221 (D. Conn. 2003)

13  (denying class certification because reclassification "does not provide the necessary common

14  thread" required under Rule 23 and that "[t]he merits of [plaintiff's] claim will turn upon

15  evidence relating to [his] day-to-day tasks, and not upon any Safeco company policy or

16  decision"); *Black v. Comdial Corp.*, No. 92 Civ. 81, 1995 U.S. Dist. LEXIS 2457, at *7-10 (W.D.

17  Va. Feb. 15, 1994) (finding exemption inapplicable based on his job duties, not because

18  defendant had reclassified position as nonexempt after a DOL audit).

19      Here, in the FAC, Plaintiff fails to allege a single fact about her own job duties or even her

20  own employer, let alone the varying job duties of other members of the proposed class and their

21  different employers.  The FAC fails to identify Plaintiff's job title or the job titles of the putative

22  class members.  Instead, Plaintiff seeks to represent a class of all Information Technology ("IT")

23  employees, regardless of their employer, regardless of their job titles or job duties, and regardless

24  of the reasons for reclassification, all on the basis that they were "informed that they were being

25  changed from exempt to non-exempt status on or about February 2012."  FAC, ¶ 16.  The Court

26  should dismiss Plaintiff's first and second claims alleging entitlement to overtime wages under

27  the FLSA and California Labor Code; they are not supported by sufficient factual allegations.

28

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco
DB2/ 23792905.4

8

Case No. 4:12-cv-06175-DMR
MPA ISO AT&T DEFS' MOTION TO
DISMISS FAC

**2.**     <u>**Plaintiff's Third Claim For Meal and Rest Period Premiums Fails To Comply With FRCP 8 Pleading Standards.**</u>

Plaintiff similarly pleads no factual basis for her third claim alleging Defendants' failure to provide required meal and rest periods. The claim is stated entirely in conclusory language, without any specific facts. As Plaintiff has failed adequately to allege that she was misclassified as exempt, by definition, she has failed to allege even an entitlement to meal and rest breaks. Plaintiff's "naked assertions" are insufficient to state a claim under Sections 226.7 and 512. *Schneider v. Space Systems/Loral, Inc.,* 2011 U.S. Dist. LEXIS 104414, *6 (N.D. Cal. Sept. 15, 2011) (quoting *Iqbal*, 129 S.Ct. at 1949) (dismissing meal/rest break claim due to conclusory allegations).[4]

In similar cases, deficient allegations of meal and rest period violations have all resulted in dismissal. *Gutierrez v. Aaron's Inc.,* Case No. 2:10-cv-02417, 2010 U.S. Dist. LEXIS 126828, *8 (E.D. Cal. Nov. 30, 2010) (dismissing meal period claim with only "a recitation of the applicable law followed by a legal conclusion referencing Defendant"); *Weigele v. FedEx Ground Package Sys.,* No. 06-CV-1330 JLS (POR), 2010 U.S. Dist. LEXIS 120475,*11-12 (S.D. Cal. Nov. 15, 2010) (finding the following insufficient: "…Defendant required Plaintiffs to work…without being giving a 30-minute meal period for shifts of at least five hours and second 30-minute meal periods for shifts of at least ten hours…Defendant's conduct violated the applicable Wage Orders and Labor Code section 226.7"); *Anderson*, 2010 U.S. Dist. LEXIS 53854, at * 7 (dismissing meal/rest claims where plaintiff alleged "no more than conclusions"); and *Deleon*, 2009 U.S. Dist. LEXIS 74345, at *6 (dismissing claims where the plaintiff simply parroted the statutory language).

**3.**     <u>**Plaintiff's Fourth Claim For Failure to Pay All Wages Upon Termination Fails To Comply With FRCP 8 Pleading Standards.**</u>

Plaintiff also fails to plead sufficient facts to support her attendant request for Labor Code Section 203 waiting time penalties, which permits the recovery of a penalty only if earned wages

---

[4] Despite the fact that these very arguments are made in the AT&T Defendants' initial motion to dismiss, Plaintiff did not add any factual allegations to her meal and rest period claim into her FAC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23792905.4

9

Case No. 4:12-cv-06175-DMR
MPA ISO AT&T DEFS' MOTION TO
DISMISS FAC

1   are <u>willfully</u> withheld upon termination.  The FAC is devoid of any allegation regarding how and

2   in what manner a final wage payment was due to Plaintiff or was untimely under Section 201 or

3   202, let alone how any failure to pay was "willful."  Indeed, Plaintiff does not even specify when

4   her employment terminated, whether she quit and provided the requisite 72 hours notice under

5   Section 201, or was terminated by Defendant under Section 202.  *See Anderson v. Blockbuster,*

6   *Inc.*, CA No. 10-158, 2010 U.S. Dist. LEXIS 53854, *6-*7 (E.D. Cal. May 4, 2010) (general

7   allegations that defendants "willfully failed to pay all overtime" were "no more than conclusions

8   [and]. . .not entitled to the assumption of truth"); *Deleon v. Time Warner Cable LLC*, CA No. 09-

9   2438, 2009 U.S. Dist. LEXIS 74345, *7-8 (C.D. Cal. July 17, 2009) (dismissing claim of

10  "willful" conduct because plaintiff did no more than "regularly recite [] the statutory language

11  setting forth the elements of the claim"); *Harding v. Time Warner, Inc.*, No. 09-1212, 2009 U.S.

