| | |
|---|---|
| 1 | MORGAN, LEWIS & BOCKIUS LLP |
| | GEORGE A. STOHNER, State Bar No. 214508 |
| 2 | gstohner@morganlewis.com |
| | JOHN S. BATTENFELD, State Bar No. 119513 |
| 3 | jbattenfeld@morganlewis.com |
| | 300 South Grand Avenue |
| 4 | Twenty-Second Floor |
| | Los Angeles, CA  90071-3132 |
| 5 | Tel:  213.612.2500 |
| | Fax:  213.612.2501 |
| 6 | |
| | MORGAN, LEWIS & BOCKIUS, LLP |
| 7 | REBECCA EISEN, SBN 96129 |
| | reisen@morganlewis.com |
| 8 | THERESA MAK, SBN 211435 |
| | tmak@morganlewis.com |
| 9 | One Market, Spear Street Tower |
| | San Francisco, CA 94105-1126 |
| 10 | Tel:  415.442.1000 |
| | Fax:  415.442.1001 |
| 11 | |
| | Attorneys for Defendants |
| 12 | AT&T CORP., AT&T SERVICES, INC., AT&T |
| | MANAGEMENT SERVICES, LP, AT&T |
| 13 | OPERATIONS, INC., and AT&T MOBILITY |
| | SERVICES, LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 17 | CATHY BIRDSONG, individually and on behalf of all others similarly situated, | Case No. 4:12-cv-06175-TEH |
| 18 | | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6)** |
| 19 | Plaintiff, | |
| | vs. | |
| 20 | | |
| 21 | AT&T CORP., AT&T SERVICES, INC. (formerly SBC Services, Inc.), AT&T | **[FRCP 12(b)(6)]** |
| | MANAGEMENT SERVICES, LP, AT&T | |
| 22 | OPERATIONS, INC., YELLOWPAGES.COM, | |
| | AT&T MOBILITY SERVICES, LLC (formerly | Date:       February 25, 2013 |
| 23 | doing business as Cingular Wireless, LLC) and | Time:       10:00 A.M. |
| | DOES 1-25, inclusive, | Courtroom: 12 |
| 24 | | Judge:      Thelton E. Henderson |
| | Defendants. | |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 4:12-cv-06175-TEH
AT&T DEFENDANTS' REPLY ISO
MOTION TO DISMISS FAC

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. ANALYSIS ..................................................................................................................... 2

    A. The Release is Enforceable Against Plaintiff's Individual State Law Claims and Class and Collective Action Claims. ............................................................ 2

        1. The Court May Consider the Release In Ruling on Defendants' Motion to Dismiss. ............................................................................. 2

        2. Plaintiff Concedes That the Release Encompasses Her California State Law Claims and Expressly Waives Her Right to Bring or Participate In a Class or Collective Action. ............................................. 3

        3. The Release is Enforceable Because Plaintiff Expressly Acknowledged That She Received All Wages Due to Her and She Was Provided Additional Consideration in Exchange for the Release. .............................................................................................. 4

        4. The NLRA Is Inapplicable to the Release ................................................ 5

        5. The Release is Enforceable Against Claims Brought Under PAGA. ......... 7

            a. Plaintiff Has No Standing to Pursue a PAGA Claim. ..................... 7

            b. Plaintiff May, and Did, Waive Her Right to Bring a Claim Under PAGA. .................................................................................. 8

            c. Plaintiff May Release A Claim For PAGA Penalties As the Aggrieved Employee. .................................................................. 10

    B. The FAC Fails to Meet Federal Pleading Standards. ........................................... 10

        1. The FAC is Devoid of Factual Allegations That "Raise a Right to Relief Above the Speculative Level." ...................................................... 10

        2. The FAC Fails to Allege Sufficient Facts Establishing Rule 23 Requirements ........................................................................................ 12

        3. The Federal Rules of Civil Procedure Require Plaintiff to Satisfy Rule 8's Pleading Requirements Before She Is Permitted to Drag the Court and Defendants Through Time-Consuming and Costly Discovery. ............................................................................................. 13

        4. Plaintiff Concedes That No Claim Exists Under Labor Code Section 204 as a Matter of Law. ............................................................. 13

III. CONCLUSION ............................................................................................................ 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abrego v. Dow Chem. Co.*
443 F.3d 676 (9th Cir. 2006) ............................................................................................. 1

*Ashcroft v. Iqbal*
129 S. Ct. 1937 (2009) ................................................................................. 10, 11, 12, 13

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007) ....................................................................................... 2, 10, 12, 13

*Bradley v. Chiron Corp.*
136 F.3d 1317 (Fed. Cir. 1998) ......................................................................................... 4

*Chindarah v. Pick Up Stix, Inc.*
171 Cal. App. 4th 796 (2009) ........................................................................................... 9

*Clegg v. Cult Awareness Network*
18 F.3d 752 (9th Cir. 1994) ............................................................................................ 11

*Cox v. Allstate Ins., Co.*
2009 WL 2591673 (W.D. Ok. Aug. 19, 2009) ............................................................... 13

*Deleon v. Time Warner Cable*
2009 U.S. Dist. LEXIS 74345 (C.D. Cal. 2009) ............................................................ 11

*Doe v. Wal-Mart Stores, Inc.*
572 F.3d 677 (9th Cir. 2009) .......................................................................................... 13

*Earnest v. Gen. Motors Corp.*
923 F. Supp. 1469 (N.D. Ala. 1996) .............................................................................. 13

