IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHY BIRDSONG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AT&T CORP., AT&T SERVICES, INC., et al,<br><br>Defendant. | NO. C12-6175 TEH<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

This case came before the Court on February 25, 2013, on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") in its entirety. After carefully considering the parties' written and oral arguments and for the reasons set forth below, the Court GRANTS the motion.

**BACKGROUND**

Plaintiff was employed from October, 2008 until June, 2012 in Defendant AT&T Services, Inc.'s Information Technology business unit. FAC ¶¶ 5, 6, 16. In February, 2012, Plaintiff and others in the IT unit were reclassified from exempt from eligibility for overtime pay to nonexempt. *Id*. ¶ 6. Plaintiff brings state and federal law claims for unpaid wages on behalf of herself and "All California employees of Defendants in the Business Unit 'information technology' who were informed that they were being changed from exempt to non-exempt status on or about February 2012, but were not paid wages for all hours worked prior to this reclassification." *Id*. ¶ 16.

Defendants attach to their motion a copy of a General Release and Waiver of Claims that Plaintiff signed in exchange for receiving a severance allowance. Dkt. No. 26-1.

1  Plaintiff signed this agreement on June 26, 2012 when she was terminated. *Id.* at 7. By
2  signing, Plaintiff agreed to release "AT&T Inc. and the Participating Company" and its
3  subsidiaries and affiliates from "any claims, liabilities, demands or causes of action . . . that I
4  may have or claim to have had as of . . . the date of this General Release and Waiver . . .
5  based on my employment with the Companies or the termination of that employment. . . ."
6  *Id.* The Release excepts "any claims that cannot be released as a matter of law." *Id.* It states
7  in addition: "I agree that I will not bring or participate in any class action or collective action
8  against the Company which asserts . . . any claim(s) which arose prior to the date I sign this
9  Agreement, whether or not such claims are covered by the Release." *Id.*

10  Defendant now moves to dismiss the complaint in its entirety on the grounds that: (1)
11  all claims except Plaintiff's individual FLSA claim are barred by the Release agreement; and
12  (2) all causes of action are inadequately pleaded under Rules 8 and 12 of the Federal Rules of
13  Civil Procedure.

**LEGAL STANDARD**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted." In ruling on a motion to dismiss, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. Los Angeles Cnty.,* 487 F.3d 1246, 1249 (9th Cir. 2007). The court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Plausibility does not equate to

2

1 probability, but it requires "more than a sheer possibility that a defendant has acted
2 unlawfully." *Iqbal*, 556 U.S. at 678. Dismissal of claims that fail to meet this standard
3 should be with leave to amend unless it is clear that amendment could not possibly cure the
4 deficiencies in the complaint. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir.
5 1998).

**DISCUSSION**

As an initial matter, Defendants ask the Court to consider a Release agreement which Plaintiff signed and which Defendants submitted. In general, a court may not consider evidence extrinsic to the pleadings when deciding a motion to dismiss. *See* Fed. R. Civ. P. 12(d). However, under the doctrine of incorporation by reference, courts may consider extrinsic documents if they are "integral" to the plaintiff's claims and their authenticity is not in dispute. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 & n.4 (9th Cir. 1998), *superseded by statute as stated in Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). A plaintiff's failure to refer to such documents "rais[es] the spectre that plaintiff failed to incorporate them by reference in the complaint as a means of avoiding Rule 12(b)(6) dismissal." *Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co.*, 393 F. Supp. 2d 972, 979 (N.D. Cal. 2005) (citing *Parrino,* 146 F.3d at 706).

The conditions for incorporation by reference are met here. Plaintiff argues extensively in her opposition to the motion that the Release agreement is *unenforceable*, but does not dispute that she signed it. The Release is an integral part of her allegations, for she would have no valid claims unless the release agreement did not bar them. *Accord Lu v. AT & T Services, Inc.*, C 10-05954 SBA, 2011 WL 2470268, at *1 n.1 (N.D. Cal. June 21, 2011) (considering the same release agreement at issue in this case on a motion to dismiss); *Barber v. Remington Arms Co., Inc.*, CV 12-43-BU-DLC, 2013 WL 496202, at *1-*2 (D. Mont. Feb. 11, 2013) (considering settlement agreement in conjunction with a motion to dismiss). Furthermore, "the primary problem raised by looking to documents outside the complaint –

3

lack of notice to the plaintiff – is dissipated [w]here plaintiff has actual notice . . . ." *Hotel Employees*, 393 F. Supp. 2d at 979 (internal quotation marks and citation omitted, brackets in original). Here, Plaintiff's counsel was clearly aware of the existence of the Release agreement. Counsel filed a related lawsuit in this district involving the same release agreement, which was held to have barred all of that plaintiff's claims except his individual FLSA claim. *See Lu*, 2011 WL 2470268. This raises the spectre that Plaintiff failed to mention the release agreement in order to avoid dismissal.