12  Dist. LEXIS 72851, *8-*9 (S.D. Cal. Aug. 18, 2009) (allegation that employer "willfully" failed

13  to "pay and properly calculate overtime" was "conclusory" and would be assigned "no weight").[5]

14                    **4.     Plaintiff's Fifth, Sixth and Seventh Claims Are Derivative of Her
                              Other Claims and Fail to Comply with FRCP 8 Pleading Standards.**

15

16          Plaintiff fails to plead sufficient facts for her fifth, sixth and seventh claims.  All three

17  claims are derivative of her conclusory allegation that she and other members of the putative class

18  were misclassified and thus denied overtime compensation and meal and rest breaks.  Plaintiff

19  fails to plead any facts in support of these claims.

20          Plaintiff's fifth claim alleges that Defendants failed to provide her with accurate itemized

21  wage statements based on the conclusion that her wage statements did not reflect the overtime or

22  meal and rest period premiums she alleges Defendants owe her.  This claim is entirely derivative

23  of her misclassification claim and fails to establish anything more than conclusory assertions.

24          Plaintiff's sixth claim alleges that Defendants violated Labor Code section 204 by failing

25  _____

    [5] Clearly, the parties have a bona fide dispute as to whether Plaintiff was "misclassified" or that any wages
26  were even due to Plaintiff.  As the California Supreme Court has recognized, where an employer has a
    reasonable, good faith belief that no wages were owed, the failure to timely pay is not "willful."  *Smith*
27  *v. Rae-Venter Law Group*, 29 Cal. 4th 345, 354, fn. 3 and 4 (2002).  *See also Reber v. AIMCO /*
    *Bethesda Holdings, Inc.*, 2008 WL 4384147, *24, (C.D. Cal. 2008) (summary adjudication appropriate
28  on Section 203 claim where good faith dispute existed whether employees were exempt).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23792905.4

10

Case No. 4:12-cv-06175-DMR
MPA ISO AT&T DEFS' MOTION TO
DISMISS FAC

1    to pay wages for all hours worked.  Here, Plaintiff merely parrots the statutory language and fails

2    to even allege the conclusory, and inaccurate, assertion that she and others were not paid all

3    wages due to the alleged misclassification.  As an initial matter, "'the sole purpose of [section

4    204] is to require an employer of labor who comes within its terms to maintain two regular pay

5    dates each month, within the dates required in that section"; "section 204 does not provide for the

6    payment of any wages nor create any substantive right to wages."  *See's Candy Shops, Inc. v.*

7    *Superior Court*, 210 Cal. App. 4th 889, 905 (2012), *citing In re Moffett*, 19 Cal. App. 2d 7, 14

8    (1937).

9            Further, it is well settled that Section 204 does not provide a private right of action.  The

10   remedy for violation of section 204 is found in section 210, which provides that "every person

11   who fails to pay the wages of each employee as provided in Section 204 . . . shall be subject to a

12   civil penalty." Cal. Labor Code § 210. *See also Singer v. Becton, Dickinson and Co.*, No.

13   08cv821 IEG (BLM), 2008 WL 2899825 (S.D. Cal. July 25, 2008). Section 210 further states that

14   "[t]he penalty shall be recovered <u>by the Labor Commissioner</u> as part of a hearing held to recover

15   unpaid wages and penalties pursuant to this chapter or in an independent civil action . . . brought

16   in the name of the people of the State of California and the Labor Commissioner and the attorneys

17   thereof may proceed and act for and on behalf of the people in bringing these actions." (Emphasis

18   added.)  The California Court of Appeal has found that only the Labor Commissioner can recover

19   penalties directly under section 210.  *See*, e.*g., Amaral v. Cintas Corp. No. 2* (2008) 163

20   Cal.App.4th 1157, 1195 (explaining that prior to the Private Attorneys General Act ("PAGA"),

21   "only the Labor Commissioner was authorized" to pursue penalties under certain Labor Code

22   provisions such as Labor Code §210(b)).  The Ninth Circuit and multiple federal district courts

23   have reached the same conclusion.  *See, e.g.*, *Young v. ABM Sec. Serv.*, 905 F.2d 1541, 1990 WL

24   89347, at *5 (9th Cir. 1990) ("The statute does not grant employees a private right of action

25   against employers who violate section 204."); *Jeske v. Maxim Healthcare Serv., Inc.*, 2012 WL

26   78242, at *3-4 (E.D. Cal. Jan. 10, 2012) (dismissing section 204 claim with prejudice because no

27   private right of action exists under section 204); *Johnson v. Hewlett-Packard Co.*, 809 F. Supp.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23792905.4

11

1  2d 1114, 1137 (N.D. Cal. 2011) (explaining that nothing in section 204 indicates that a private

2  right of action exists).

3        Plaintiff's seventh claim for Violation of Business & Professions Code Section 17200 is

4  also entirely derivative of her misclassification claim.  The seventh claim must be dismissed

5  because she fails to plead sufficient facts for the underlying claim of misclassification.  To state a

6  Section 17200 claim, Plaintiff must allege material facts which, if established, demonstrate

7  Defendants violated an underlying labor law which authorizes restitution.[6] *Iqbal,* 129 S. Ct. at

8  1950; *Twombly,* 550 U.S. at 555; *Denbicare U.S.A. Inc. v. Toys "R" US, Inc.*, 84 F.3d 1143,

9  1152-1153 (9th Cir. 1996) (a cause of action for an alleged violation of Section 17200 cannot be

10  sustained absent a violation of an underlying statute); *Weigele*, 2010 U.S. Dist. LEXIS 120475, at

11  *13 n. 4 ("Because Plaintiffs' unfair competition claim derives from their overtime claims and

12  meal and rest period claims, the unfair competition claim fails if the other claims fail."); *Rubin v.*

13  *Wal-Mart Stores, Inc.*, 599 F. Supp. 2d 1176, 1147 (N.D. Cal. 2009) (holding that where claims

14  for violations of the Labor Code failed, derivative UCL claims also failed); *Price v. Starbucks*

15  *Corp.*, 192 Cal. App. 4th 1136, 1142 (2011) (same).