*Grabowski v. Robinson*
817 F. Supp. 2d 1159 (S. D. Cal. 2011) ........................................................................... 8

*Heritage Residential Care, Inc. v. Div. of Labor Standards Enforcement*
192 Cal. App. 4th 75 (2011) ............................................................................................. 8

*Hotel Emp. & Rest. Emp. Local 2 v. Vista Inn Mgmt. Co.*
393 F. Supp. 2d 972 (N.D. Cal. 2005) ............................................................................. 3

*Iskanian v. CLS Transp. L.A., LLC*
206 Cal. App. 4th 949 (2012) ........................................................................................... 8

*Jefferson v. Cal. Dep't of Youth Auth.*
28 Cal. 4th 299 (2002) ...................................................................................................... 4

*Jimenez v. JP Morgan Chase & Co.*
2008 WL 2036896 (S.D. Cal. May 8, 2008) .................................................................... 3

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Knievel v. ESPN*
 393 F.d 1068 (9th Cir. 2005)......................................................................................... 2

*Lu v. AT&T Services, Inc. et al.*
 2011 WL 2470268 (N.D. Cal. June 21, 2011). ........................................................ 4, 5

*Luchini v. CarMax, Inc.,* 2012 WL 3862150 (E.D. Cal. Sept. 5, 2012) ......................................... 8

*Marquez v. Screen Actors Guild*
 525 U.S. 33 (1998) ......................................................................................................... 6

*Martinez v. Kaiser Found. Hosp.*
 2012 WL 2598165 (N.D. Cal. July 5, 2010) ................................................................. 6

*Morvant v. P.F. Chang's China Bistro*
 870 F. Supp. 2d 831 (N.D. Cal. 2012) ........................................................................... 8

*Nelson v. AT&T Mobility LLC*
 2011 WL 3651153 (N.D. Cal. Aug 18, 2011)............................................................... 8

*Nordstrom Comm. Cases*
 186 Cal. App. 4th 576 (2010)........................................................................................ 9

*Palacios v. Boehringer Ingelheim Pharmaceuticals, Inc.*
 2011 WL 6794438 (S.D. Fla. Apr. 19, 2011) ........................................................... 5, 6

*Parrino v. FHP, Inc*.
 146 F.3d 699 (9th Cir. 1998)..................................................................................... 1, 2

*People v. McDaniels*
 21 Cal. App. 4th 1560 (1994)........................................................................................ 8

*Quevedo v. Macy's, Inc*.
 798 F. Supp. 2d 1122 (C.D. Cal. 2011)..................................................................... 7, 8

*Reyes v. Liberman Broadcasting, Inc.*
 208 Cal. App. 4th 1537 (2012)...................................................................................... 8

*Sanders v. Apple Inc*.
 672 F. Supp. 2d 978 (N.D. Cal. 2009) .................................................................... 11, 13

*Sanders v. Brown*
 504 F.3d 903 (9th Cir. 2007)....................................................................................... 11

*Taylor v. NLRB*
 786 F.2d 1516 (11th Cir. 1986).................................................................................... 6

*Villacres v. AMB Indus. Inc.*
 189 Cal. App. 4th 562 (2010)........................................................................................ 9

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

iii

Case No. 4:12-cv-06175-TEH
AT&T DEFS' MOTION TO DISMISS FAC

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Wass v. Npc Int'l*,
 2010 U.S. Dist. LEXIS 143474 (D. Kan. June 24, 2010) .......................................................... 13

*Weisbein v. UBS Fin. Servs.*
 2007 U.S. Dist. LEXIS 92051 (N.D. Cal. 2007) ......................................................................... 9

**Statutes**

National Labor Relations Act ("NLRA")
 29 U.S.C. 151 *et seq.* ..................................................................................................... 1, 3, 5, 6

29 U.S.C. § 160(b) ............................................................................................................................ 6

Fed. R. Civ. Proc. 8 ................................................................................................................ *passim*

Fed. R. Civ. Proc. 12(b)(6) ....................................................................................................... 1, 2, 3

Fed. R. Civ. Proc. 12(c) .................................................................................................................... 3

Fed. R. Civ. Proc. 12(d) .................................................................................................................... 3

Fed. R. Civ. Proc. 23 ...................................................................................................................... 12

Cal. Labor Code § 206.5 .............................................................................................................. 4, 5

Cal. Labor Code § 226.7 ................................................................................................................ 11

Cal. Labor Code § 512(a) ............................................................................................................... 11

Private Attorney General Act of 2004 ("PAGA")
 Cal. Labor Code § 2698 *et seq.* ........................................................................................ *passim*

Cal. Labor Code § 2699(a) .......................................................................................................... 7, 8

**Rules**

California Rule of Court 8.1115(a) .................................................................................................. 8

**Treatises**

Jon B. Eisenberg, Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2012)
 11:186.9 ...................................................................................................................................... 8

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

Case No. 4:12-cv-06175-TEH
AT&T DEFS' MOTION TO DISMISS FAC

I.  **INTRODUCTION**

Plaintiff does not deny that she has signed a release waiving all California state law claims (including any claims for penalties) or waived her right to initiate or participate in a class or collective action. Nor does she question the authenticity of the Release the AT&T Defendants submitted with its Motion to Dismiss. Plaintiff attempted to avoid a Rule 12(b)(6) dismissal by withholding any mention of the Release in her First Amended Complaint ("FAC") and now attempts to withhold it from the Court. Contrary to Plaintiff's contention, the Court <u>may</u> consider documents which are, like the Release here, integral to, and dispositive of, the plaintiff's claims so as to avoid precisely what Plaintiff is attempting to do here, namely "surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (*superseded by statute on other grounds as stated in Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681-82 (9th Cir. 2006)). The Court may – and should – consider the Release now in evaluating the AT&T Defendants' Motion to Dismiss.