The Court therefore considers the Release agreement submitted by Defendants without converting this motion to one for summary judgment.

**1. Plaintiff's State Law Wage and Hour Claims Are Barred by the Release**

Defendants argue that all of Plaintiff's state law claims are barred by the Release because all of the claims stem from her employment with AT&T Services, Inc., and do not fall within the exceptions enumerated in the release. *See* Mtn. at 18; Dkt. No. 26-1 at 6-7 (Release Agreement). Plaintiff argues that the Release is unenforceable under California Labor Code § 206.5, because it seeks to eliminate statutory rights, and because Plaintiff wishes to amend to assert a claim under the Private Attorney General Act ("PAGA"). Opp'n at 16. The Court concludes that California law clearly permits the release of Plaintiff's claims and that Plaintiff's other arguments against enforcement of the Release are unavailing.

In general, California law strongly favors the settlement of disputes and the enforcement of releases. *See In re Marriage of Hasso*, 229 Cal. App. 3d 1174, 1184-85 (1991). Labor Code § 206.5(a) states that "[a]n employer shall not require the execution of a release of a claim or right on account of wages due, or to become due, or made as an advance on wages to be earned, unless payment of those wages has been made." Section 206 states that: "In case of a dispute over wages, the employer shall pay, without condition and within the time set by this article, all wages, or parts thereof, conceded by him to be due, leaving to the employee all remedies he might otherwise be entitled to as to any balance claimed."

4

1   Courts have read both provisions together to mean that:

> [W]ages are not considered "due" and unreleasable under Labor Code section 206.5, unless they are required to be paid under Labor Code section 206. When a bona fide dispute exists, the disputed amounts are not "due," and the bona fide dispute can be voluntarily settled with a release and a payment – even if the payment is for an amount less than the total wages claimed by the employee.

*Watkins v. Wachovia Corp.*, 172 Cal. App. 4th 1576, 1587 (2009) (citation omitted); *see also Reynov v. ADP Claims Services Group, Inc.*, C 06-2056-CW, 2007 WL 5307977, at *2-*3 (N.D. Cal. Apr. 30, 2007).

Plaintiff averred, when she signed the release agreement, that all wages and overtime payments "owed" to her had been paid. Dkt No. 26-1 at 7. She does not now allege that any of the wages she is claiming in this litigation were undisputedly owed to her. As long as there is a bona fide dispute over whether Defendants owed her the money she is claiming, any such claims were properly subject to settlement and were, in fact, released by Plaintiff when she signed the agreement and accepted the severance package.

Because Plaintiff is barred from bringing her own state law claims, she may not serve as class representative in a class action based on the same claims. *Watkins*, 172 Cal. App. 4th at 1592 (plaintiff who settled individual claim could not pursue class claims); *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) ("if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class").[1] Plaintiff's state law claims are therefore and hereby DISMISSED.

---

[1] Plaintiff additionally argues that the National Labor Relations Act ("NLRA"), which guarantees employees the right to act collectively, and the Private Attorney General Act ("PAGA"), under which actions must be prosecuted as representative actions, preclude the Release from operating to bar Plaintiff's claims. *See* Opp'n at 13-17. Setting aside all of the other impediments Defendants raise to Plaintiff's successfully bringing a claim under either of these statutes, neither source of law gives Plaintiff the right to bring a class action *in the absence of a right to bring her own claim.* The Court here dismisses Plaintiff's state law class claims because it dismisses her own individual claims. *See Watkins*, 172 Cal. App. 4th at 1592. The Court need not and does not decide whether a release *could* operate to waive a plaintiff's right to bring her own otherwise valid state law claim as a class action.

5

**2. Plaintiff's FLSA Claim is Inadequately Pleaded and is Barred by the Release**

Defendant argues that Plaintiff's FLSA cause of action must be dismissed because her individual cause of action is inadequately pleaded and she waived her right to bring a collective FLSA action. The Court agrees with both contentions.