16       **5.**     **Plaintiff Fails to Allege Sufficient Facts Establishing FRCP 23**
              **Requirements.**

17        The *Twombly* and *Iqbal* pleading requirements also apply to class allegations and require

18  that the plaintiff allege sufficient facts for a court to determine that a plaintiff is entitled to move

19  forward, and subject defendants to the rigors, burdens, and costs of discovery in a class action.

20  *See, e.g., Doe v. Wal-Mart Stores, Inc.,* 572 F.3d 677, 683 (9th Cir. 2009) (affirming dismissal of

21  class action pursuant to *Twombly* where the factual allegations in plaintiff's complaint regarding

22  the class were conclusory and lacked specificity); *Sanders v. Apple Inc.,* 672 F. Supp. 2d 978,

23  990-91 (N.D. Cal. 2009) (dismissing and striking class claims at the pleading stage).

24

25  [6] Plaintiff's request for Section 203 waiting time penalties cannot serve as a basis for a Section 17200
claim in any case because "section 203 penalties cannot be recovered as restitution under the UCL."

26  *Pineda v. Bank of America*, 50 Cal. 4th 1389, 1401-02 (2010).  Nor can Plaintiff's claim for meal and rest
period premiums support a Section 17200 claim as those premiums are not earned wages and are therefore

27  not the proper subject of restitution.  *Kirby v. Immoos*, 53 Cal. 4th 1244 (2012); *Cortez v. Purolator Air*
*Filtration Prods. Co.*, 23 Cal. 4th 163 (2000).

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23792905.4

12

Case No. 4:12-cv-06175-DMR
MPA ISO AT&T DEFS' MOTION TO
DISMISS FAC

Plaintiff's overbroad definition of the class, which seeks to include all reclassified IT employees regardless of employer, position, location, or duties, fails to meet the Rule 23 requirements of typicality and commonality.  Where Plaintiff fails to allege sufficient facts regarding commonality or other employees' claims to satisfy Rule 8, the Court should dismiss the class allegations.  *See Wass v. Npc Int'l*, No. 09-2254-JWL, 2010 U.S. Dist. LEXIS 143474 (D.Kan. June 24, 2010) (dismissing class allegations because plaintiff had not alleged any facts regarding other employees' claims and therefore failed to satisfy *Twombly*);

### a.     The FAC Fails to Plead an Ascertainable Class.

The Proposed Class is defined as "[a]ll California employees of DEFENDANTS in the Business Unit 'INFORMATION TECHNOLOGY' who were informed that they were being changed from exempt to non-exempt status, on or about February 2012, but were not paid wages for all hours worked prior to this reclassification."  FAC, ¶ 16 (emphasis added).  However, Plaintiff never defines which positions in the IT Business Unit she seeks to include in the Proposed Class, nor any framework for identifying these employees.  Indeed, the proposed class definition could include myriad employees working for different employers holding numerous positions subject to various exemptions from overtime.

Plaintiff names six Defendants, but fails to identify even which Defendant employed Plaintiff, let alone which Defendant employed other members of the Proposed Class.  Plaintiff's attempt to bring such sweeping class claims together without any regard to what particular position they held, what exemption may apply, and for whom they worked fails to satisfy the pleading standards set forth by Rule 8, *Twombly* and *Iqbal*.  The current definition of the Proposed Class is so "broad, amorphous, and vague that [it] fails to meet the minimum standard of definiteness."  *See Earnest v. Gen. Motors Corp.*, 923 F. Supp. 1469, 1473 (N.D. Ala. 1996).

### b.     The FAC Does Not Plausibly Suggest Compliance With The Commonality or Typicality Requirements Of Rule 23.

To proceed as a class action, Plaintiff must show, among other things, that: (1) there are questions of law or fact common to the class; and (2) the claims or defenses of the representative are typical of the claims or defenses of the class.  Fed. R. Civ. P. 23 (a)(2) and (3).  Where a class

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23792905.4

13

Case No. 4:12-cv-06175-DMR
MPA ISO AT&T DEFS' MOTION TO
DISMISS FAC

1  complaint "contains no information on what questions of law or fact are **common**, how plaintiffs'

2  claims are **typical** of the class, and why plaintiffs will be adequate representatives," class

3  allegations must be dismissed. *Cox v. Allstate Ins., Co.*, No. 07-1449, 2009 WL 2591673, at *4

4  (W.D. Ok. Aug. 19, 2009) (emphasis added). Here, the FAC fails to allege even the most basic

5  facts suggesting commonality or typicality under Rule 23.

6         Recently, the United States Supreme Court elaborated upon the requirement of

7  commonality under Rule 23 as follows:

8              Commonality [under Rule 23(a)(2)] requires the plaintiff to
              demonstrate that the class members "have suffered the same
9              injury," [citation omitted]...Their claims must depend upon a
              common contention...[t]hat common contention, moreover, must
10            be of such a nature that it is capable of classwide resolution.

11  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551-52 (2011) (noting that for commonality to

12  exist, there must be "some glue holding the alleged reasons" for the claims at issue together).