Plaintiff presents no opposition to the AT&T Defendants' motion to dismiss based on the Release except to make baseless speculations that a Release of "wages" *might* not be enforceable if no bona fide dispute existed. Yet, Plaintiff expressly acknowledged in the release that there were no undisputed wages owed and may not now attempt to avoid the Release by contradicting the express written statements she signed in exchange for lawful and separate consideration. As for Plaintiff's claim that the National Labor Relations Act ("NLRA") bars the class waiver portion of her Release, the NLRA applies only to the conditions of employment of <u>current</u> employees and delineates the rights of employees who have an ongoing employment relationship. It is inapplicable to the Release that Plaintiff executed in connection with, and at the same time as, the termination of her employment.

Because the Release bars Plaintiff from bringing the claims already alleged in the FAC as well as the PAGA claim she seeks to add, any such proposed amendment would be futile and any argument regarding the sanctity of PAGA claims is irrelevant.

Finally, Plaintiff fails to satisfy Federal Rule of Civil Procedure 8 ("Rule 8") and, in her opposition, fails to point to any factual allegations in the First Amended Complaint that would

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

Case No. 4:12-cv-06175-TEH
AT&T DEFENDANTS' REPLY ISO
MOTION TO DISMISS FAC

"raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, she persists in arguing that reciting statutory language is sufficient to allow her to embroil Defendants in costly discovery and expansive litigation. It is well established that such generic, conclusory allegations do not satisfy the pleading requirements of Rule 8.

## II. ANALYSIS

### A. The Release is Enforceable Against Plaintiff's Individual State Law Claims and Class and Collective Action Claims.

In exchange for lawful and additional consideration, Plaintiff signed a severance agreement in connection with the termination of her employment in which she released the AT&T Defendants from any claims and liability for any of her individual state law claims and agreed to forego bringing or participating in a class action or collective action against the AT&T Defendants "which asserts, in whole or in part, any claim(s) which arose prior to the date" she signed the Release. Crawford Decl., Ex. A, p. 7. This Release—the existence of which Plaintiff does not deny—is enforceable.

#### 1. The Court May Consider the Release In Ruling on Defendants' Motion to Dismiss.

In evaluating a Rule 12(b)(6) motion, the Court may consider a document that is "not explicitly incorporated in [the] complaint" if the document is "crucial to the plaintiff's claims" and the authenticity of the document is not questioned. *Parrino*, 146 F.3d at 705-06 (extending the "incorporation by reference" doctrine to situations in which the plaintiff's claim depends on the content of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint). *See also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (agreeing with *Parrino* and similarly extending the incorporation by reference doctrine). Consideration of such an integral document "is supported by the policy concern underlying the rule: Preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino*, 146 F.3d at 706. As Judge Marilyn Patel explained:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

Case No. 4:12-cv-06175-TEH
AT&T DEFENDANTS' REPLY ISO
MOTION TO DISMISS FAC

> The general rule that a court may not consider extrinsic evidence outside the pleadings for the purposes of a motion to dismiss has two exceptions. As discussed, matters of public record may be the subject of judicial notice. A court may also consider documents whose authenticity cannot be questioned and on which plaintiff's complaint "necessarily relies." <u>Documents appropriate for inclusion through this latter exception must be integral to the plaintiff's complaint and dispositive in the dispute, raising the spectre that plaintiff failed to incorporate them by reference in the complaint as a means of avoiding Rule 12(b)(6) dismissal.</u>

*Hotel Emp. & Rest. Emp. Local 2 v. Vista Inn Mgmt. Co.*, 393 F. Supp. 2d 972, 979, 980 n.4 (N.D. Cal. 2005) (emphasis added and internal citations omitted). Indeed, to preserve judicial resources and avoid unnecessary litigation over clearly meritless claims, courts have granted motions to dismiss claims barred by a release agreement <u>even where the agreement was not attached to or incorporated in the complaint</u>. *See*, *e.g.*, *Jimenez v. JP Morgan Chase & Co.*, 2008 WL 2036896, at *4 (S.D. Cal. May 8, 2008) (enforcing release of claims and granting motion to dismiss even though release was not attached to or incorporated in the complaint).

Here, Plaintiff does not dispute the authenticity of the Release, which is integral to, and indeed dispositive of, Plaintiff's claims. Plaintiff cannot avoid a Rule 12(b)(6) dismissal by withholding it from the Complaint and now from the Court.[1]

### 2. **Plaintiff Concedes That the Release Encompasses Her California State Law Claims and Expressly Waives Her Right to Bring or Participate In a Class or Collective Action.**

Plaintiff presents no opposition to the AT&T Defendants' motion to dismiss the state law claims alleged in the FAC based on the Release, except to argue that the <u>entire</u> Release *might* not be enforceable because there *might* not have been a bona fide dispute as to "wages" due. Opp, 11:7-13. She provides no substantive arguments against enforcing the Release as to her non-wage claims, nor the class and collective action waiver (other than her NLRA argument which, as discussed below, has no bearing). As discussed in the AT&T Defendants' moving papers, Judge Saundra Brown Armstrong has already enforced precisely the same release and class and