A. Individual Claim Inadequately Pleaded

Federal Rule of Civil Procedure 8 requires a Plaintiff to state "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If the plaintiff has "not nudged [her] claims across the line from conceivable to plausible, the[] complaint must be dismissed." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Plaintiff states in her cause of action under the FLSA that she and others in the IT department were reclassified, from exempt to non-exempt, around February, 2012. FAC ¶¶ 6, 16. She alleges, therefore, that the employees were "misclassified" before the reclassification and have not been paid "for all hours worked during the period when they were misclassified as exempt." *Id.* ¶ 7. However, Plaintiff alleges no facts in support of her conclusion that she was *mis*classified; she offers no facts about her job duties at all. *See Vinole v. Countrywide Home Loans, Inc.,* 571 F.3d 935, 945 (9th Cir. 2009) (class certification not warranted automatically when a group of employees is reclassified because "analysis of the FLSA exemption is a fact-intensive inquiry"). Reclassification, without more, is insufficient to establish that an employee was misclassified before the reclassification. *Clarke v. JPMorgan Chase Bank, N.A.,* 08 CIV. 2400 CM/DCF, 2010 WL 1379778, at *22 (S.D.N.Y. Mar. 26, 2010) ("the mere fact that an employee was reclassified cannot establish an employer's liability for the period prior to the reclassification."). Were the law otherwise, *every* reclassification would give rise to a cause of action by the reclassified employees.

Plaintiff has failed to state a plausible claim for unpaid wages under the FLSA and the claim is hereby DISMISSED. Plaintiff's counsel at the hearing requested leave to amend to

6

properly allege facts in support of an individual claim under the FLSA; the Court grants such leave.

### B. Collective Claim Barred by the Release

Defendants concede that Plaintiff's right to overtime compensation under the FLSA is non-waivable. *See Barrentine v. Arkansas-Best Freight Sys., Inc.,* 450 U.S. 728, 740 (1981) (individual FLSA rights "cannot be abridged by contract or otherwise waived"). They argue, however, that the right to bring a FLSA action collectively is a *procedural*, rather than a substantive right, and is therefore waivable.[2] If the right is waivable, Plaintiff waived it by signing the Release. *See* Release at 7 ("I will not bring or participate in any class action or collective action against the Company which asserts, in whole or in part, any claims which arose prior to the date I sign this Agreement, whether or not such claims are covered by the Release.").

"[A] statutory right conferred on a private party, but affecting the public interest, may not be waived or released if such waiver or release contravenes the statutory policy." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 704 (1945). To permit such waivers would "thwart the legislative policies [the statute] was designed to effectuate." *Barrentine*, 450 U.S. at 740. The vast majority of decisions considering purported waivers of the right to bring collective actions under the FLSA have permitted such waivers. *See, e.g., Owen v. Bristol Care, Inc*., 702 F.3d 1050, 1052, 1054 (8th Cir. 2013) (finding nothing in the FLSA or legislative history indicating a congressional intent to bar employees from agreeing to arbitrate FLSA claims individually); *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1378 (11th Cir. 2005) (arbitration agreement precluding class actions was not unconscionable under state law); *Carter v. Countrywide Credit Indus., Inc*., 362 F.3d 294, 298 (5th Cir. 2004) (rejecting argument that arbitration agreement was invalid because it deprived plaintiff of substantive rights guaranteed by the FLSA, including right to bring collective actions); *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 503 (4th Cir. 2002) (declaring question "moot"

---

[2] The collective action provision of the FLSA states that: "An action to recover . . . liability . . . may be maintained . . . by any one or more employees for and in [sic] behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).

but opining that plaintiff's "inability to bring a class action [under the arbitration agreement] cannot by itself suffice to defeat the strong congressional preference for an arbitral forum"); *Horenstein v. Mortgage. Mkt., Inc.*, 9 Fed. App'x. 618, 619 (9th Cir. 2001)[3] (arbitration agreement enforceable despite class action waiver); *Vilches v. The Travelers Companies, Inc.*, 413 F. App'x. 487, 492-94 (3d Cir. 2011) (referring question of whether class arbitration was agreed upon by parties to the arbitrator, but class action waiver was not unconscionable); *but see Skirchak v. Dynamics Research Corp.,* 508 F.3d 49, 62 (1st Cir. 2007) (waiver of right to bring collective action unconscionable under facts presented, but leaving open question whether class actions under the FLSA may ever be waived by agreement); *Killion v. KeHE Distributors*, 885 F. Supp. 2d 874, 878, 877-79 (N.D. Ohio 2012) (collecting cases, noting that cases permitting waiver of collective actions all relied on suspect reading of *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 32 (1991), which held that ADEA claims were arbitrable under procedures that actually permitted class actions); *Raniere v. Citigroup Inc.*, 827 F. Supp. 2d 294, 310-14 (S.D.N.Y. 2011) (waiver of the right to proceed collectively under the FLSA unenforceable as a matter of law; collecting cases).