13  While *Dukes* did not address commonality at the pleading stage, it makes clear that commonality

14  requires more than conclusory allegations that common issues exist – a requirement that the FAC

15  here clearly fails to meet. "What matters to class certification ... is not the raising of common

16  'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate

17  common answers apt to drive the resolution of the litigation." *Id.* at 2551.

18        As discussed above, Plaintiff seeks to represent all employees in the Information

19  Technology Business Unit of six (6) separate defendants without any regard for the job titles or

20  the job duties allegedly performed by employees in the Proposed Class. FAC, ¶ 16. Plaintiff fails

21  to plead what tasks are commonly performed by any, much less every, member of the Proposed

22  Class. Plaintiff does not even describe her own job title or job duties. Although Plaintiff lists

23  "common" questions "in droves" (FAC, ¶ 18), she fails to plead any common facts that could

24  provide "common answers apt to drive the resolution of the litigation." *Dukes*, 131 S. Ct. at

25  2551. Given that Plaintiff has failed to articulate how her position is similar to other positions

26  within this undefined class, she has failed to allege any "common glue" binding together these

27  various positions. *Id.* at 2551-52; *Kelley v. SBC, Inc.*, No. 97-2729, 1998 WL 1794379, 15 (N.D.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23792905.4

14

Case No. 4:12-cv-06175-DMR
MPA ISO AT&T DEFS' MOTION TO
DISMISS FAC

Cal. Nov. 18, 1998) ("the typicality requirement is not met for a class that would include both employees in Plaintiffs' positions, in which there is substantial diversity, and other positions that named Plaintiffs do not hold. The Court thus finds that Plaintiffs meet the typicality requirement only as to a class comprised of the positions that they held").  Plaintiff's class claims should be dismissed.

### 6.   The FAC Does Not Plausibly Suggest That The Proposed Collective Action Members Are Similarly Situated Under The FLSA.

To satisfy pleading requirements for collective actions under the FLSA, a plaintiff must make "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *See Colson v. Avnet, Inc.,* 687 F.Supp.2d 914, 924 (D. Ariz. 2010).  Further, where the "only allegation that Defendants engaged in a wrongful policy is that Defendants classified Plaintiffs and [other employees] as exempt, . . . Plaintiffs have failed to make substantial allegations identifying an unlawful nationwide policy." *Trinh v. J.P. Morgan Chase & Co.*, No. 07-CV-1666, 2008 WL 1860161 at *4 n.2 (S.D. Cal. April 22, 2008).  Here, for the reasons discussed above, the FAC makes no allegations sufficient to meet these standards. Indeed, Plaintiff's alleged theory of the Nationwide Class being "similarly situated" is precisely the allegation that was found to be insufficient in *Trinh*, namely, that Plaintiff and the Proposed Class "performed non-exempt job duties but were classified by DEFENDANTS as exempt." FAC ¶ 23.

Even allegations that she and members of the proposed class have the same job duties or functions -- **which Plaintiff does not even make** -- would be inadequate to establish that she was "similarly situated" to the proposed class members. *Trinh,* at *3-4 (finding that plaintiffs failed to adequately demonstrate that they were similarly situated, despite plaintiffs' contention that "other loan officer employees in Southern California performed the same functions and received the same compensation [as plaintiffs]").  Because Plaintiff has not adequately pled that she and the proposed class are "similarly situated," her collective action claims should be dismissed.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23792905.4

15

Case No. 4:12-cv-06175-DMR
MPA ISO AT&T DEFS' MOTION TO
DISMISS FAC

**B.      Plaintiff's Release Agreement Bars All of Her Claims Except Her Individual FLSA Claim.**

**1.      California Law Strongly Favors the Enforcement of Releases.**

California law strongly favors the settlement of disputes and the enforcement of releases. *See, e.g., Bradley v. Chiron Corp.,* 136 F.3d 1317, 1322 (9th Cir. 1998) (under California law, "settlement of disputes is strongly favored public policy, for settlement reduces costs for all parties"); *In re Marriage of Hasso*, 229 Cal. App.3d 1174, 1185 (1991) (granting summary judgment enforcing the terms of a settlement agreement executed prior to litigation: "It is unquestionably in society's best interest for persons to resolve their disputes among themselves before the outbreak of costly and often bitter litigation."); *Gopal v. Yoshikawa*, 147 Cal. App. 3d 128, 130 (1983) ("Public policy has long supported pretrial settlements …. [Such agreements] 'are highly favored as productive of peace and goodwill in the community, and reducing the expense and persistency of litigation.'") (citation omitted). A release is the "abandonment, relinquishment or giving up of a right or claim to the person against whom it might have been demanded or enforced . . . and its effect is to extinguish the cause of action." *Pellett v. Sonotone Corp.,* 26 Cal. 2d 705, 711 (1945); *see also* Cal. Civ. Code § 1541. "In general, a written release extinguishes any obligation covered by the release's terms, provided it has not been obtained by fraud, deception, misrepresentation, duress, or undue influence." *Skrbina v. Fleming Companies, Inc.,* 45 Cal. App. 4th 1353, 1366 (1996).

In support of the strong public policy in favor of the resolution of disputes, releases are generally upheld and enforced by courts. "[T]he general rule is that when a person with the capacity of reading and understanding an instrument signs it, he is, in the absence of fraud and imposition, bound by its contents, and is estopped from saying that its provisions are contrary to his intentions or understanding." *Jefferson v. Cal. Dep't of Youth Auth*., 28 Cal. 4th 299, 303 (2002) (internal quotations and citation omitted); *see also Skrbina v. Fleming Companies*, 45 Cal. App. 4th 1353, 1366-67 (1996) (plaintiff was laid off, signed release and received benefits in exchange and then filed lawsuit; court granted judgment in defendant's favor because signed release was valid and barred all claims); *Winet v. Price*, 4 Cal. App. 4th 1159, 1173 (1992)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23792905.4

16

Case No. 4:12-cv-06175-DMR
MPA ISO AT&T DEFS' MOTION TO
DISMISS FAC

1    (finding that release barred claim and noting the "great need of the availability of ironclad and

2    enforceable general releases").

3        Courts can and do grant Rule 12(b)(6) motions to dismiss where claims are barred by prior

4    releases signed by the plaintiff.  Most recently, in the strikingly similar case of *Lu v. AT&T*

5    *Services, Inc.*, 2011 WL 2470268, at *5, this Court upheld the same release agreement between

6    the plaintiff and AT&T Services, Inc. as barring federal and state wage and hour claims.  In *Lu*,

7    the plaintiff -- represented by the same attorney who represents plaintiff Birdsong -- also brought

8    a purported collective and class action alleging claims for unpaid overtime, waiting time penalties

9    and unfair competition under both California law and the FLSA.  *Id.* at *1.  Ms. Birdsong and the

10   *Lu* plaintiff both worked for AT&T Services, Inc. and both signed a general release upon the

11   termination of their employment in exchange for a severance allowance.  As the *Birdsong*

12   Defendants seek here, the *Lu* defendants moved to dismiss all of Mr. Lu's collective and class

13   claims, except his individual FLSA claim, on the ground that these claims were barred by the

14   Release Lu signed.  *Id.*  The court in *Lu* granted the defendants' Rule 12(b)(6) motion, with

15   prejudice, and dismissed all of Lu's class and collective claims, as well as Mr. Lu's individual

16   state claims under the California Labor Code.  *Id.* at *3-5.  Here, for the same reasons articulated

17   in Judge Armstrong's opinion in *Lu*, the Court should grant the AT&T Defendants' Rule 12(b)(6)

18   and dismiss Plaintiff Birdsong's claims, with prejudice.  *See also Jimenez v. JP Morgan Chase &*

19   *Co.*, 2008 WL 2036896, at *4 (S.D. Cal. May 8, 2008)(motion to dismiss granted as to wage and

20   hour claims because they were barred by release agreement); *Marder v. Lopez*, 450 F.3d 445,

21   453-54 (9th Cir. 2006) (affirming Rule 12(b)(6) dismissal of claims as barred by a release);

22   *Christakis v. Mark Burnett Prods.*, 2009 WL 1248947 (C.D. Cal. Apr. 27, 2009) (granting Rule

23   12(b)(6) motion to dismiss, in part, because claims were barred by release agreement); *Hudson v.*

24   *Lancaster State Prison*, 2009 WL 4730872 (C.D. Cal. Dec. 4, 2009) (same).

25           **2.    The Broad Release Provisions Encompass Plaintiff's Individual State**
                     **Wage Claims.**

26

27       The court must interpret a release so as to "give effect to the mutual intention of the

28   parties as it existed at the time of contracting, so far as the same is ascertainable and lawful."  Cal.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23792905.4

17

Case No. 4:12-cv-06175-DMR
MPA ISO AT&T DEFS' MOTION TO
DISMISS FAC

Civ. Code § 1636; *Waller v. Truck Ins. Exch.*, 11 Cal. 4th 1, 18 (1995).  The parties' intent should be ascertained from the language of the release, so long as that language is "clear and explicit." Cal. Civ. Code § 1638.

In the present case, the release of "*any claims, liabilities, demands or causes of action … or any other claim*" covers all claims within the scope of the language.  "A party may settle unknown claims if the surrounding facts establish the party's intent to do so." *Jefferson,* 28 Cal. 4th at 304.  Therefore, "courts have continued to adhere to the long-established general rule that – in the absence of fraud, deception, or similar abuse – a release of 'all claims' … covers claims that are not expressly enumerated in the release." *Id.* at 305.  The California Supreme Court further explained the importance of this rule:

> If courts did not follow this rule, "it [would be] virtually impossible to create a general release that … actually achieve[d] its literal purpose" … and language releasing all claims would be inherently misleading, causing unfair surprise to parties that offer payment on the reasonable expectation that all claims are settled, only later to face continuing litigation.

*Id.* at 306 (citation omitted).  *See also Stroman v. West Coast Grocery Co.,* 884 F.2d 458, 461 (9th Cir. 1989) (a release of "any and all claims arising out of [plaintiff's] employment" barred plaintiff's race discrimination claim because "a clear and unambiguous waiver by [plaintiff] of all legal claims . . . need not specifically recite the particular claims waived in order to be effective"), *cert denied,* 498 U.S. 854 (1990); *Reynov v. ADP Claims Services Group, Inc.,* 2007 WL 5307977, at *1, *3 (N.D. Cal. April 30, 2007) ("irrelevant" that the release, which referenced "all claims, actions, and causes of action . . . arising out of or related to your employment" did not expressly specify plaintiff's potential overtime claims).

Here, the Release's broad language clearly bars Plaintiff's Second through Seventh Claim. Plaintiff's claims all stem from her employment with AT&T Services, Inc. and do not fall within the exceptions enumerated in the Release.  *See* Crawford Decl., Exh. A, pp. 6-7, Section VI.

Nor could Plaintiff avoid the release of her state wage and hour claims even if she were to now claim that she was not aware of them when she signed the Release.  Plaintiff expressly waived and relinquished all unknown or potential claims, specifically referencing California Civil

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23792905.4

18

Case No. 4:12-cv-06175-DMR
MPA ISO AT&T DEFS' MOTION TO
DISMISS FAC

Code Section 1542 with respect to this waiver of unknown claims:

> I hereby acknowledge that I have read and understand the following provision of Section 1542 of the California Civil Code:
>
> **A general release does not extend to claims, which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**
>
> Having been so apprised, I **expressly waive the protection of Section 1542** and elect to release the Released Parties from any claims described above.

Crawford Decl., Exh. A, p. 7, Section VI (emphasis in original and added).  Thus, the Release signed by Plaintiff bars the instant action as to all her wage claims under California law.

### 3.   Labor Code Section 206.5 Does Not Prohibit Plaintiff's Release of Her Claim Over Disputed Overtime Wages.

The strong public policy of encouraging settlement of disputes is further supported by California Labor Code sections 206 and 206.5, which *permit* the release of wage claims under California law.  Indeed, the private settlement of wage claims arising under California is prohibited *only if* the release is conditioned on payment of wages that are conceded to be due.

Section 206.5 must be read in conjunction with Section 206.  *See Sullivan v. Del Conte Masonry Co.*, 238 Cal. App. 2d 630, 633-34 (1965) (reviewing both sections 206 and 206.5 in considering whether claim for wages was barred); *Reynov*, 2007 WL 5307977 (section 206.5 must be interpreted in conjunction with Section 206).  These sections provide in pertinent part:

> In case of a dispute over wages, the employer shall pay, without condition … all wages, or parts thereof, ***conceded by him to be due***, leaving to the employee all remedies he might otherwise be entitled to as to any balance claimed.

Cal. Lab. Code §206(a) (emphasis added).

> An employer shall not require the execution of any release of any claim or right on account of wages due, or to become due, or made as an advance on wages to be earned, unless payment of those wages has been made.

Cal. Lab. Code §206.5(a) .

Read together, Sections 206 and 206.5 jointly create a narrow exception to the general

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23792905.4

19

Case No. 4:12-cv-06175-DMR
MPA ISO AT&T DEFS' MOTION TO
DISMISS FAC

1   rule favoring and enforcing releases.  Section 206 orders the employer to pay unconditionally all

2   wages "conceded … to be due."  Once that is done, the employer may "leav[e] to the employee

3   all remedies" – *i.e.*, litigation, which might end in a judgment or in a settlement – for recovering

4   "any balance claimed."  Cal. Lab. Code §206(a).  Section 206 thus recognizes two kinds of

5   obligations: undisputed and disputed.  Section 206 prohibits an employer from holding hostage

6   wages in the former case, but it does not regulate the resolution of the dispute in the latter.

7          Section 206.5 reinforces Section 206 by eliminating one mechanism used by unscrupulous

8   employers: requiring employees to sign releases in exchange for wages "conceded … to be due."

9   Section 206.5 bars an employer from "requir[ing] the execution of any release … on account of

10  wages due … unless payment of such wages has been made."  Cal. Lab. Code §206(a).  The

11  phrase "unless payment of those wages [due] has been made" in Section 206.5 can only

12  reasonably be understood as incorporating the employer's obligation under Section 206 to pay

13  unconditionally all wages "conceded … to be due" before securing a release.  *Id.*

14         The cases construing section 206.5(a) faithfully adhere to the statutory language.  In *Reid*

15  *v. Overland Machined Products*, 55 Cal. 2d 203 (1961), the California Supreme Court explained:

16
                An employer and employee may of course compromise a bona fide
17              dispute over wages but such a compromise is binding only if it is
                made after the wages concededly due have been unconditionally
18              paid.

19  *Id.* at 207.  Numerous courts have upheld wage and hour releases in similar circumstances to that

20  present here.  *See, e.g.*, *Chindarah v. Pick Up Stix, Inc.,* 171 Cal. App. 4th 796, 803 (2009)

21  (plaintiffs' release barred overtime claims where there was bona fide dispute whether plaintiffs

22  were properly classified as exempt); *Kline v. United Parcel Serv., Inc.*, No. C 09-00742 SI, 2010

23  WL 1461626, at *3 (N.D. Cal. Apr. 7, 2010) ("The Court agrees with [defendant] that the

24  provisions of the release bar plaintiff from bringing the present lawsuit.  By signing the settlement

25  agreement, plaintiff … agreed to release all 'known or unknown' claims arising out of

26  [defendant's] conduct u to the time of the agreement."); *Kelly v. City & County of San Francisco*,

27  No. C 05-1287 SI, 2008 WL 2662017, at *4 (N.D. Cal. June 30, 2008); *Jimenez,* 2008 WL

28  2036896, at *3-4 (granting 12(b)(6) motion based on plaintiff's general release because plaintiff

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23792905.4

20

Case No. 4:12-cv-06175-DMR
MPA ISO AT&T DEFS' MOTION TO
DISMISS FAC

1    was paid all wages concededly due).

2      *Reynov*, 2007 WL 5307977, at \*2, is most instructive.  There, the plaintiff filed suit

3    challenging her classification as exempt.  The defendant moved for summary judgment on the

4    basis that, upon resigning from employment, plaintiff signed a release of all claims in exchange

5    for a severance amount unconditionally paid by defendant.  *Id*. at \*2-3.  The court dismissed

6    plaintiff's wage and hour claims and held that the release plaintiff signed was enforceable and any

7    wages plaintiff claimed to be owed as a result of alleged misclassification were not "concededly

8    due" because there was a good faith dispute based on defendant's argument that plaintiff was

9    properly classified as exempt.  *Id*. at \*3.

10     Here, Section 206.5 is inapplicable because Plaintiff's execution of the Release was <u>not</u>

11   conditioned on the payment of any wages "concededly due."  Indeed, Plaintiff was given the

12   express opportunity to list any wages or overtime payments she believed AT&T Services, Inc.

13   owed her,  but instead she expressly acknowledged that "any wages and overtime payments owed

14   [her] have been paid…, and that the benefits extended to me in exchange for this General Release

15   and Waiver are in addition to all such amounts."  Crawford Decl., Exh. A, p. 7, Section IV.

16   Plaintiff received <u>additional</u> consideration, separate and apart from wages she was concededly

17   owed, in exchange for signing the Release.  *Id*.  The AT&T Defendants dispute that any

18   violations of California wage and hour law occurred or additional wages are owed.[7]  Thus, Labor

19   Code Section 206.5 poses no bar to the enforcement of the Release as to Plaintiff's <u>disputed</u>

20   overtime, meal and rest break, wage statement, and waiting time claims.

21     **C.**  **<u>Plaintiff has Waived Her Ability to Proceed with a Class Action.</u>**

22     As discussed above, the Release is valid and enforceable under California law.  Thus,

23   Plaintiff's waiver of her right to initiate or participate in any class actions alleging violations of

24   California law is also valid and enforceable.  Plaintiff's class action claims must be dismissed.

25

26   [7] Section 206.5 does not apply in any event to Plaintiff's Labor Code Section 203 claim because Section
     203 pertains to payment of a "penalty of up to 30 days' wages," not payment of a wage.  FAC, ¶ 36;
27   *Pineda v. Bank of America, N.A.*, 50 Cal.4th 1389 (2010) (Section 203 permits the recovery of a penalty,
     not a wage).

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23792905.4

21

Case No. 4:12-cv-06175-DMR
MPA ISO AT&T DEFS' MOTION TO
DISMISS FAC

1    *See Jimenez*, 2008 WL 2036896, at *4 (concluding that the release signed by plaintiff in exchange

2    for severance benefits "prevents Plaintiff from bringing any state wage and hour claims").

3        Because Plaintiff is barred from pursuing her individual state claims against the AT&T

4    Defendants, she is also barred from representing a class of purportedly similarly situated

5    employees on the same claims. *See, e.g., Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40, n.

6    20 (1976) ("[E]ven named plaintiffs who represent a class 'must allege and show that they

7    personally have been injured, not that injury has been suffered by other, unidentified members of

8    the class to which they belong and which they purport to represent.'") (citation omitted); *O'Shea

9    v. Littleton*, 414 U.S. 488, 494 (1974) ("[I]f none of the named plaintiffs purporting to represent a

10   class establishes the requisite of a case or controversy with the defendants, none may seek relief

11   on behalf of himself or any other member of the class."); *Watkins v. Wachovia Corp.*, 172 Cal.

12   App. 4th 1576, 1592 (2009) (concluding that where plaintiff settled her individual claims, the

13   class claim disappeared). Here, by executing the Release, Plaintiff acknowledged that all wages

14   and overtime payments due to her had been paid. She also released any claims for alleged wage

15   and hour violations. Plaintiff cannot represent the interests of a class of individuals where

16   Plaintiff has suffered no injury, and thus cannot serve as an adequate class representative.

17       **D.    Plaintiff has Waived Her Ability to Proceed with a Collective Action.**

18       In addition to her individual California wage/hour and her class action claims addressed

19   above, Plaintiff purports to bring the instant lawsuit on behalf of herself and all similarly situated

20   individuals on both an individual and a collective action basis under Section 216(b) of the FLSA.

21   The AT&T Defendants do not challenge Plaintiff's <u>individual</u> FLSA claim. Plaintiff's collective

22   FLSA claims, however, must be dismissed. Any such collective action is barred by the Release,

23   in which Plaintiff expressly agreed that she "will not bring or participate in any class action <u>or</u>

24   <u>collective action</u> against the Company which asserts, in whole or in part, any claims(s) which

25   arose prior to the date I sign this Agreement, whether or not such claims are covered by the

26   Release." Release at 7 (emphasis added).

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23792905.4

22

Case No. 4:12-cv-06175-DMR
MPA ISO AT&T DEFS' MOTION TO
DISMISS FAC

1.   **Plaintiff's Collective Action Waiver Does Not Deprive Plaintiff of Any Substantive Rights under the FLSA.**

While the AT&T Defendants do not challenge Plaintiff's ability to bring an ***individual*** FLSA claim, Plaintiff is barred from participating in, much less initiating, any FLSA ***collective*** action against the AT&T Defendants.  Statutory rights may be waived by agreement of the parties unless Congress expresses the clear intent to preclude such a waiver.  *See, e.g.*, U.S. *v. Mezzanatto*, 513 U.S. 196, 201 (1995); *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 227 (1987).  The ***procedural*** ability to bring a collective action under the FLSA is granted by 29 U.S.C. § 216(b) ("Section 216(b)").[8]  However, the language in Section 216(b) providing that a collective action "may be maintained against any employer" does not provide a ***substantive*** right to a collective action under the FLSA.  *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 32 (1991) (no substantive statutory violation if arbitration precludes collective action).  Moreover, the FLSA does not explicitly prohibit a litigant from contractually agreeing to proceed only individually or agreeing not to participate in a class action.[9]  Thus, the mere fact that a collective action is mentioned within Section 216(b) does not create a substantive, unwaivable "right" for a plaintiff to bring such a collective action.

In determining whether a waiver of the ability to proceed under the FLSA as a collective action is permissible, courts frequently have looked for instruction to cases addressing the waiver of the ability to proceed collectively as part of arbitration agreements.  *See, e.g.*, *Gilmer*, 500 U.S. at 26.  In *Gilmer*, the employee asserted that the inclusion of language discussing a judicial forum within a federal statute (the Age Discrimination in Employment Act ("ADEA")) meant that Congress intended to preclude waiver of that forum via private agreements to arbitrate.  The Supreme Court disagreed, reasoning that the forum in which a litigant pursues a statutory cause of

---

[8] Specifically, 29 U.S.C. § 216(b) provides that "[a]n action to recover the liability prescribed in either of the preceding sentences ***may be maintained*** against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." (emphasis added).

[9] The absence of Congressional intent in the FLSA to preclude waiver of the procedural right to bring a collective action is evident when compared to Congress' intent to prohibit waiver of substantive minimum wage and overtime claims except under the supervision of the courts or the U.S. Department of Labor.  29 U.S.C. § 216(c); *see also Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 704-07 (1945) (substantive FLSA rights are not waivable).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23792905.4

23

Case No. 4:12-cv-06175-DMR
MPA ISO AT&T DEFS' MOTION TO
DISMISS FAC

1   action was not important as long as he or she was able to pursue the claim effectively.  *Id.* at 27-

2   28.  The Court concluded that the underlying cause of action itself was not compromised by

3   upholding a waiver of the class action forum, and thus the social purpose behind the statute

4   remained intact.  *Id.*

5        The Ninth Circuit has upheld FLSA collective action waivers based on the same

6   reasoning.  *See Jimenez v. JP Morgan Chase & Co.*, 08-CV-0152 W (WMC), 2008 WL 2036896,

7   at *5 (S.D. Cal. May 8, 2008), citing *Horenstein v. Mortgage Market, Inc.*, 9 Fed. Appx. 618 (9th

8   Cir. 2001) (holding that individuals may waive their right to proceed on a class/collective basis

9   because they retain all of their substantive rights under the FLSA).

10       Other courts have reached the same result.  *See, e g.*, *Carter v. Countrywide Credit Indus.*,

11  362 F.3d 294, 298 (5th Cir. 2004) (upholding arbitration agreements that precluded plaintiffs

12  from proceeding collectively and holding that the inability to proceed collectively does not

13  deprive claimants of substantive rights available under the FLSA); *Bailey v. Ameriquest Mortg.*

14  *Co.*, 346 F.3d 821, 823 (8th Cir. 2003) (upholding agreement to arbitrate claims arising under the

15  FLSA based on the reasoning of Gilmer because the ADEA borrowed its remedial provisions

16  from the FLSA); *Brown v. Sears Holding Mgt. Corp.*, No. 09 C 2203, 2009 WL 2514173, at *5

17  (N.D. Ill. Aug. 17, 2009) (concluding that plaintiff's substantive right to pursue FLSA claims was

18  not affected by her inability to litigate via a collective action).

19       In *Kelly*, 2008 WL 2662017, the Court expressly found that "a party may waive the right

20  to bring a collective FLSA action."  *Id.* at *4.  There, some of the plaintiffs had signed general

21  releases in exchange for lump sum payments and the defendants sought to exclude them from the

22  collective action.  While noting that the right to bring an individual action under the FLSA cannot

23  be waived, the court enforced the releases, which are similar to the Release at issue here.  *Id.*

24       Likewise, in the *Lu* case, Judge Armstrong rejected the identical argument that the

25  collective action waiver at issue here deprived him of substantive rights under the FLSA.  *Lu v.*

26  *AT&T Services, Inc.*, 2011 WL 2470268.  In dismissing Lu's collective action claim, Judge

27  Armstrong explained that the "right to bring a collective action under the FLSA is a procedural—

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23792905.4

24

Case No. 4:12-cv-06175-DMR
MPA ISO AT&T DEFS' MOTION TO
DISMISS FAC

1  not a substantive one." *Id*. at * 3.  "Because the right to proceed on a collective basis implicates

2  an employee's procedural rights, a collective action waiver contained in severance agreement is

3  enforceable." *Id*.

4      Plaintiff here executed a collective action waiver identical to the one the plaintiff executed

5  in *Lu*.  Specifically, she explicitly agreed that she "will not bring or participate in any class action

6  or collective action against the Company which asserts, in whole or in part, any claim(s) which

7  arose prior to the date I sign this Agreement, whether or not such claims are covered by the

8  Release."  Release at 7.  Thus, Plaintiff is barred from initiating or participating in any FLSA

9  collective action against the AT&T Defendants, and her collective action claims must be

10  dismissed.

11  **V.      CONCLUSION**

12      For the foregoing reasons, the AT&T Defendants respectfully request that the Court grant

13  their Motion to Dismiss in its entirety.

14

15  Dated: January 17, 2013                      MORGAN, LEWIS & BOCKIUS LLP

16

17                                                By    /s/ Theresa Mak
                                                         REBECCA EISEN
18                                                       THERESA MAK
                                                         Attorneys for Defendants
19                                                       AT&T CORP., AT&T SERVICES, INC.,
                                                         AT&T MANAGEMENT SERVICES, LP,
20                                                       AT&T OPERATIONS, INC., AT&T
                                                         MOBILITY SERVICES, LLC
21  DB2/23727151.3

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
DB2/ 23792905.4

25

Case No. 4:12-cv-06175-DMR
MPA ISO AT&T DEFS' MOTION TO
DISMISS FAC