---

[1] Alternatively, the Court may treat a Motion to Dismiss as a Rule 56 motion for summary judgment. Fed. R. Civ. Proc. 12(c), 12(d). Plaintiff should not be able to avoid or delay the effect of releasing her Labor Code claims by arguing that a Release she does not deny signing should not be considered by the Court at this stage. Indeed, Plaintiff's contention that significant discovery should be conducted before the Court rules on the effect of the release would deny the AT&T Defendants one of the key purposes of paying Plaintiff severance pay – to <u>avoid</u> costly litigation over any employment claims she could have asserted.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

Case No. 4:12-cv-06175-TEH
AT&T DEFENDANTS' REPLY ISO
MOTION TO DISMISS FAC

collective action waiver to dismiss another plaintiff's state law wage and penalty claims and class and collective action allegations in *Lu v. AT&T Services, Inc. et al.*, No. CV 10-5954 SBA 2011 WL 2470268, at *1 (N.D. Cal. June 21, 2011).

As discussed below, Plaintiff's attempt to revive the claims she expressly released by speculating that there *might* not have been a bona fide dispute as to the amount owed must fail.

### 3. The Release is Enforceable Because Plaintiff Expressly Acknowledged That She Received All Wages Due to Her and She Was Provided Additional Consideration in Exchange for the Release.

Plaintiff's speculation that the Release *might* not be enforceable because it *might have been* conditioned upon payment of wages concededly due in violation of Labor Code Section 206.5, directly contradicts Plaintiff's express acknowledgement in the Release. As Plaintiff admits, the private settlement of wage claims arising under California law is prohibited only if the release is conditioned upon payment of wages that are <u>concededly</u> due. Opp, 11:1-11. Such is clearly not the case here, where Plaintiff expressly acknowledged in the Release that she had received all wages due to her and that any benefits she received in severance were additional amounts provided in consideration of her execution of the Release:

> I agree that any wages and overtime payments owed me have been paid…, and that the benefits extended to me in exchange for this General Release and Waiver are in additional to all such amounts.

Crawford Decl., Ex. A at 7. The Release expressly permitted Plaintiff to identify and carve out from the Release any wages that she claimed were due. Plaintiff identified no unpaid wages that she claimed were due. *Id.* California law strongly favors the settlement of disputes and the enforcement of releases. *See*, *e.g.*, *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1322 (Fed. Cir. 1998) (under California law, "settlement of disputes is strongly favored public policy, for settlement reduces costs for all parties"). As the California Supreme Court has explained, "when a person with the capacity of reading and understanding an instrument signs it, he is, in the absence of fraud and imposition, bound by its contents, and is estopped from saying that its provisions are contrary to his intentions or understanding." *Jefferson v. Cal. Dep't of Youth Auth.*, 28 Cal. 4th 299, 303 (2002) (internal quotations and citation omitted). Plaintiff voluntarily executed an enforceable severance agreement releasing all her claims in exchange for an

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

Case No. 4:12-cv-06175-TEH
AT&T DEFENDANTS' REPLY ISO
MOTION TO DISMISS FAC

additional payment, and failing to identify any wages due, she cannot now avoid the enforcement of this release by contradicting the express, written statement she executed.[2]

### 4. The NLRA Is Inapplicable to the Release.

The sole argument Plaintiff advances as to why the class and collective action waiver should not be enforced is that the NLRA prohibits it. As an initial matter, the class and collective action waiver at issue here has already been found to be enforceable by Judge Saundra Brown Armstrong in *Lu*, 2011 WL 2470268 at *1. In any event, this argument is meritless because the NLRA applies only to the conditions of employment of <u>current</u> employees and delineates the rights of employees who have an ongoing employment relationship. As Plaintiff points out, "Section 7 of the NLRA vests *employees* with a substantive right to engage in specified forms of associational activity. It provides in relevant part that *employees* shall have the right 'to engage in … concerted activities….' It is well settled that 'mutual aid or protection' includes *employees'* efforts to 'improve terms and conditions of *employment* or otherwise improve their lot as *employees* through channels outside the immediate *employee-employer* relationship." Opp, 13:23-14:3 (citation omitted). Given that Plaintiff executed the Release in connection with and at the same time as the termination of her employment with the AT&T Defendants, the NLRA does not apply to her. She is a former employee with no ongoing employment relationship with the AT&T Defendants. In *Palacios v. Boehringer Ingelheim Pharmaceuticals, Inc.,* 2011 WL 6794438 (S.D. Fla. Apr. 19, 2011), the plaintiff, like here, signed a class and collective action waiver as part of a severance agreement. *Id.* at *2. Subsequently, she brought a claim for overtime pay pursuant to the FLSA. In opposing the plaintiff's motion for conditional certification of her FLSA claim, the employer defendant argued that plaintiff had signed a class action waiver and thus could not represent the putative class. *Id.* at 2. The plaintiff argued that the waiver was unenforceable because it prevented the plaintiff from engaging in protected

---

[2] In any event, even if Plaintiff's speculation that the release may have been conditioned upon payment of wages that were concededly due is true (which it is not), such an argument would impact only her claim for overtime pay. By its express terms, Labor Code Section 206.5 prohibits conditioning a release of claims based on a payment of "wages" due; <u>it does not contain a prohibition on a release of claims as to penalties</u>. Cal. Lab. Code §206.5(a). Thus, even accepting Plaintiff's faulty argument, her penalty claims – Section 203, Section 226, as well as any proposed claim for PAGA penalties – have all been released.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

5

Case No. 4:12-cv-06175-TEH
AT&T DEFENDANTS' REPLY ISO
MOTION TO DISMISS FAC

concerted activity in violation of Section 7 of the NLRA. The Court found the waiver to be "fully enforceable" because Section 7 of the NLRA is not applicable to <u>former</u> employees:

> Section 7 [of the NLRA] clearly sets forth the rights of employees. In this case, the Separation Agreement is between an employer and its former employee, because it arose as part of Plaintiff's termination of employment. Thus, by signing the Separation Agreement, because it arose as part of Plaintiff's termination of employment, Plaintiff did not agree to any condition of employment, rather she agreed to waive certain rights as a condition of accepting severance pay. Accordingly, Section 7 does not apply.

*Id.* at *3-*4. Precisely the same analysis applies here: Plaintiff signed the Release as part of her termination and agreed to waive certain rights as a condition of accepting severance pay. Section 7 of the NLRA has no applicability to the Release.

Further, Plaintiff's argument that the Release violates Section 7 of the NLRA at most constitutes an allegation that the AT&T Defendants have engaged in an unfair labor practice. The proper forum for litigating unlawful labor practice charges is the NLRB. *See Marquez v. Screen Actors Guild*, 525 U.S. 33, 49 (1998) (holding that plaintiff's claim that contract clause violated NLRA was only an allegation of NLRA violations and therefore should have been brought as an unfair labor practice charge); *Taylor v. NLRB*, 786 F.2d 1516, 1520 (11th Cir. 1986) ("[T]he NLRB has a statutory duty to enforce the National Labor Relations Act and exclusive jurisdiction to decide unfair labor practices."); *Palacios*, 2011 WL 6794438, at *3 (enforcing collective action waiver despite plaintiff's claim that waiver violated NLRA in part because NLRB has exclusive jurisdiction to decide violations of NLRA). Here, Plaintiff failed to file a charge with the NLRB, and the limitations period for doing so has expired. *See* 29 U.S.C. § 160(b) ("no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made"); *Martinez v. Kaiser Found. Hosp.*, 2012 WL 2598165, at *12 (N.D. Cal. July 5, 2010) (applying a six-month statute of limitations to an unfair labor practice charge filed with the NLRB."). Like the court in *Palacios*, this Court should disregard Plaintiff's argument that the Release violates the NLRA.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

Case No. 4:12-cv-06175-TEH
AT&T DEFENDANTS' REPLY ISO
MOTION TO DISMISS FAC

### 5. The Release is Enforceable Against Claims Brought Under PAGA.

Plaintiff argues that the Release is unenforceable against a PAGA claim that is not even alleged in the FAC. Plaintiff argues that: (a) a PAGA claim may not be waived; (b) a PAGA claim may only proceed as a representative action; and (c) the State of California was not a party to the Release and therefore cannot be forced to waive its right to enforcement through Plaintiff. As an initial matter, Plaintiff's arguments are premature because the FAC does not allege any claims under PAGA.[3] Further, should Plaintiff actually move to amend her complaint, the Court should deny Plaintiff's request as futile because the Release is, on its face, enforceable against a PAGA claim as well.

#### a. Plaintiff Has No Standing to Pursue a PAGA Claim.

Plaintiff has no standing to pursue a PAGA claim on behalf of herself or anyone else because, as discussed in the moving papers and above, Plaintiff has waived all of her individual state law claims upon which any claim for PAGA penalties would necessarily be predicated. As a consequence, with no viable individual claims, she cannot "represent" others. *Quevedo v. Macy's, Inc.*, 798 F. Supp. 2d 1122, 1141 (C.D. Cal. 2011) ("[T]he PAGA statute indicates that [an] employee can pursue claims on behalf of others <u>only if he also pursues claims on behalf of himself</u>: the statute allows an aggrieved employee to bring a civil action 'on behalf of himself or herself *and* other current or former employees,' not on behalf of himself *or* other employees. Cal. Labor Code § 2699(a)…." (italics in original, underline added)). Where Plaintiff has no Labor Code claims that she can lawfully pursue, she is not an "aggrieved" employee within the meaning of PAGA. Plaintiff does not argue otherwise.

#### b. Plaintiff May, and Did, Waive Her Right to Bring a Claim Under PAGA.

Contrary to Plaintiff's "policy" claim, numerous courts have held that a PAGA claim <u>may</u>

---

[3] On February 1, 2013, counsel for the parties met and conferred by telephone regarding Plaintiff's request that the AT&T Defendants stipulate to the filing of a Second Amended Complaint to add a PAGA claim. On February 7, 2013, counsel for the AT&T Defendants informed counsel for Plaintiff that the AT&T Defendants will not so stipulate because any claim Plaintiff might seek to bring under PAGA claim would be time-barred. Plaintiff's PAGA claim expired on or about July 1, 2012, one year after Plaintiff was reclassified to non-exempt status with eligibility for overtime.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

Case No. 4:12-cv-06175-TEH
AT&T DEFENDANTS' REPLY ISO
MOTION TO DISMISS FAC

proceed on an individual basis.[4] Indeed, the plain language of the PAGA statute allows an aggrieved employee to bring a civil action "<u>on behalf of himself or herself</u> **and** other current or former employees." Cal. Labor Code § 2699(a) (emphasis added). "[T]he PAGA statute indicates that an employee can pursue claims on behalf of others only if he also pursues claims on behalf of himself …" – not to *require* representative actions under PAGA. *Quevedo*, 798 F.Supp.2d at 1141. Notably, Section 2699 states that an aggrieved employee "may" recover civil penalties rather than using "shall" or other mandatory language to suggest that the legislature intended to *require* that a PAGA action be brought on behalf of others. *See Heritage Residential Care, Inc. v. Div. of Labor Standards Enforcement*, 192 Cal. App. 4th 75, 80 (2011) (statutory use of word "shall" means duty is mandatory).

*Reyes v. Macy's, Inc.,* 202 Cal. App. 4th 1119, 1123 (2011) does not support Plaintiff's argument. There, after Macy's filed a motion to compel arbitration of plaintiff's individual claims, to dismiss class allegations, and to stay the civil action, the trial court stayed the class and PAGA claims until the individual claims were arbitrated. It did <u>not</u> hold that a PAGA claim cannot proceed on an individual basis. *Id*. at 1122. Obviously, the view expressed in <u>*dicta*</u> that a PAGA claim is not an individual claim is at odds with numerous decisions holding that individual actions <u>are</u> authorized by PAGA's statutory language.

---

[4] *See*, *e.g*., *Morvant v. P.F. Chang's China Bistro,* 870 F. Supp. 2d 831, 846 (N.D. Cal. 2012) (compelling PAGA action to arbitration, finding that "the Court must enforce the parties' Arbitration Agreement even if this might prevent Plaintiffs from acting as private attorneys' general"); *Luchini v. CarMax, Inc.,* 2012 WL 3862150 (E.D. Cal. Sept. 5, 2012) (compelling arbitration of individual PAGA claim); *Coleman v. Jenny Craig*, 2012 WL 3140299, at *4 (S.D. Cal. May 15, 2012) ("The fact that the class action waiver prevents plaintiffs from acting as private attorneys general under PAGA does not render the arbitration agreement unenforceable."); *Quevedo v. Macy's, Inc.,* 798 F. Supp. 2d 1122, 1141-42 (C.D. Cal. 2011) (same); *Grabowski v. Robinson,* 817 F. Supp. 2d 1159, 1181 (S. D. Cal. 2011) (enforcing agreement barring plaintiff from bringing claims on behalf of other employees and holding that Plaintiff may proceed with PAGA claim on individual basis). This Court has considered this same issue and agreed that a PAGA claim may proceed on an individual basis. *See*, *e.g.*, *Nelson v. AT&T Mobility LLC,* No. C10-4802 THE, 2011 WL 3651153, at *4 (N.D. Cal. Aug 18, 2011) *citing Quevedo v. Macy's, Inc.* The California Supreme Court's decision to review *Reyes v. Liberman Broadcasting, Inc.,* 208 Cal. App. 4th 1537 (2012) and *Iskanian v. CLS Transp. L.A., LLC,* 206 Cal. App. 4th 949 (2012) simply means that these decisions are not citable. *See* California Rule of Court 8.1115(a). It does not render those courts' underlying reasoning unsound or inapplicable. Indeed, in the absence of a Supreme Court decision overruling them, the court may continue to apply their underlying analysis. *See* Jon B. Eisenberg, California Practice Guide: Civil Appeals and Writs (The Rutter Group 2012), ¶ 11:186.9, *citing People v. McDaniels*, 21 Cal. App. 4th 1560, 1566 (1994) ("the analysis in an unpublished opinion may properly be considered").

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

Case No. 4:12-cv-06175-TEH
AT&T DEFENDANTS' REPLY ISO
MOTION TO DISMISS FAC

Furthermore, PAGA claims are clearly waivable, for example, as part of a settlement. In *Villacres v. AMB Indus. Inc.*, the California court explained that a waiver and release of a PAGA claim arising out of past events in exchange for consideration is enforceable:

> Villacres also argues the *Augustus* settlement agreement could not release PAGA claims (§§ 2699–2699.5) or an employee's claim to indemnification for business expenses and losses (§§ 2800, 2802) because those claims involve unwaivable statutory rights. [Citations omitted.] But defendants did not entice or force Villacres or other class members to waive future claims or, for that matter, to waive any claims without compensation. To the contrary, in *Augustus*, the parties amicably resolved past alleged violations, and defendants compensated the class members for those claims. A release of that nature is legally distinguishable from an unlawful waiver of statutory rights. [Citation omitted.] Were it otherwise, a suit alleging a wage claim could be resolved only through a dispositive motion or a trial. Nor does Villacres contend his PAGA claims are based on Labor Code violations that occurred after the period covered by the *Augustus* settlement agreement: He was terminated on April 16, 2007, four months before the end of the class period in Augustus.

189 Cal. App. 4th 562, 591 (2010); *see also Nordstrom Comm. Cases*, 186 Cal. App. 4th 576, 589 (2010) (approving voluntary release of PAGA claims as part of settlement); *Chindarah v. Pick Up Stix, Inc.*, 171 Cal. App. 4th 796, 801-03 (2009) ("[T]here is no statute providing that an employee cannot release his claim to past overtime wages as part of a settlement of a bona fide dispute over those wages."); *Weisbein v. UBS Fin. Servs.,* 2007 U.S. Dist. LEXIS 92051 (N.D. Cal. 2007) (approving voluntary agreement to release PAGA claims as part of settlement). Likewise, here, Plaintiff agreed to release any state law claims, including a claim for PAGA penalties, as those claims necessarily arose prior to the date she signed the Release.

Plaintiff's reliance on the holding in *Brown v. Ralphs Grocery Co.*, 197 Cal. App. 4th 489 (2011) for the proposition that a waiver of PAGA claims is unenforceable is misplaced. *Brown v. Ralphs Grocery* involved an employment application signed by the plaintiff that purported to require the plaintiff to adjudicate <u>prospective</u> disputes in arbitration. *Id.* at 495. Here, unlike *Brown v. Ralphs Grocery*, Plaintiff voluntarily agreed to release all claims arising out of <u>past</u> events in exchange for lawful consideration as part of a settlement.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

Case No. 4:12-cv-06175-TEH
AT&T DEFENDANTS' REPLY ISO
MOTION TO DISMISS FAC

          **c.**      **Plaintiff May Release A Claim For PAGA Penalties As the Aggrieved Employee.**

Plaintiff's argument that the Release cannot be enforced against her as-yet-unfiled PAGA claim because a PAGA claim purportedly belongs to the State of California misses the mark. As discussed above, Plaintiff may -- and did -- waive her individual claim for PAGA penalties along with all underlying individual claims for violation of the Labor Code. She therefore lacks standing to pursue a PAGA claim on a representative basis. Enforcing her Release as to an individual claim for PAGA penalties does not prevent any state agency from exercising its authority if it chooses to do so, nor does it prevent any "aggrieved employee" who did not sign a release from seeking to act as a private attorney general.

**B.**    **The FAC Fails to Meet Federal Pleading Standards.**

      **1.**    **The FAC is Devoid of Factual Allegations That "Raise a Right to Relief Above the Speculative Level."**

Plaintiff hopes to avoid the requirements imposed by *Iqbal* and *Twombly* by claiming that "heightened fact pleading" is not required by Rule 8. Yet Plaintiff fails to allege *any* facts in her complaint that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, legal conclusions in a complaint must be supported by factual allegations beyond recitations of the law or conclusory statements that merely track the elements of a claim. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "Where a complaint merely pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 129 S.Ct. 1949-1950. Here, the only factual allegation Plaintiff alleges in the FAC is that she was *re*classified. This is not enough, and Plaintiff's allegations do not come close to meeting the standard. FAC, ¶¶ 6, 16. Without more, this sole factual allegation is "merely consistent" with liability, but does not cross the line to provide plausibility of liability. As discussed in the AT&T Defendants' moving papers, Plaintiff provides no factual basis for her claim that she was ever *mis*classified such that she might be owed overtime, meal or rest break premiums or waiting time penalties. Plaintiff, for example, fails to allege a single fact about her job title, her job duties, how and in what manner Defendants failed to provide meal and/or rest breaks, how and in what manner a final wage payment was due

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

Case No. 4:12-cv-06175-TEH
AT&T DEFENDANTS' REPLY ISO
MOTION TO DISMISS FAC

to Plaintiff or was untimely, when her employment terminated, whether she quit and provided the requisite 72 hours notice under Labor Code Section 201, or was terminated by Defendant under Section 202, or how any failure to pay final wages was "willful" as required by Labor Code Section 203.

The remainder of Plaintiff's allegations consist entirely of generic recitations of legal elements and conclusory statements that parrot those legal elements. As the Ninth Circuit warned, courts are "not required to accept legal conclusions cast in the form of factual allegations." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). That is precisely what Plaintiff has done here: her allegations, which she claims are factual allegations, are nothing more than a recitation of legal conclusions to the effect that Defendants misclassified Plaintiff and the proposed class (FAC, ¶¶ 6, 9, 12), that plaintiff and the putative class were not compensated for all time worked (FAC, ¶¶ 6, 7, 10) and that Defendant did not provide plaintiff and the putative class members with meal breaks as required by law (FAC, ¶ 11). These legal recitations and conclusory statements, without any factual support, do not meet Rule 8's threshold requirement. *See Iqbal*, 129 S. Ct. at 1949-50 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007) (conclusory legal allegations not adequate to defeat a motion to dismiss). In *Deleon v. Time Warner Cable*, 2009 U.S. Dist. LEXIS 74345 (C.D. Cal. 2009), the Court dismissed a complaint with allegations that were strikingly similar to the allegations here for failure to comply with Rule 8.

> But the FAC should allege more specific facts about Plaintiff himself, if not about the entire class…. Instead, the FAC regularly recites the statutory language setting forth the elements of the claim, and then slavishly repeats the statutory language as the purported factual allegations.
>
> For example, Plaintiff's second claim is for unpaid meal break premiums in violation of California Labor Code §§ 226.7 and 512(a). In this claim, Plaintiff alleges that "California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal period . . . .," and that Defendants "required Plaintiff and class members to work during meal periods . . . ." Similarly, Plaintiff's third claim is for unpaid rest period premiums in violation of California Labor Code § 226.7. In this claim, Plaintiff alleges that "California Labor Code section 226.7

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

Case No. 4:12-cv-06175-TEH
AT&T DEFENDANTS' REPLY ISO
MOTION TO DISMISS FAC

> provides that no employer shall require an employee to work during any rest period . . . .," and that Defendants "required Plaintiff and class members to work during rest periods . . . ." In these and Plaintiff's other claims, Plaintiff simply parrots the statutory language. *Iqbal*, 129 S. Ct. at 1940.
>
> If Plaintiff wishes to survive a motion to dismiss, Plaintiff must plead sufficient "factual content" to allow the Court to make a reasonable inference that Defendants are liable for the claims alleged by Plaintiff. *Iqbal*, 129 S. Ct. at 1940 (*citing Twombly*, 550 U.S. at 556). In the FAC, Plaintiff has not pled sufficient factual content.

*Id*. at 7-8 (some internal citations omitted).

As Plaintiff concedes, her fifth claim alleging failure to provide accurate wage statements and her seventh claim for violation of the UCL are entirely derivative of her misclassification claim. These claims should be dismissed along with her misclassification claim. Plaintiff does not even assert that her allegations in connection with these claims provide anything more than conclusory assertions.

### 2. The FAC Fails to Allege Sufficient Facts Establishing Rule 23 Requirements.

Plaintiff claims that she has alleged sufficient facts establishing Rule 23 requirements because: (a) she has identified the proposed class members "in great detail by position names and duties"; and (b) she alleges "repeatedly that the policies and practices were common to all." Opp, 7:13-27. These unsupported arguments merely highlight how deficient Plaintiff's class allegations are. Contrary to Plaintiff's characterization, the FAC does not identify either the names of the positions held by putative class members or their duties. In fact, the FAC does not even identify Plaintiff's own position or duties. Rather, plaintiff generically identifies an entire "business unit" without limitation as to position, title or duties.

As discussed in Defendants' opening papers, the FAC does not plausibly suggest that the Rule 23 requirements of commonality or typicality can be fulfilled. The conclusory allegation that some unidentified "uniform employment policies" applied to everyone is insufficient to satisfy Rule 8 requirements, no matter how many times Plaintiff repeats it. Plaintiff fails to allege any actual facts which may support a finding of commonality or typicality under Rule 23 or that the putative class members are similarly situated under the FLSA: she fails to identify her own

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

Case No. 4:12-cv-06175-TEH
AT&T DEFENDANTS' REPLY ISO
MOTION TO DISMISS FAC

job title or job duties, the job titles or duties of any of the individuals she seeks to represent, how these job titles or duties are similar, or how any "common" policies or practices create liability. Plaintiff's class and collective action allegations should be stricken.

   3. **The Federal Rules of Civil Procedure Require Plaintiff to Satisfy Rule 8's Pleading Requirements Before She Is Permitted to Drag the Court and Defendants Through Time-Consuming and Costly Discovery.**

   Plaintiff's argument that her class and collective action allegations cannot be stricken because she should be permitted first to conduct discovery puts the cart before the horse. Rule 8 requires Plaintiff to plead her allegations with sufficient factual support *before* she is permitted to embroil defendants in "sprawling, costly, and hugely time-consuming" discovery that "will push cost-conscious defendants to settle even anemic cases." *Twombly*, 550 U.S. at 559, 560, n. 6. Plaintiff should not be permitted to do precisely what the United States Supreme Court has attempted to avoid through its *Twombly* and *Iqbal* rulings. *See*, *e.g.*, *Doe v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) (affirming dismissal of class action pursuant to *Twombly* where the factual allegations in plaintiff's complaint regarding the class were conclusory and lacked specificity); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990-91 (N.D. Cal. 2009) (dismissing and striking class claims at the pleading stage); *Wass v. Npc Int'l*, No. 09-2254-JWL, 2010 U.S. Dist. LEXIS 143474 (D. Kan. June 24, 2010) (dismissing class allegations because plaintiff had not alleged any facts regarding other employees' claims and therefore failed to satisfy *Twombly*); *Earnest v. Gen. Motors Corp.*, 923 F. Supp. 1469, 1473 (N.D. Ala. 1996) (The current definition of the Proposed Class is so "broad, amorphous, and vague that [it] fails to meet the minimum standard of definiteness."); *Cox v. Allstate Ins., Co.*, No. 07-1449, 2009 WL 2591673, at *4 (W.D. Ok. Aug. 19, 2009) (Where a class complaint "contains no information on what questions of law or fact are common, how plaintiffs' claims are typical of the class, and why plaintiffs will be adequate representatives," class allegations must be dismissed).

   4. **Plaintiff Concedes That No Claim Exists Under Labor Code Section 204 as a Matter of Law.**

   As the AT&T Defendants explained in the moving papers, Plaintiff's Section 204 claim fails because that section does not provide for the payment of any wages nor create any

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

Case No. 4:12-cv-06175-TEH
AT&T DEFENDANTS' REPLY ISO
MOTION TO DISMISS FAC

substantive right to wages and because there is no private right of action under that section. Moving Papers, pp. 10-11. Plaintiff fails to address these arguments in any way and therefore concedes that her sixth claim alleging violation of Section 204 must be dismissed.

### III. CONCLUSION

Based on the foregoing reasons, the AT&T Defendants respectfully request that the Court grant their Motion to Dismiss in its entirety.

Dated: February 7, 2013              MORGAN, LEWIS & BOCKIUS LLP

                                     By    /s/ Theresa Mak
                                        REBECCA EISEN
                                        THERESA MAK
                                        Attorneys for Defendants
                                        AT&T CORP., AT&T SERVICES, INC.,
                                        AT&T MANAGEMENT SERVICES, LP,
                                        AT&T OPERATIONS, INC., AT&T
                                        MOBILITY SERVICES, LLC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

Case No. 4:12-cv-06175-TEH
AT&T DEFENDANTS' REPLY ISO
MOTION TO DISMISS FAC