Plaintiff here argues that these cases are inapposite because they come from the realm of arbitration, in which the Federal Arbitration Act and the Supreme Court's clear preference favor arbitration. Plaintiff cites no cases to support her position and no cases to counter Defendants' citation of authority supporting the enforceability of agreements waiving the right to bring FLSA actions collectively. Plaintiff does not argue that the Release agreement is unconscionable or that the waiver of a collective action precludes her financially from bringing her FLSA claim individually.

Defendants cite several district court decisions considering the waiver of collective action rights outside the arbitration context, including one case in which a release identical to the one at issue in this case was found enforceable. *See Lu,* 2011 WL 2470268, at *3; *see also Kelly v. City & County of San Francisco*, C 05-1287 SI, 2008 WL 2662017, at *2, *4

---

[3] This decision has no precedential value under Ninth Circuit Rule 36-3(a), (c).

(N.D. Cal. June 30, 2008) ("a party may waive the right to bring a collective FLSA action" (citing *Jimenez v. JP Morgan Chase & Co.,* 08-CV-0152 W (WMC), 2008 WL 2036896 at *5 (S.D. Cal. May 8, 2008)); *see also Copello v. Boehringer Ingelheim Pharmaceuticals Inc.,* 812 F. Supp. 2d 886, 893-94 (N.D. Ill. 2011) ("while FLSA prohibits *substantive* wage and hour rights from being contractually waived, it does not prohibit contractually waiving the *procedural* right to join a collective action" (emphasis is original)).  The Court is mindful that Plaintiff signed the instant release agreement after her employment had ended, rather than as a precondition to employment or to continued employment, that she signed it after attesting that no sums were owed outright to her, and that she signed it in exchange for receipt of severance benefits.  For all of these reasons, on the facts before the Court, the Court declines to find that Plaintiff's waiver of her right to bring a collective action contravenes the policy behind the FLSA.[4]  Accordingly, the Release bars her from bringing or joining a FLSA collective action.

The claim is therefore DISMISSED with prejudice.

**CONCLUSION**

Because Plaintiff has released all claims against Defendants under state law, her second through seventh causes of action are hereby DISMISSED WITH PREJUDICE.  Her collective action claim under the FLSA is also so DISMISSED as barred by the release.  Because she fails to allege any facts in support of her contention that she was misclassified as exempt, her first cause of action under the FLSA, to the extent that she wishes to bring a claim on her own behalf, is DISMISSED WITHOUT PREJUDICE to Plaintiff's properly re-

---

[4] It is unclear from Plaintiff's papers whether she intends her additional arguments based on section 7 of National Labor Relations Act, *see* Opp'n at 13 & n.1 *supra*, to apply to her FLSA collective action claim, in addition to her state law class action claims.  Assuming that she so intends, the Court notes the National Labor Relations Board ("NLRB") decisions in support of employees' ability to advocate collectively, including *D.R. Horton, Inc.*, 357 NLRB No. 184, 2012 WL 36274 (Jan. 3, 2012), that Plaintiff cites.  The Court declines to find that any of these decisions change the outcome in this case.  *See Owen v. Bristol*, 702 F.3d at 1053-54 & n.3 (rejecting similar NLRB argument and collecting cases); *Miguel v. JPMorgan Chase Bank*, N.A.  2013 WL 452418, at *8-*9 (C.D. Cal. 2013) (collecting Northern District cases declining to follow *D.R. Horton*).  Plaintiff's arguments regarding a possible PAGA claim are similarly unpersuasive.  *See Miguel,* 2013 WL 452418 at *9-*10.

9

pleading an individual cause of action under the FLSA. Any such amended complaint shall be filed **on or before April 17, 2013.**

**IT IS SO ORDERED**.

Dated: 3/18/123

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT